# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN P. O'NEILL, <br><br> Defendant. | Case No. 97-CR-98-1-JPS |
| KEVIN P. O'NEILL, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 18-CV-989-JPS <br><br> **ORDER** |

Defendant, a member of the Outlaws biker gang, was charged in 1997 with various counts of racketeering, drug distribution, and violence with deadly weapons. (Docket #1).[1] He was found guilty by a jury after a three-month trial in the summer of 2000. (Docket #1527). The Court sentenced Defendant to life imprisonment in December 2000. (Docket #1741). He appealed and his convictions were affirmed by the Seventh Circuit in January 2003. (Docket #1970 and #1979). Defendant thereafter filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255, which the Court denied in July 2007. *Kevin P. O'Neill v. United States*, Case No. 04-

---

[1] All docket citations are to Defendant's criminal case, Case No. 97-CR-98-1, unless otherwise stated herein.

CV-461-JPS (E.D. Wis.), (Docket #31). His appeals of that decision were rejected in October 2008. *Id.*, (Docket #56). A final motion for reconsideration was denied in September 2013. *Id.*, (Docket #61).

Almost five years later, on June 15, 2018, Defendant filed a motion for relief from the judgment in his criminal case. (Docket #2196).[2] Defendant's motion is made pursuant to Federal Rule of Civil Procedure 60(b), the rule for reconsideration in civil cases, 28 U.S.C. § 455, the statute for disqualification of judges, and "the due process clause." *Id.* at 1. Defendant contends that the undersigned was involved in the investigation and prosecution of his crimes, including a scheme to fabricate grand jury testimony. *Id.* at 2–7. Under that assumption, Defendant asserts that the undersigned should have disqualified himself from Defendant's criminal case under Section 455. *Id.* at 11–22. He further asserts that his criminal case should be reopened pursuant to Rule 60(b), and in light of these extraordinary circumstances, his judgment of conviction should be vacated. *Id.* at 21–24. Defendant does not expound on any due process theory.

Defendant's motion suffers numerous fatal flaws, not least of which is the utter falsity of his accusations, but one failing is jurisdictional and therefore takes precedence. Defendant expressly requests that his convictions and sentence be vacated. *Id.* at 24. Such relief is only available via a Section 2255 motion. 28 U.S.C. § 2255(a). Defendant's invocation of Rule 60(b), Section 455, and the Due Process Clause cannot alter that fact. *United States v. Carraway*, 478 F.3d 845, 848–49 ("The fact that Carraway labeled his motion as a request for relief under civil Rule 60(b) rather than

---

[2] Plaintiff originally filed a similar motion on March 28, 2018. (Docket #2193). Due to an issue with a missing page, Defendant resubmitted a corrected copy of the motion on June 15. *See* (Docket #2196-1).

section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated."); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.") (citations omitted).

Because Defendant seeks a remedy only available in a Section 2255 proceeding, the Court must recharacterize his motion, and this action, as such. *Melton*, 359 F.3d at 857–58 (recharacterizing a successive collateral motion in the sentencing court as a Section 2255 motion is permissible). The problem with this (and one surely not lost on Defendant) is that prisoners are permitted to file only one such action. Any later Section 2255 motions may only be brought in the sentencing court *after* the prisoner has received approval from the Court of Appeals to do so. 28 U.S.C. § 2255(h). Defendant has already filed, and lost, his first Section 2255 action, and offers no evidence that the Seventh Circuit has approved of the instant motion. The motion must, therefore, be dismissed for want of jurisdiction. *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear [a successive Section 2255 motion].").

Accordingly,

**IT IS ORDERED** that Defendant's initial motion for relief from judgment (Docket #2193) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant's amended motion for relief from judgment (Docket #2196) shall be recharacterized as a motion to

vacate his sentence pursuant to 28 U.S.C. § 2255, and a separate civil action shall be opened to that effect; and

**IT IS FURTHER ORDERED** that the newly-opened civil action (Case No. 18-CV-989-JPS) be and the same is hereby **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h).

The Clerk of the Court is directed to enter judgment accordingly in the newly-opened civil action (Case No. 18-CV-989-JPS).

Dated at Milwaukee, Wisconsin, this 28th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge