# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN P. O'NEILL,<br><br>                Defendant. | Case No. 97-CR-98-1-JPS<br><br>**ORDER** |

On June 28, 2018, the Court addressed Defendant's recent motion seeking relief from his convictions and sentence. (Docket #2197). In that motion, Defendant contended that the undersigned was improperly involved in the investigation and prosecution of his crimes in this case. *Id.* at 2. Because Defendant's motion sought relief in the nature of *habeas corpus*, the Court recharacterized his motion as one brought pursuant to 28 U.S.C. § 2255. *Id.* at 2–3. The Court then immediately dismissed the Section 2255 action because it was Defendant's second and successive, and therefore proscribed, attempt at vacating his convictions and sentence. *Id.* at 4.

On July 20, 2018, Defendant filed another motion making precisely the same allegations. (Docket #2198). This time, however, Defendant seeks only to disqualify the undersigned from presiding over his criminal case pursuant to Section 28 U.S.C. § 455. To the extent the motion truly seeks recusal, it is moot; Defendant's convictions and sentence are final and his case has been closed for years. *See United States v. Parada*, 408 F. App'x 176, 177 (10th Cir. 2011) ("When Appellant filed his recusal motion, his conviction was final and there were no pending motions or proceedings in the district court. As it related to the closed criminal proceeding, his motion

was moot because granting the motion to recuse would have provided him with no effective relief."); *see In re Karas*, 372 F. App'x 298, 299–300 (3d Cir. 2010) (holding similarly).

It appears that Defendant's motion might, instead, be another attempt to obtain relief from his convictions and sentence without the Seventh Circuit's approval, as is necessary before filing a second and successive Section 2255 claim. (Docket #2197 at 3). If this is true, it is frivolous. Further, the Court will not allow Defendant to continue to waste its time with these same allegations. Thus, Defendant is warned that if he files any further motions premised on the allegations made in the instant motion without a certification from the Court of Appeals as provided by 28 U.S.C. § 2255(h), he may be subject to sanctions.

Accordingly,

**IT IS ORDERED** that Defendant's motion for recusal (Docket #2198) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge