# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2018
Decided November 13, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 18-3375 | |
| KEVIN O'NEILL,<br>*Applicant*, | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |
| v. | |
| UNITED STATES OF AMERICA,<br>*Respondent*. | |

**O R D E R**

In 2000, a federal jury found Kevin O'Neill guilty of several offenses, including racketeering, drug conspiracy, assault with a dangerous weapon, and interstate transportation of explosives with intent to kill. This court affirmed his conviction and life sentence. *United States v. Warneke*, 310 F.3d 542 (7th Cir. 2002) (named for O'Neill's codefendant).

Then, starting in 2004, O'Neill pursued a series of unsuccessful collateral attacks. No. 04-CV-461 (E.D. Wis. July 11, 2007) (denying motion under 28 U.S.C. § 2255); Nos. 07-3733, 08-1661, 08-2585 (7th Cir. July 17, 2008) (denying certificate of appealability and affirming denial of Rule 60(b) and Rule 59(e) motions); No. 04-CV-461 (E.D. Wis. Sept. 12, 2013) (denying second Rule 60(b) motion). He later requested leave to file a successive collateral attack on the ground that the judge, J.P. Stadtmueller, had

No. 18-3375 Page 2

been involved in the underlying criminal investigation. Specifically, O'Neill asserted that Judge Stadtmueller, who had previously worked for the United States Attorney during an ongoing investigation into O'Neill's motorcycle gang, authorized the release of "fake" grand jury transcripts to further that investigation. We denied the application, No. 17-1892 (7th Cir. May 5, 2017), and also denied his petition for a writ of mandamus rehashing the same claim, No. 18-2913 (7th Cir. Sept. 24, 2018).

O'Neill now asks for leave to file a successive collateral attack, reiterating that the trial judge should have recused himself because of his prior involvement in the investigation. But O'Neill raised this very argument in his first § 2244(b) application, so he is barred from reasserting it here. *See* 28 U.S.C. § 2244(b)(1). In any event, O'Neill cites no new rule of constitutional law and points to no new evidence of innocence to support his application, as required under §§ 2244(b)(2) and 2255(h).

We therefore deny authorization and dismiss O'Neill's application.

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit