# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CRIMINAL DOCKET FOR CASE #: <u>2:97–cr–00098–JPS</u>–1

Case title: USA v. O'Neill et al

Date Filed: 05/30/1997

Other court case numbers: :00– –04344 USCA O'Neil 12/22/00

:99– –02013 USCA O'Neill 4/22/99

Date Terminated: 12/19/2000

---

Assigned to: Judge J P
Stadtmueller

Appeals court case numbers:
00–4344, 98–3757, 98–3855,
99–2013

### **Defendant (1)**

| | | |
|---|---|---|
| **Kevin P O'Neill** | represented by | **FDS – 821 Amend** |
| 00322–748 | | Email: <u>Tom_Phillip@fd.org</u> |
| Pekin Federal Correctional | | *LEAD ATTORNEY* |
| Institution | | *ATTORNEY TO BE NOTICED* |
| Inmate Mail/Parcels | | *Designation: Federal Public Defender* |
| PO Box 5000 | | |
| Pekin, IL 61555 | | **FDS – First Step Act** |
| *TERMINATED: 12/19/2000* | | Email: <u>Joshua_Uller@fd.org</u> |
| *also known as* | | *LEAD ATTORNEY* |
| Spike | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Federal Public Defender* |

**John W Campion**
Federal Defender Services of Wisconsin Inc
411 E Wisconsin Ave – Ste 2310
Milwaukee, WI 53202
414–221–9900
Fax: 414–221–9901
Email: <u>john_campion@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Martin E Kohler**
Hart Powell SC
735 N Water St – Ste 1212
Milwaukee, WI 53202–4105
414–271–9595
Fax: 414–271–3701
Email: <u>mekohler@kohlerandhart.com</u>
*TERMINATED: 08/01/1997*
*Designation: Retained*

**Michael F Hart**
Hart Powell SC
735 N Water St – Ste 1212
Milwaukee, WI 53202–4105
414–271–9595
Fax: 414–271–3701
Email: mfhart@hartpowell.com
*TERMINATED: 08/01/1997*
*Designation: Retained*

**William O Marquis**
William Marquis Attorney at Law
230 W Wells St – Ste 327
Milwaukee, WI 53203–1866
414–276–4766
*TERMINATED: 12/19/2000*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:844(d) TRANSPORTING AN EXPLOSIVE WITH INTENT OF USE FOR PURPOSES OF MURDER, INJURY OR INTIMIDATION – RESULTING IN PERSONAL INJURY (6s) | SENT: Life imprisonment as to Cts 1 and 2, 240 months imprisonment as to Cts 3, 5 and 6, and 120 months as to Ct 7 all to run concurrently for a total term of life imprisonment, SR: 5 years as to Cts 1 and 2, 3 years as to Cts 3, 5, 6 and 7 all to run concurrently for a total term of 5 years supervised release, SA: $500, FINE: $7,500, REST: $26,743.70 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(c) & 18:2 RACKETEERING (1) | That pursuant to the court's determination that the govt did not timely seek subsequent authorizations for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment are hereby dismissed. |
| 18:1962(c) RACKETEERING (1s) | SENT: Life imprisonment as to Cts 1 and 2, 240 months imprisonment as to Cts 3, 5 and 6, and 120 months as to Ct 7 all to run concurrently for a total term of life imprisonment, SR: 5 years as to Cts 1 and 2, 3 years as to Cts 3, 5, 6 and 7 all to run concurrently for a total term of 5 years supervised release, SA: $500, FINE: $7,500, REST: $26,743.70 |
| 18:1962(d) & 18:2 RACKETEERING CONSPIRACY INVOLVING INTERSTATE AND FOREIGN COMMERCE | That pursuant to the court's determination that the govt did not timely seek subsequent authorizations for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment are hereby dismissed. |

(2)

18:1962(d) RACKETEERING
ACTIVITY AFFECTING
INTERSTATE & FOREIGN
COMMERCE
(2s)

SENT: Life imprisonment as to Cts 1 and 2, 240
months imprisonment as to Cts 3, 5 and 6, and 120
months as to Ct 7 all to run concurrently for a total
term of life imprisonment, SR: 5 years as to Cts 1
and 2, 3 years as to Cts 3, 5, 6 and 7 all to ru n
concurrently for a total term of 5 years supervised
release, SA: $500, FINE: $7,500, REST: $26,743.70

21:846 & 18:2 CONSPIRACY TO
DISTRIBUTE CONTROLLED
SUBSTANCE
(3)

That pursuant to the court's determination that the
govt did not timely seek subsequent authorizations
for Title III surveillance regarding crimes not listed
in the original authorizations, all counts of the
indictment are hereby dismissed.

21:841(a)(1) & 21:846 & 18:2
CONSPIRACY – POSSESS &
DISTRIBUTE CONTROLLED
SUBSTANCE
(3s)

SENT: Life imprisonment as to Cts 1 and 2, 240
months imprisonment as to Cts 3, 5 and 6, and 120
months as to Ct 7 all to run concurrently for a total
term of life imprisonment, SR: 5 years as to Cts 1
and 2, 3 years as to Cts 3, 5, 6 and 7 all to ru n
concurrently for a total term of 5 years supervised
release, SA: $500, FINE: $7,500, REST: $26,743.70

18:1959(a)(3) & 18:2 ASSAULT
WITH A DANGEROUS
WEAPON
(4)

That pursuant to the court's determination that the
govt did not timely seek subsequent authorizations
for Title III surveillance regarding crimes not listed
in the original authorizations, all counts of the
indictment are hereby dismissed.

18:844(d) & 18:2
TRANSPORTING AN
EXPLOSIVE WITH INTENT OF
USE FOR PURPOSES OF
MURDER, INJURY OR
INTIMIDATION – RESULTING
IN PERSONAL INJURY
(5)

That pursuant to the court's determination that the
govt did not timely seek subsequent authorizations
for Title III surveillance regarding crimes not listed
in the original authorizations, all counts of the
indictment are hereby dismissed.

18:1959(a)(3) ASSAULT WITH
A DANGEROUS WEAPON
(5s)

SENT: Life imprisonment as to Cts 1 and 2, 240
months imprisonment as to Cts 3, 5 and 6, and 120
months as to Ct 7 all to run concurrently for a total
term of life imprisonment, SR: 5 years as to Cts 1
and 2, 3 years as to Cts 3, 5, 6 and 7 all to ru n
concurrently for a total term of 5 years supervised
release, SA: $500, FINE: $7,500, REST: $26,743.70

18:844(d) & 18:2
TRANSPORTING EXPLOSIVES
WITH INTENT OF USE FOR
PURPOSES OF MURDER,
INJURY OR INTIMIDATION
(6)

That pursuant to the court's determination that the
govt did not timely seek subsequent authorizations
for Title III surveillance regarding crimes not listed
in the original authorizations, all counts of the
indictment are hereby dismissed.

18:844(d) TRANSPORTING
EXPLOSIVES WITH INTENT

SENT: Life imprisonment as to Cts 1 and 2, 240
months imprisonment as to Cts 3, 5 and 6, and 120

| | |
|---|---|
| OF USE FOR PURPOSES OF MURDER, INJURY OR INTIMIDATION (7s) | months as to Ct 7 all to run concurrently for a total term of life imprisonment, SR: 5 years as to Cts 1 and 2, 3 years as to Cts 3, 5, 6 and 7 all to run concurrently for a total term of 5 years supervised release, SA: $500, FINE: $7,500, REST: $26,743.70 |

**Highest Offense Level**
**(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Jonathan H Koenig** |
| | | United States Department of Justice (ED–WI) |
| | | Office of the US Attorney |
| | | 517 E Wisconsin Ave – Rm 530 |
| | | Milwaukee, WI 53202 |
| | | 414–297–4399 |
| | | Fax: 414–297–4394 |
| | | Email: jonathan.h.koenig@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Laura Schulteis Kwaterski** |
| | | United States Department of Justice (ED–WI) |
| | | Office of the US Attorney |
| | | 517 E Wisconsin Ave – Rm 530 |
| | | Milwaukee, WI 53202 |
| | | 414–297–4484 |
| | | Email: laura.kwaterski@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Carol L Kraft** |
| | | United States Department of Justice (ED–WI) |
| | | Office of the US Attorney |
| | | 517 E Wisconsin Ave – Rm 530 |
| | | Milwaukee, WI 53202 |
| | | 414–297–1700 |
| | | Fax: 414–297–1738 |
| | | Email: carol.kraft@usdoj.gov |

*TERMINATED: 07/22/2022*
*Designation: Assistant US Attorney*

**Paul L Kanter**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1700
Fax: 414–297–1738
Email: paul.kanter@usdoj.gov
*TERMINATED: 07/17/2020*
*Designation: Assistant US Attorney*

**Scott J Campbell**
United States Department of Justice
(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1064
Fax: 414–297–1738
Email: scott.campbell@usdoj.gov
*TERMINATED: 03/30/2021*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/30/1997 | 1 | | INDICTMENT by USA. Counts filed against Kevin P O'Neill (1): count(s) 1, 2, 3, 4, 5, 6; Carl J Warneke (2): count(s) 1, 2 Raymond L Morgan (3): count(s) 1, 2, 3; Robert A (4): count(s) 1, 2, 3, 4, 5, 6; Richard E Mroch (5): count(s) 1, 2, 3; Randy M Yager (6): count(s) 1, 2; Johnson F Blake (7): count(s) 1, 2, 3, 6; William B Brock (8): count(s) 1, 2; James E Hanson (9): count(s) 1, 2; David A Kadlec (10): count(s) 1, 2; Allen J McVay (11): count(s) 1, 2, 3; James E Meinen (12): count(s) 1, 2, 3; Randall E Miller (13): count(s) 1, 2, 3; Harvey E Powers (14): count(s) 1, 2, 3, 5, 6; James C Rostron (15): count(s) 1, 2; James W Schneider (16): count(s) 1, 2, 3, 4; Leslie John Jensen (17): count(s) 1, 2. RICO forfeiture allegations pursuant to 18:1963 as to ALL DEFENDANTS. INDICTMENT FILED UNDER SEAL, UNSEALED 6/10/97. (klp, ) Modified on 06/25/1997 (mlm). (Entered: 06/10/1997) |
| 06/02/1997 | | | ARREST Warrant issued for Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen. (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/10/1997 | 2 | | MOTION to unseal indictment [1–1] by USA as to Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David |

| | | | |
|---|---|---|---|
| | | | A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/10/1997 | 3 | | ORDER by Mag Judge William E. Callahan granting motion to unseal indictment [2−1] (cc: all counsel) (klp, ) Modified on 06/25/1997 (Entered: 06/11/1997) |
| 06/12/1997 | 25 | | ARREST Warrant returned executed as to defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant William B Brock, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant James W Schneider, defendant Leslie John Jensen ; defendants' arrested on 6/10/97 defendant Richard E. Mroch and Johnson F. Blake arrested on 6/11/97 (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 26 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing as to defts Mroch and Blake. Govt's proffer for detention of defts. Defense counsel proffer for release of defts on bond. Testimony taken. Court entered order of detention as to both defts. (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 27 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing as to defts Kruppstadt and Miller. Govts proffer for detention as to both defts. Defense counsel proffer for release of defts on bond. Court enters order of detention as to both defts. (bdf, ) (Entered: 06/24/1997) |
| 06/13/1997 | 28 | | HEARING MINUTES: before Mag Judge William E. Callahan dft Kevin P O'Neill, James E Hanson arraigned; not guilty plea entered; to Mag Judge William E. Callahan STD: 8/22/97. Final pretrial and jury trial date to be set. Govt seeking detention of both defts. Both defts appeared in Northern District of Illinois. Court continues order of detention entered f/Chicago and schedule detention hearing for 6/17/97 at 9:00 for deft O'Neill and 6/17/97 at 11:00 for deft Hanson. Scheduling conference set for 6/25/97 at 1:00 (bdf, ) Modified on 04/10/1998 (Entered: 06/24/1997) |
| 06/13/1997 | 35 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing for deft Schneider. Govt's proffer for detention of deft pending trial. Defense counsel proffer for release of deft on bond. Court entered order of detention. (bdf, ) (Entered: 06/24/1997) |
| 06/17/1997 | 45 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Govt's proffer for detention of deft Morgan pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/17/1997 | 46 | | HEARING MINUTES: before Mag Judge William E. Callahan− detention hearing. Govt's proffer for detention of deft Meinen pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/17/1997 | 48 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing − Govt's proffer for detention of deft O'Neill pending trial. Deft's proffer for release of deft pending trial. Testimony taken. Court enter order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |

| 06/17/1997 | 49 | | HEARING MINUTES: before Mag Judge William E. Callahan – detention hearing as to dft HANSON. Govt's proffer for detention of deft pending trial. Deft's proffer for release of deft pending trial. Testimony taken. Matter put over until 6/20/97 at 8:30. (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
|---|---|---|---|
| 06/17/1997 | 71 | | ORDER of Detention by Mag Judge William E. Callahan as to Kevin P O'Neill (bdf, ) (Entered: 06/26/1997) |
| 06/18/1997 | 52 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Govt's proffer for detention of deft Warneke pending trial. Deft's proffer for release pending trial. Court entered order of detention (bdf, ) Modified on 06/25/1997 (Entered: 06/24/1997) |
| 06/19/1997 | 57 | | APPLICATION by plaintiff USA and ORDER (AEG) f.writ of HC for deft Kadlec appearance on 6/23/97 at 4:00 p.m. in courtroom 425. Writ issued (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 66 | | HEARING MINUTES: before Mag Judge William E. Callahan detention hearing. Defense is not opposing detention at this time. Govt's proffer for detention of deft McVay. Court entered order of detention (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 67 | | MOTION for regulating disclosure of discovery material by USA (sealed) (bdf, ) (Entered: 06/25/1997) |
| 06/24/1997 | 68 | | AFFIDAVIT of Paul L. Kanter by plaintiff USA (sealed) (bdf, ) Modified on 06/25/1997 (Entered: 06/25/1997) |
| 06/25/1997 | 79 | | HEARING MINUTES: before Mag Judge William E. Callahan scheduling conference. Discussion regarding when discovery will be available to defense counsel. Court will enter order (bdf, ) (Entered: 06/26/1997) |
| 06/25/1997 | 80 | | MOTION to compel U.S. Marshal to return deft to Waukesha County Jail pending trial by Kevin P O'Neill (bdf, ) (Entered: 06/27/1997) |
| 06/25/1997 | 81 | | AFFIDAVIT of Michael F. Hart by defendant Kevin P O'Neill (bdf, ) (Entered: 06/27/1997) |
| 06/27/1997 | 82 | | ORDER by Mag Judge William E. Callahan that the govt file a response to deft O'Neill's motion to compel on or before July 3, 1997 (cc: all counsel) (bdf, ) |
| 06/27/1997 | 83 | | ORDER by Mag Judge William E. Callahan (cc: all counsel) that the Sheriff of Waukesha County allow deft Johnson Blake to have contact visitation with any three of the following persons: Sandra Blake, Jordan Blake, Jeremiah Blake, Penny Paulsen, Douglas Blake and Melinda Cantebury at one time, in accordance with the Waukesha County Jail procedures (bdf, ) |
| 06/27/1997 | 84 | | ORDER by Judge J. P. Stadtmueller granting motion for regulating disclosure of discovery material [67–1] (cc: all counsel) (bdf, ) |
| 06/27/1997 | 86 | | MOTION for bail review by Kevin P O'Neill (bdf, ) |
| 06/27/1997 | 87 | | MEMORANDUM by defendant Kevin P O'Neill in support motion for bail review [86–1] (bdf, ) |

| 07/01/1997 | 91 | | ORDER by Mag Judge William E. Callahan All which do not require an evidentiary hearing for resolution shall be filed by 9/2/97 w/briefs for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for C Rostron, for James W Schneider, for Leslie John Jensen Motions to adopt must be filed by 9/5/97, govt's response due 9/22/97 with replies due 9/30/97. All motion for which an evidentiary hearing is requested is due 10/15/97. Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted on the grounds that the ends of justice served by taking such action outweigh the best interests of the public and the defts in a speedy trial. (cc: all counsel) (bdf, ) Modified on 07/01/1997 |
| 07/03/1997 | 92 | | RESPONSE by plaintiff USA to dft O'NEILL's motion to compel [80–1] (kmm, ) |
| 07/07/1997 | 96 | | ORDER by Mag Judge William E. Callahan denying defendant's motion to compel U.S. Marshal to return deft O'Neill to Waukesha County Jail pending trial [80–1] (cc: all counsel) (sealed, ) |
| 07/07/1997 | 97 | | LETTER from plaintiff USA regarding scheduling deadlines (bdf, ) (Entered: 07/09/1997) |
| 07/14/1997 | 104 | | ORDER by Judge J. P. Stadtmueller granting Randall MILLER's motion for contact visitation [103–1] (cc: all counsel) (bdf, ) Modified on 07/28/1997 (Entered: 07/15/1997) |
| 07/16/1997 | 111 | | CJA Form 20 Copy 4 (Appointment of Counsel) ; Attorney appointed (bdr, ) (Entered: 07/25/1997) |
| 07/21/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for withdrawal of attorney [107–1] withdrawing attorney Victor E. Plantinga for Robert A Kruppstadt (cc: all counsel) (bdf, ) (Entered: 07/22/1997) |
| 07/24/1997 | 110 | | ORDER by Mag Judge William E. Callahan denying Raymond MORGAN's motion for order for transfer of custody [109–1] (cc: all counsel) (klp, ) Modified on 07/28/1997 |
| 07/24/1997 | 113 | | HEARING MINUTES before Judge J. P. Stadtmueller: Detention Review hearing held 7/24/97 for Kevin P. O'NEILL. Court affirms magistrate's decision; dft to remain detained until trial. (klp, ) (Entered: 07/28/1997) |
| 07/25/1997 | 114 | | HEARING MINUTES before Judge J. P. Stadtmueller: Detention Review hearing held 7/25/97 for Leslie J. JENSEN. Court affirms magistrate's order; dft to remain detained pending trial. (klp, ) (Entered: 07/28/1997) |
| 07/30/1997 | 118 | | HEARING MINUTES: review of detention order before Mag Judge William E. Callahan denying motion for bail review [106–1] (bdf, ) (Entered: 08/01/1997) |
| 07/30/1997 | 119 | | ORDER by Mag Judge William E. Callahan denying motion to provide discovery to deft [112–1], denying motion to extend time by 30 days the time period within which to file motions [112–2] (cc: all counsel) (bdf, ) (Entered: 08/01/1997) |

| 07/31/1997 | 117 | | MOTION & STIPULATION for attorney substitution by Kevin P O'NEILL (klp, ) |
|---|---|---|---|
| 08/01/1997 | 120 | | ORDER by Judge J. P. Stadtmueller granting motion for attorney substitution [117−1] terminating attorney Michael F. Hart for Kevin P O'Neill, attorney Martin E. Kohler for Kevin P O'Neill ; Attorney William O. Marquis substituted (cc: all counsel) (bdf, ) (Entered: 08/04/1997) |
| 08/11/1997 | 137 | | MOTION to extend time to file motions with attached affidavit in support by Kevin P O'NEILL (klp, ) (Entered: 08/13/1997) |
| 08/11/1997 | 138 | | AMENDED DISCLOSURE AND PROTECTIVE ORDER by Judge J. P. Stadtmueller: 6/27/97 order is amended in that the master copy of all tape recorded conversations distributed to Atty Hart under 6/27/97 order shall be transferred to the custody of Attys Reiher & Kushner. FURTHER ORDERED that if defense attys wish to have the tapes transcribed, Atty Reiher must notify US Atty's Office of the agency/individual so retained, must attest to the notification to that agency of this protective order and the fact that it applies to the agency/individual. (cc: all counsel) (klp, ) (Entered: 08/13/1997) |
| 08/11/1997 | 139 | | MEMORANDUM to all counsel appointed under the Criminal Justice Act in the above−aptioned case re: interim payments for representation of counsel by Judge J.P. Stadtmueller (klp, ) (Entered: 08/13/1997) |
| 08/12/1997 | 140 | | LETTER NOTICE by USA unsealing arrest warrant and indictment as to Randy M. YAGER. (klp, ) (Entered: 08/13/1997) |
| 08/13/1997 | 141 | | MOTION for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order by all defendants (klp, ) (Entered: 08/18/1997) |
| 08/13/1997 | 142 | | MEMORANDUM in support of defendants' motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order [141−1] (klp, ) (Entered: 08/18/1997) |
| 08/13/1997 | 143 | | AFFIDAVIT of Franklyn M. Gimbel in support of motion for continued relief from Speedy Trial Act & modification of scheduling order and disclosure and protective order [141−1] (klp, ) (Entered: 08/18/1997) |
| 08/14/1997 | 144 | | TRANSCRIPT of proceedings held 7/24/97 for defendant Kevin P O'Neill (excerpt) (bdf, ) (Entered: 08/18/1997) |
| 08/14/1997 | 146 | | HEARING MINUTES before Mag Judge William E. Callahan: Bail review hrg held for James ROSTRON. Court modifies conditions of bond to strike provision that dft's brother, Richard Rostron, reside w/dft. ALL OTHER CONDITIONS OF BOND REMAIN THE SAME. (klp, ) (Entered: 08/18/1997) |
| 08/15/1997 | 147 | | HEARING MINUTES before Mag Judge William E. Callahan: Bail Review Hearing held for James MEINEN. Detention order to continue; decision may be appealed to Judge Stadtmueller. (klp, ) (Entered: 08/18/1997) |
| 08/15/1997 | 151 | | REQUEST by plaintiff USA for stay pending appeal of release order for deft Richard Mroch (bdf, ) (Entered: 08/20/1997) |

| 08/18/1997 | 149 | | MEMORANDUM by plaintiff USA in support motion for revocation of order of release [148–1] (bdf, ) (Entered: 08/19/1997) |
|---|---|---|---|
| 08/18/1997 | 150 | | AMENDED SCHEDULING ORDER by Mag Judge William E. Callahan granting motion to extend time to file motions [137–1] All motions which do not require an evidentiary hearing for resolution shall be filed no later than 10/1/97, motions to adopt must be filed by 10/6/97, the govt shall respond to such motions filed by the defts by 10/24/97 and replies are due 11/5/97; All motions for which an evidentiary hearing is requested shall be filed by 11/21/97 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Randy M Yager, for Johnson F Blake, for William Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen Evidentiary heaings will be conducted during the month of December 1997. (cc: all counsel) (bdf, ) (Entered: 08/19/1997) |
| 08/19/1997 | 152 | | ORDER by Mag Judge William E. Callahan denying govt request for stay pending appeal regarding bond for deft Richard Mroch (cc: all counsel) (bdf, ) (Entered: 08/20/1997) |
| 08/27/1997 | 154 | | RESPONSE by plaintiff USA to motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order [141–1] filed by the Gimbel Firm (bdf, ) (Entered: 08/28/1997) |
| 08/29/1997 | 156 | | MOTION in re: transportation of deft of O'Neill by Kevin P O'Neill (bdf, ) (Entered: 09/02/1997) |
| 08/29/1997 | 157 | | MOTION to preserve agent's notes by Kevin P O'Neill (bdf, ) (Entered: 09/02/1997) |
| 09/04/1997 | 161 | | LETTER from plaintiff USA in response to deft McVay's motion regarding modification of detention conditions (bdf, ) (Entered: 09/05/1997) |
| 09/04/1997 | 165 | | LETTER (sealed) (bdf, ) (Entered: 09/10/1997) |
| 09/08/1997 | 162 | | ORDER by Mag Judge William E. Callahan – sealed (bdf, ) Modified on 09/08/1997 |
| 09/08/1997 | 163 | | ORDER by Mag Judge William E. Callahan denying motion exparte [134–1], denying motion exparte [132–1], denying motion exparte [130–1], denying motion exparte [128–1], denying motion exparte [126–1], denying motion exparte [124–1] sealed (cc: all counsel) (bdf, ) |
| 09/09/1997 | 164 | | HEARING MINUTES: before Mag Judge William E. Callahan – sealed (bdf, ) |
| 09/10/1997 | 166 | | ORDER by Mag Judge William E. Callahan – (sealed) (bdf, ) |
| 09/11/1997 | 167 | | REPLY to to govt's response regarding protective order by Gimbel, Reilly, Gurein & Brown – response to motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order and 6/27/97 disclosure & protective order [141–1] (bdf, ) |
| 09/12/1997 | 168 | | |

| | | ORDER by Mag Judge William E. Callahan denying motion for assistance without prejudice, as moot as to deft. Allen McVay. [153−1] (cc: all counsel) (kaf, ) (Entered: 09/15/1997) |
|---|---|---|
| 09/15/1997 | 170 | RESPONSE by plaintiff USA to motion to preserve agent's notes [157−1], motion in re: transportation of deft of O'Neill [156−1] (bdf, ) (Entered: 09/16/1997) |
| 09/17/1997 | 171 | RECOMMENDATION by Mag Judge William E. Callahan concerning motion to modify disclosure and protective order be denied [158−1]; ORDER that motion for continued relief from the Speedy Trial Act and modification of the 7/1/97 scheduling order is denied; and recommendation that the district court deny the Gimbel firms' motion to modify the disclosure & protective order [141−1] Recommendation denying defts' Meinen & Jensen's joint defense agreement, recommendation denying Meinen & Jensen's request for the govt to produce to the Gimbel firm a complete master set of discovery materials, recommendation denying Meinen & Jensen's request to allow the Gimbel firm to share all discovery materials; recommendation that Meinen & Jensen's motion for modification of district court's disclosure & protective order to allow their counsel to disseminate discovery materials be denied, without prejudice; ORDER that Meinen & Jensen's request that the govt categorize discovery is denied. (cc: all counsel) (bdf, ) |
| 09/19/1997 | 172 | ORDER by Mag Judge William E. Callahan denying motion to preserve agent's notes [157−1] by deft O'Neill, denying as moot motion in re: transportation of deft of O'Neill [156−1] (cc: all (bdf, ) |
| 09/19/1997 | 173 | MOTION to modify disclosure & protective order and to extend time for filing pretrial motions by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, James C Rostron (bdf, ) (Entered: 09/22/1997) |
| 09/23/1997 | 177 | ORDER by Mag Judge William E. Callahan that the govt is directed to file a response to the defts' motion by 9/30/97; in the meantime, the schedule setting the dates by which pretrial motions are to be filed in this action is suspended pending further order of this court. (cc: all counsel) (bdf, ) |
| 09/25/1997 | 184 | STIPULATION for substitution of Atty. Franklyn Gimbel in place of Atty. Christine Harris for deft Randall E. Miller. (bdf, ) (Entered: 09/30/1997) |
| 09/26/1997 | | MARGINAL ORDER by Mag Judge William E. Callahan allowing the govt until 10/3/97 to respond to the proposed substitution of counsel for deft Miller (cc: all counsel) (bdf, ) |
| 09/30/1997 | 185 | RESPONSE by plaintiff USA to motion to modify disclosure & protective order and to extend time for filing pretrial motions [173−1] (bdf, ) (Entered: 10/01/1997) |
| 10/03/1997 | 191 | ORDER by Judge J. P. Stadtmueller granting motion to modify disclosure & protective order [173−1] (please see order for details) (cc: all counsel) (bdf, ) (Entered: 10/06/1997) |
| 10/03/1997 | 192 | ORDER by Mag Judge William E. Callahan granting motion to extend time for filing pretrial motions [173−1] ; All motions relating to discovery, along |

| | | | |
|---|---|---|---|
| | | | w/the statement required by Local Rule 6.02 and briefs, must be filed by 11/3/97 for Kevin P O'Neill, for Carl J Warneke, for L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for , for Johnson F Blake, for William B Brock, James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen the govt shall respond by 11/17/97 and any replies are due 11/24/97. All motions challenging the sufficiency of the indictment as well as any other motion which does not require an evidentiary hearing for resolution shall be filed by 1/5/98, motions to adopt must be filed by 1/9/98; the govt shall respond by 1/30/98 and replies are due 2/13/98; all motions for which an evidentiary hearing is requested shall be filed by 3/2/98. Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted on the grounds that the ends of justice served by taking such action outweigh the best interests of the public and the defts in a speedy trial. (cc: all counsel) (bdf, ) (Entered: 10/06/1997) |
| 10/08/1997 | 194 | | TRANSCRIPT of proceedings held on 7/24/97 for defendant Kevin P O'Neill – testimony of Joe Van Zandt (bdf, ) (Entered: 10/09/1997) |
| 10/10/1997 | 195 | | HEARING MINUTES: before Mag Judge William E. Callahan hearing on substitution of counsel. Govt's statements regarding possible conflict. Atty. Gimbel's response. Court grants substitution and sign order. Atty. Harris to remain in case until November 3, 1997. (bdf, ) (Entered: 10/15/1997) |
| 10/23/1997 | 201 | | ORDER by Judge J. P. Stadtmueller denying the Gimbel firm's motion to modify this Court's disclosure & protective order for lack of standing; adopting report and recommendation motion RECOMMENDATION in its entirety. Consistent with Magistrate Judge Callahan's recommendations' [171–1], denying defts Meinen and Jensen request for an order from this Court acknowledging or placing its imprimatur on the joint defense agreement entered into between "most of the co–defts' counsel and Gimbel, Reilly, Guerin & Brown" ; order that deft Meinen and Jensen's request that this Court modify its disclosure order so as to allow the Gimbel firm to function as coordinator is denied; order that defts' Meinen and Jensen's request that the district court order the govt to produce to the Gimbel firm a complete "master set" of all discovery is denied; order that defts' Meinen and Jensen's request that the district court allow defense counsel and the Gimbel firm to "share" all discovery material is denied and order that defts' Meinen and Jensen's motion to modify this Court's disclosure and protective order to allow dissemination of the materials to paralegals, sec's, and other non–lawyers is denied without prejudice. counsel) (bdf, ) (Entered: 10/24/1997) |
| 10/27/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan that Atty. Franklyn Gimbel is substituted as the attorney of record for deft Randall Miller in place of Christine Harris (cc: all counsel) (bdf, ) (Entered: 10/28/1997) |
| 10/28/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting deft Rostron's request for modifications of his release. See letter for details. (cc: all counsel) (bdf, ) (Entered: 10/29/1997) |
| 10/30/1997 | 203 | | TRANSCRIPT of proceedings held 9/9/97 – sealed (bdf, ) |

| 11/03/1997 | 209 | | MOTION for Rule 6.02 statement discovery by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Richard E Mroch, David A Kadlec, Allen J McVay, James E Meinen, Leslie John Jensen, Johnson F Blake (bdf, ) (Entered: 11/04/1997) |
|---|---|---|---|
| 11/03/1997 | 210 | | MOTION to permit filing of brief in excess local rules by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Leslie John Jensen (bdf, ) (Entered: 11/04/1997) |
| 11/03/1997 | 211 | | MOTION to compel discovery and/or for protective order by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Leslie John Jensen (bdf, ) (Entered: 11/04/1997) |
| 11/03/1997 | 212 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Leslie John Jensen in support motion to compel discovery and/or for protective order [211–1] and to compel KYLES–BRADY MATERIALS (bdf, ) (Entered: 11/04/1997) |
| 11/03/1997 | 213 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Leslie John Jensen in support motion to compel discovery [211–1] (bdf, ) (Entered: 11/04/1997) |
| 11/03/1997 | 214 | | MOTION for pre–trial notice of govt's intent to use evidence of other crimes by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Leslie John Jensen (bdf, ) (Entered: 11/04/1997) |
| 11/05/1997 | 229 | | ORDER by Mag Judge William E. Callahan granting motion to join/adopt joining motion for disclosure of legal insturctions to grand jury [221–1], joining motion for disclosure of 10–day progress reports under Title III order and Local Rule 6.02 statement [220–1], joining motion to extend time to file motions related to discovery [217–1], joining motion grand jury minutes and transcripts of witness testimony and non–witness statements prior to trial [206–1], joining motion for disclosure of the identity of informants [204–1] [226–1] , joining motion to compel govt to disclose identity of all confidential informants & to disclose any and all threats or promises made to informants and witnesses [225–1], permit filing of brief in excess local rules [210–1] as to defts' Blake, Hanson, Jensen, Kadlec, Kruppstadt, McVay,, Meinen, Miller, Morgan, O'Neill (cc: all counsel) (bdf, ) Modified on 05/13/1999 (Entered: 11/06/1997) |
| 11/07/1997 | 234 | | MOTION to join/adopt joining motion for disclosure of the identity of informants [204–1], joining motion grand jury minutes and transcripts of witness testimony and non–witness statements prior to trial [206–1], joining motion to compel govt to disclose identity of all confidential informants & to |

| | | | |
|---|---|---|---|
| | | | disclose any and all threats or promises made to informants and witnesses [225–1], joining motion for disclosure of legal instructions to grand jury [221–1], joining motion for disclosure of 10–day progress reports under Title III order and Local Rule 6.02 statement [220–1], renewing motion for pre–trial notice of govt's intent to use evidence of other crimes [214–1], renewing motion to compel discovery and/or for protective order [211–1], renewing motion for Rule 6.02 statement discovery [209–1] and joining in request for discovery and exculpatory information filed by defendant Raymond Morgan by Kevin P O'Neill (tlf, ) (Entered: 11/10/1997) |
| 11/07/1997 | 235 | | AFFIDAVIT of William O Marquis by defendant Kevin P O'Neill (tlf, ) (Entered: 11/10/1997) |
| 11/10/1997 | 245 | | HEARING MINUTES: before Judge J. P. Stadtmueller (sealed) (bdf, ) (Entered: 11/12/1997) |
| 11/13/1997 | 260 | | ORDER by Mag Judge William E. Callahan granting motion to adopt by defts' O'Neill, Warneke, Meinen, Morgan, Powers, Rostron and Jensen cc mailed (bdf, ) (Entered: 11/18/1997) |
| 11/14/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan denying motion [228–1] (sealed) (cc: all counsel) (bdf, ) (Entered: 11/18/1997) |
| 11/17/1997 | 263 | | RESPONSE by plaintiff USA to defts' discovery and disclosure motions by defts' O'Neill, Warneke, Morgan, Kruppstadt, Blake, Hanson, Kadlec, McVay, Meinen, Miller, Powers, Rostron and Jensen (bdf, ) (Entered: 11/18/1997) |
| 11/20/1997 | 268 | | LETTER from plaintiff USA opposing deft Hanson's motion to allow off–premises weekend visitation with his minor children (bdf, ) (Entered: 11/21/1997) |
| 11/21/1997 | 269 | | APPLICATION by plaintiff USA (sealed) (bdf, ) |
| 11/21/1997 | 270 | | ORDER by Mag Judge William E. Callahan (sealed) (cc: all counsel) (bdf, ) |
| 11/24/1997 | 273 | | MOTION to permit brief in excess of local rule by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Leslie John Jensen (bdf, ) (Entered: 11/25/1997) |
| 11/24/1997 | 274 | | REPLY by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Leslie John Jensen response to government's reply (bdf, ) Modified on 11/25/1997 (Entered: 11/25/1997) |
| 11/26/1997 | 277 | | ORDER by Mag Judge William E. Callahan denying in part and granting in part motion exparte [233–1] (sealed) (cc: all counsel) (bdf, ) |
| 11/26/1997 | 278 | | ORDER by Mag Judge William E. Callahan denying in part and granting in part motion [227–1] (sealed) (cc: all counsel) (bdf, ) |
| 11/26/1997 | 279 | | ORDER by Mag Judge William E. Callahan granting motion for visitation w/his children [264–1] (cc: all counsel) (bdf, ) |

| | | | |
|---|---|---|---|
| 12/01/1997 | 280 | | NOTICE of hearing ; detention hearing rescheduled for 2:00 12/12/97 for Raymond L Morgan (tlf, ) (Entered: 12/02/1997) |
| 12/03/1997 | 282 | | MOTION for joint status conference by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Johnson F Blake, James E Hanson, Allen J McVay, James E Meinen, Randall E Miller, Richard E Mroch James C. Rostron (bdf, ) Modified on 12/05/1997 (Entered: 12/05/1997) |
| 12/04/1997 | 285 | | ORDER by Mag Judge William E. Callahan granting motion for joint status conference [282–1] status conference hearing set for 7:30 12/11/97 the presence of the defts is not necessary at this conference (cc: all counsel) (bdf, ) (Entered: 12/05/1997) |
| 12/04/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for order permitting defendant to adopt those portions of the consolidated reply brief on discovery motions which pertain to motions previously adopted [281–1] (cc: all counsel) (bdf, ) (Entered: 12/05/1997) |
| 12/05/1997 | 286 | | LETTER from Magistrate Judge Callahan regarding status conference scheduled for 12/11/97 at 7:30 a.m. (bdf, ) |
| 12/08/1997 | 288 | | LETTER from plaintiff USA regarding defts' joint motion for status conference (bdf, ) (Entered: 12/09/1997) |
| 12/11/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to permit brief in excess of local rule [273–1] (cc: all counsel) (bdf, ) |
| 12/11/1997 | 290 | | HEARING MINUTES: before Mag Judge William E. Callahan ; for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen See order for amended schedule. (bdf, ) (Entered: 12/12/1997) |
| 12/11/1997 | 291 | | ORDER by Mag Judge William E. Callahan ; pretrial motions set for 2/20/98 for which an evidentiary hearing is requested; all motions challenging the sufficiency of the indictment are due 5/15/98; motions to adopt must be filed by 5/20/98 w/govt response to motions due 6/12/98 and replies due 6/24/98 as to defts' Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for C Rostron, for James W Schneider, for Leslie John Jensen Pursuant to 18:3161(h)(8)(A), a continuance of the time limits found in 18:3161(c)(1) is hereby granted (cc: all counsel) (bdf, ) (Entered: 12/15/1997) |
| 12/16/1997 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to adopt joint motion f/status conference [293–1] (cc: all counsel) (bdf, ) (Entered: 12/18/1997) |
| 12/30/1997 | 296 | | ORDER by Mag Judge William E. Callahan that the defts' motion for immediate production of physical evidence be granted in part and denied in part; order that the defts' motion for immediate production of scientific |

| | | | |
|---|---|---|---|
| | | | evidence be granted in part and denied in part; order that the defts' motion for immediate production of expert witness identification and testimony be granted in part and denied in part; order that the defts' motion for immediate production of Title III logs be denied; order that the defts' motion for immediate production of ten–day progress reports be denied; order that the defts' motion for immediate production of Rule 404(b), evidence be granted in part and denied in part; order that the defts' motion for immediate production of the identities of all confidential informants be granted in part and denied in part; order that the defts' motion for immediate production of confidential informants' addressess, criminal records is granted in part and denied in part; order that the defts' motion for immediate production of grand jury instructions and minutes be denied; order that the defts motion for immediate production of Brady, Kyles and Giglio materials be granted in part and denied in part and order that the defts' motion for immediate production of Jencks material be denied as moot. (cc: all counsel) (bdf, ) Modified on 01/09/1998 (Entered: 01/09/1998) |
| 01/05/1998 | 301 | | ORDER by Mag Judge William E. Callahan sealed (cc: all counsel) (djd, ) (Entered: 01/09/1998) |
| 01/07/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file defense objections to magistrate's order [298–1] to January 19, 1998 (cc: all counsel) (djd, ) (Entered: 01/09/1998) |
| 01/09/1998 | 316 | | AFFIDAVIT of Atty. John J. Schaan by defendant Kevin P O'Neill (bdf, ) (Entered: 01/12/1998) |
| 01/12/1998 | 315 | | MOTION for leave to adopt and join in deft Rostron's objections to Magistrate Judges's 12/30/97 Order by Kevin P O'Neill (bdf, ) |
| 01/12/1998 | 319 | | ORDER by Mag Judge William E. Callahan granting Atty. Reilley's motion to w/d and appointing Atty. Thomas G. Halloran as counsel for deft Brock (cc: all counsel) (bdf, ) |
| 01/13/1998 | | | MARGINAL ORDER by Judge J. P. Stadtmueller granting motion to extend time to file objections to 1/19/98 [303–1] (cc: all counsel) (bdf, ) (Entered: 01/14/1998) |
| 01/14/1998 | 323 | | OBJECTIONS by plaintiff USA to the discovery order of December 30, 1997 (bdf, ) |
| 01/16/1998 | 325 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for change of Pretrial placement and for dental treatment [321–1] Court direct U.S. Marshal to provide dental care f/deft Miller w/in the guidelines of the marshal service. Marshal Hagerty to notify court w/in a week regarding status of dental care f/deft Miller (bdf, ) Modified on 01/16/1998 |
| 01/20/1998 | 330 | | OBJECTIONS by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, deftendant Richard Mroch defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen regarding [296–1] (bdf, ) (Entered: 01/21/1998) |

| 01/20/1998 | 333 | | ORDER by Mag Judge William E. Callahan that the court's order of December 30, 1997, is stayed until such time as Chief Judge Stadtmueller issues his ruling on the govt's objections. (cc: all counsel) (bdf, ) (Entered: 01/21/1998) |
|---|---|---|---|
| 01/23/1998 | 334 | | CERTIFICATE of service by defts'. (bdf, ) (Entered: 01/27/1998) |
| 02/10/1998 | | | MARGINAL ORDER by Chief Judge Robert Posner of the 7th Circuit Court of Appeals approving interim payments for CJA counsel. Signed on 1/20/98 by Judge Posner (cc: all counsel) (bdf, ) Modified on 02/10/1998 |
| 02/20/1998 | 352 | | Memorandum regarding the need for evidentiary hearings & anticipated length of same by plaintiff USA (bdf, ) |
| 02/20/1998 | 353 | | MOTION to modify jail conditions by Kevin P O'Neill (bdf, ) |
| 02/20/1998 | 354 | | MOTION for discovery related to motion to suppress Title III evidence by Kevin P O'Neill (bdf, ) |
| 02/20/1998 | 355 | | MOTION to suppress evidence intercepted or gathered under Title III w/attachments by Kevin P O'Neill (unsealed 7/12/00) (bdf, ) Modified on 07/12/2000 |
| 02/20/1998 | 356 | | STATEMENT by defendant Kevin P O'Neill on standing regarding Title III evidence w/attachments (unsealed 7/12/00) (bdf, ) Modified on 07/12/2000 |
| 02/20/1998 | 357 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill re: joint statement on contested & uncontested facts & legal issue w/attached draft (bdf, ) |
| 02/20/1998 | 370 | | MOTION to suppress physical evidence by Kevin P O'Neill, Robert A Kruppstadt, Johnson F Blake, Allen J McVay, James E Meinen w/attachments (sealed) (bdf, ) (Entered: 02/25/1998) |
| 02/23/1998 | 376 | | ORDER by Mag Judge William E. Callahan evidentiary hearing set for 9:00 3/10/98 for deft Meinen and an evidentiary hearing is set for 1:00 p.m. on 3/10/98 for deft Mroch (cc: all counsel) (bdf, ) (Entered: 02/25/1998) |
| 02/23/1998 | 377 | | LETTER from defendant Kevin P O'Neill regarding motion to suppress Title III evidence filed on 2/20/98 (bdf, ) (Entered: 02/25/1998) |
| 02/24/1998 | 379 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to modify conditions of release – for removal from electronic monitoring [345–1], denying motion to modify conditions of release – for removal from electronic monitoring [343–1] as to deft Hanson and Rostron. Court modifies Hanson's bond to allow him premission to travel to Michigan, Indiana, Iowa and Wisconsin for employment – must provide verification to pretrial services and must have prior approval. Court modifies Rostron bond to allow him to work as much overtime that is available – must have prior approval from pretrial services. Court directs pretrial to contact pretrial office in N.D. of Ill and to prepare written proposal as to how to administer electronic monitoring for deft Rostron. Court order that deft Hanson complete a supplemental financial afdvt to determine how much he should contribute towards court appointed counsel fees. (bdf, ) Modified on 02/25/1998 (Entered: 02/25/1998) |

| 02/25/1998 | 381 | | RESPONSE memorandum regarding the need for evidentiary hearings by plaintiff USA (sealed) (bdf, ) Modified on 02/26/1998 (Entered: 02/26/1998) |
|---|---|---|---|
| 03/02/1998 | 384 | | MOTION to adopt joining motion to suppress physical evidence [363–1] by Kevin P O'Neill (bdf, ) (Entered: 03/03/1998) |
| 03/02/1998 | 385 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) (Entered: 03/03/1998) |
| 03/03/1998 | 391 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/04/1998) |
| 03/03/1998 | 392 | | ORDER by Mag Judge William E. Callahan (cc: all counsel) (sealed) (bdf, ) (Entered: 03/04/1998) |
| 03/04/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to permit late filing of 3/12/95 car stop motion [387–1] (cc: all counsel) (bdf, ) |
| 03/04/1998 | 397 | | Text not available. (Entered: 03/06/1998) |
| 03/04/1998 | 397 | | ORDER by Mag Judge William E. Callahan denying request for an evidentiary hearing for deft Miller, denying request for evidentiary hearing as to deft Morgan to support his motion to suppress evidence seized in Gary, IN, denying deft Kruppstadt's request for evidentiary hearing regarding the facts and circumstances surrounding search in Racine, WI and denying deft Blake's request for evidentiary hearing under Franks motion to suppress items seized from 1988 Ford pick–up. evidentiary hearing set for Raymond Morgan for 3/17/98 at 9:00 evidentiary hearing for 9:00 3/18/98 for Kevin P O'Neill, 9:00 3/17/98 for Raymond L Morgan, 9:00 3/18/98 for Robert A Kruppstadt, for Johnson F Blake, for Allen J McVay, for James E Meinen evidentiary hearing set for 9:00 3/19/98 for Kevin P O'Neill, for Johnson F Blake (cc: all counsel) (bdf, ) (Entered: 03/06/1998) |
| 03/05/1998 | 398 | | Memorandum regarding the need for evidentiary hearing re: deft Powers' motion to suppress by plaintiff USA (bdf, ) (Entered: 03/06/1998) |
| 03/06/1998 | 399 | | ORDER by Mag Judge William E. Callahan that deft Powers' request for a hearing is denied (cc: all counsel) (bdf, ) (Entered: 03/09/1998) |
| 03/10/1998 | 400 | | ORDER by Mag Judge William E. Callahan Govt shall file its brief in response to O'Neill's "Omnibus Motion to suppress evidence intercepted or gathered under Title III by 4/6/98, deft Kevin P O'Neill's may file a reply brief by 4/27/98 (cc: all counsel) (bdf, ) |
| 03/10/1998 | 401 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held as to deft James Meinen regarding his motion to suppress physical evidence. Testimony taken. Court set simultaneous briefing schedule: brief due 4/10/98 and response due 4/24/98. (bdf, ) |
| 03/10/1998 | 403 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held. Testimony taken. Court set briefing scheduled. All briefs to be filed simultaneously: 4/10/98 and response briefs due 4/24/98 for govt and Richard E Mroch (bdf, ) (Entered: 03/11/1998) |
| 03/11/1998 | 414 | | ORDER by Judge J. P. Stadtmueller that the Magistrate's Order dated 12/30/98 is modified as to those provisions which pertain to applications for Rule 17(c) subpoenas duces tecum, pretrial identification of physical |

| | | | |
|---|---|---|---|
| | | | evidence, inspection of physical evidence in Milwaukee, and pretrial disclosure of expert witnesses and It is further ordered that the balance of the Magistrate's pretrial discovery orders are Affirmed in their entirety and adopted as an order of this court. (cc: all counsel) (bdf, ) (Entered: 03/12/1998) |
| 03/16/1998 | 416 | | ORDER by Mag Judge William E. Callahan that deft Rostron's motion to modify conditions of his bond to allow him to be removed from electronic monitoring is denied. PTS in Northern District of Illinois are willing to accommodate deft Rostron's overtime schedule by allowing him to notify that office of his working overtime, even after he has worked those hours. (cc: all counsel) (bdf, ) |
| 03/17/1998 | 424 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing on motion to suppress. Testimony taken. Court set briefing schedule. Briefs due 4/10/98 and response brief due 4/24/98. (bdf, ) |
| 03/18/1998 | 427 | | ORDER by Mag Judge William E. Callahan setting hearing on motion for bail review as to deft Johnson Blake before Magistrate Judge Callahan in courtroom 445 [419–1] 1:30 3/20/98 (cc: all counsel) (bdf, ) (Entered: 03/19/1998) |
| 03/18/1998 | 428 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing set for 9:00 3/24/98 for Kevin P O'Neill, for Robert A Kruppstadt, for Johnson F Blake, for Allen J for James E Meinen, for Harvey E Powers (bdf, ) (Entered: 03/19/1998) |
| 03/18/1998 | 429 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to release deft Robert Kruppstadt from detention pending trial [402–1] (bdf, ) (Entered: 03/19/1998) |
| 03/19/1998 | 430 | | ORDER by Mag Judge William E. Callahan setting hearing on motion to compel Marshal service to provide for necessary dental care for deft Randall Miller [421–1] 11:00 3/23/98 (cc: all counsel) (bdf, ) |
| 03/19/1998 | 432 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing on motion to suppress. Testimony taken. Court sets briefing schedule: briefs in support due 4/10/98 by 5:00 p.m., responsive briefs due 4/24/98 by 5:00 p.m. (bdf, ) (Entered: 03/20/1998) |
| 03/19/1998 | 433 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to modify jail conditions [353–1] as to deft Kevin O'Neill (bdf, ) (Entered: 03/20/1998) |
| 03/23/1998 | 435 | | HEARING MINUTES: before Mag Judge William E. Callahan granting motion to compel Marshal service to provide for necessary dental care for deft Miller [421–1] Court direct U.S. Marshal to advance adequate funds for dentist to perform procedures. Marshal may seek reimbursement according to law. Court direct defense counsel to prepare order f/courts signature. (bdf, ) (Entered: 03/24/1998) |
| 03/24/1998 | 436 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held on 3/24/98 Testimony taken. Court set following briefing schedule: Brief in support due 4/10/98 and responsive brief due 4/24/98. Court request defts' to file a joint brief. (bdf, ) Modified on 03/26/1998 |

| 03/24/1998 | 438 | | TRANSCRIPT of proceedings held 3/18/98 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers, defendant James E Hanson – evidentiary hearing. (bdf, ) |
|---|---|---|---|
| 03/25/1998 | 443 | | ORDER by Mag Judge William E. Callahan that the U.S. Marshal Service shall forthwith advance adequate funds to Dr. Moulton so that he can conduct all of the recommended, medically–necessary therapy and treatments specifically outlined in his letter to the U.S. Marshal dated 1/16/98. See order for additional conditions (cc: all counsel) (bdf, ) (Entered: 03/26/1998) |
| 03/25/1998 | 444 | | HEARING MINUTES: before Mag Judge William E. Callahan – testimony taken. Arguments heard from defense counsel and govt; Court deny motion for bail for deft Powers [439–1] (bdf, ) (Entered: 03/26/1998) |
| 03/26/1998 | 449 | | TRANSCRIPT of proceedings held 3/24/98 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers, defendant James E Hanson – continuation of evidentiary hearing (bdf, ) |
| 03/27/1998 | 450 | | ORDER by Mag Judge William E. Callahan denying govt's request for a stay pending appeal of courts order allowing the release of deft Blake on bond (cc: all counsel) (bdf, ) |
| 03/30/1998 | 451 | | ORDER by Judge J. P. Stadtmueller that the Magistrate's March 20, 1998 release order f/deft Johnson Blake is stayed pending a hearing and further decision by this court (cc: all counsel) (bdf, ) Modified on 04/10/1998 |
| 03/30/1998 | 452 | | APPLICATION by plaintiff USA (sealed) (bdf, ) |
| 03/30/1998 | 453 | | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 04/01/1998 | 455 | | ORDER by Judge J. P. Stadtmueller granting motion ex parte [418–1] sealed (cc: all counsel) (bdf, ) (Entered: 04/02/1998) |
| 04/03/1998 | 457 | | TRANSCRIPT of proceedings held 7/24/97 for defendant Kevin P O'Neill – detention review hearing (bdf, ) (Entered: 04/06/1998) |
| 04/03/1998 | 458 | | TRANSCRIPT of proceedings held 3/19/98 for defendant Kevin P O'Neill, defendant Johnson F Blake – hearing on motion to suppress (bdf, ) (Entered: 04/06/1998) |
| 04/06/1998 | 459 | | RESPONSE by plaintiff USA to motion to suppress evidence intercepted or gathered under Title III [355–1], motion for discovery related to motion to suppress Title III evidence [354–1] (sealed) (bdf, ) Modified on 04/07/1998 (Entered: 04/07/1998) |
| 04/08/1998 | 461 | | MOTION to seal afdvt & exhibits by USA (bdf, ) (Entered: 04/09/1998) |
| 04/08/1998 | <u>473</u> | | ORDER by Mag Judge William E. Callahan granting motion to seal [461–1] (bdf, ) (lmf). (Entered: 04/22/1998) |
| 04/10/1998 | 464 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant James E Meinen, defendant Harvey E Powers, defendant Allen J McVay in support motion to suppress physical evidence [370–1] (bdf, ) |

| 04/10/1998 | 466 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Johnson F Blake in support motion to suppress evidence [366-1] (bdf, ) |
|---|---|---|---|
| 04/10/1998 | 469 | | CONSOLIDATED RESPONSE by plaintiff USA to motion to suppress evidence obtained through 3/12/95 warrantless stop [389-1], motion to adopt joining motion to suppress physical evidence [363-1] [384-1], motion to join motion to suppress physical evidence [363-1] [382-1], motion to adopt motion to suppress evidence intercepted or gathered under Title III [355-1] [380-1], motion to suppress statements [374-1], motion to suppress physical evidence [373-1], motion to suppress evidence and to dismiss indictment [372-1], motion to join O'Neill's motion and Rule 6.02 request for evidentiary hearing statement of proposed facts and issues for hearing on motion to suppress Title III intercept evidence [364-1], motion to suppress physical evidence [363-1], motion to suppress evidence [360-1], motion to suppress illegal stop of automobile, arrest and search [358-1], motion to suppress evidence intercepted or gathered under Title III [355-1], motion to suppress physical evidence [350-1], motion to suppress statements [349-1], motion to adopt motion to suppress evidence intercepted or gathered under Title III [355-1], joining motion to suppress physical evidence [370-1] [371-1], motion to suppress physical evidence [370-1], motion to suppress under Franks v. Delaware [367-1], motion to suppress evidence [366-1], motion to join motion to suppress evidence intercepted or gathered under Title III [355-1] [369-1] (tlf, ) Modified on 04/13/1998 (Entered: 04/13/1998) |
| 04/14/1998 | 470 | | LETTER from plaintiff USA supplementing govt's consolidated memo (bdf, ) (Entered: 04/15/1998) |
| 04/17/1998 | 471 | | MOTION to adopt brief filed by deft Kruppstadt on 4/10/98 by Kevin P O'Neill (bdf, ) |
| 04/17/1998 | 472 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) |
| 04/24/1998 | 476 | | REPLY by defendant Kevin P O'Neill to response to motion to suppress evidence intercepted or gathered under Title III [355-1] (sealed) (bdf, ) (Entered: 04/27/1998) |
| 04/24/1998 | 477 | | REPLY by defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers to response to govt's consolidated memo to motions to supporess re: the search of the Janesville Clubhouse (bdf, ) (Entered: 04/27/1998) |
| 04/24/1998 | 478 | | REPLY by defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers to response to motion to suppress indicia search warrants (bdf, ) (Entered: 04/27/1998) |
| 04/24/1998 | 480 | | REPLY by defendant Kevin P O'Neill, defendant Johnson F Blake to response to motion to suppress evidence (bdf, ) (Entered: 04/27/1998) |
| 04/24/1998 | 481 | | AFFIDAVIT of Atty. James C. Reiher by defendant Kevin P O'Neill, defendant Johnson F Blake (bdf, ) (Entered: 04/27/1998) |

| 04/24/1998 | 482 | | Govt's consolidated pretrial motions response (evidentiary motions) (sealed) (bdf, ) Modified on 05/13/1999 (Entered: 04/27/1998) |
| 04/27/1998 | 483 | | MEMORANDUM by defendant Kevin P O'Neill in support motion to suppress evidence intercepted or gathered under Title III [355−1] (Sealed) (bdf, ) Modified on 04/29/1998 (Entered: 04/29/1998) |
| 05/07/1998 | 484 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion to reduce bond amount [456−1] Court Reporter: Heidi (bdf, ) (Entered: 05/08/1998) |
| 05/12/1998 | 486 | | ORDER by Mag Judge William E. Callahan regarding O'Neill's motion to suppress Title II evidence; directing the govt within 10 days to provide court with any further evidentiary materials it wishes this court to consider in determining whether the govt has made a prima facie showing of reasonable compliance with Title III minimization requirement relative to Application No. 498. (cc: all counsel) (bdf, ) (Entered: 05/13/1998) |
| 05/13/1998 | 487 | | MOTION to transfer proceedings to Northern District of Illinois by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, William B Brock, James E Hanson, Allen J McVay, James E Meinen, James C Rostron (bdf, ) (Entered: 05/14/1998) |
| 05/13/1998 | 488 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant William B Brock, defendant James E Hanson, defendant Allen J McVay, defendant James E Meinen, defendant James C Rostron in support motion to transfer proceedings to Northern District of Illinois [487−1] (bdf, ) (Entered: 05/14/1998) |
| 05/15/1998 | 508 | | MOTION to sever from defendant Randall Miller by Kevin P O'Neill (tlf, ) |
| 05/15/1998 | 509 | | AFFIDAVIT of William O Marquis by defendant Kevin P O'Neill (tlf, ) |
| 05/15/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file overlength brief [499−1] (cc: all counsel) (tlf, ) |
| 05/15/1998 | 523 | | JOINT MOTION to adopt joining motion to strike all racketeering acts involving conspiracy from Cts 1 and 2 [496−1], joining motion to strike predicate acts of conspiracy from Ct 2 [497−1], joining motion for order requiring election of one racketeering act involving conspiracy [498−1] by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James W Schneider, Leslie John Jensen (tlf, ) (Entered: 05/18/1998) |
| 05/15/1998 | 524 | | MOTION for a bill of particulars by Kevin P O'Neill (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 536 | | DEFENDANTS' Combined MOTION to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 538 | | MEMORANDUM by defendants' to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 |

| | | |
|---|---|---|
| | | [536-1] (no signature page included) copy (bdf, ) Modified on 05/20/1998 (Entered: 05/20/1998) |
| 05/15/1998 | 539 | MOTION to strike various aspects of the Rico Charges due to their violation of there right to due process by Kevin P O'Neill, Johnson F Blake, Allen J McVay, James E Meinen (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 540 | MEMORANDUM by defendant Kevin P O'Neill, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen in support motion to strike various aspects of the Rico Charges due to their violation of there right to due process [539-1] (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 541 | MOTION to strike various aspects of the Rico charges in this case as a violation of the 1st Amendment's Right to freedom of association by Kevin P O'Neill, Johnson F Blake, Allen J McVay, James E Meinen (bdf, ) (Entered: 05/20/1998) |
| 05/15/1998 | 542 | MEMORANDUM by defendant Kevin P O'Neill, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen in support motion to strike various aspects of the Rico charges in this case as a violation of the 1st Amendment's Right to freedom of association [541-1] (bdf, ) (Entered: 05/20/1998) |
| 05/18/1998 | 545 | HEARING MINUTES: before Mag Judge William E. Callahan – bond hearing for deft William Brock. Mr. Brocks employer Mr. Brown is no longer in business which was a condition of deft Brocks bond; some problems with electronic monitoring; matter cleared up; Court request further information regarding deft's residence and pretrial officer from Chicago; Parties to advised court when a status conference can be scheduled and the availability of Ms. Vasquez – owner of property where deft Brock is living and pretrial officer from Illinois who is responsible for deft's supervision Court Reporter: Chris Petrie (bdf, ) (Entered: 05/20/1998) |
| 05/20/1998 | | MARGINAL ORDER by Mag Judge William E. Callahan granting request to allow motion to strike surplusage as timely filed [563-1] for defendant Harvey Powers (cc: all counsel) (tlf, ) (Entered: 05/22/1998) |
| 05/20/1998 | 569 | MOTION to join/adopt joining motion to strike surlusage from indictment [551-1], joining motion to strike prejudicial surplusage [549-1], joining motion to dismiss, strike or exclude Racketeering Act #3 [521-1], joining motion to dismiss, strike or exclude Racketeering Act #23 in Cts 1 and 2, Paragraph 19(d) under Category IV "Means and Methods, and to preclude evidence re distribution or possession of controlled substances in proof of Ct 2 [519-1], joining motion for a bill of particulars [516-1], joining motion to sever defendants [512-1], joining motion to strike various aspects of the Rico Charges due to their violation of there right to due process [539-1], joining motion to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in count one and counts 2 and 3 [536-1], joining motion to strike various aspects of the Rico charges in this case due to their violation of his right to due process [532-1], joining motion to strike various aspects of the Rico charges in this case as incompatible with a proper interpretation of the Rico Statute [531-1], joining motion to sever [529-1], joining motion for a Santiago Hearing and for a pretrial ruling concerning alleged co-conspirator statements [525-1], joining motion for order dismissing |

| | | | |
|---|---|---|---|
| | | | indictment and staying proceedings [494–1] by Kevin P O'Neill (bdf, ) (Entered: 05/22/1998) |
| 05/20/1998 | 570 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) (Entered: 05/22/1998) |
| 05/21/1998 | 600 | | HEARING MINUTES: before Mag Judge William E. Callahan contination of bond hearing of deft William Brock. Testimony taken. granting motion to amend bond [598–1] Court modifies deft Brock's bond as follows: deft must reside with his father at 7412 Kedvale, Skokie, Ill, not to leave the premises except to meet w/lawyer and pretrial as directed, deft may make telepone inquires to prospective employers, any prospective employer to be questioned in court, under oath. Court Reporter: Great Lakes Reporting (bdf, ) (Entered: 05/22/1998) |
| 05/22/1998 | 602 | | AFFIDAVIT of Sandra M. DeValkenaere by plaintiff USA (bdf, ) (Entered: 05/26/1998) |
| 06/01/1998 | 613 | | NOTICE of hearing ; bond hearing set for 10:45 6/12/98 for Carl J Warneke before Magistrate Judge Callahan (bdf, ) |
| 06/03/1998 | 616 | | MOTION to join/adopt joining motion to sever defendant Kruppstadt from defendant Randall E Miller [492–1], joining motion for a bill of particulars [491–1] by Kevin P O'Neill (bdf, ) |
| 06/03/1998 | 617 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) |
| 06/03/1998 | 619 | | ...........ORDER by Mag Judge William E. Callahan that O'Neill's "Motion for a hearing on his Omnibus motion to suppress evidence intercepted or gathered under Title III" (joined by Kruppstadt, McVay, Meinen, Powers and Blake) (355) be denied; It is further ordered that Meinen's "motion to adopt deft O'Neill's moton for discovery related to motion to suppress Title III evidence"(354) be granted; It is further ordered that O'Neill's motion for discovery related to motion to suppress Title III evidence" (joined by Meinen) (354) be denied; It is further ordered that Blake's motion for a hearing to suppress evidence under Franks v. Arizona" (367) be denied; It is further ordered that Powers' "motion for a hearing on his motion to suppress evidence obtained through March 12, 1995, warrantless stop and search of automobile" (389) be denied......... (cc: all counsel) (bdf, ) Modified on 06/04/1998 (Entered: 06/04/1998) |
| 06/03/1998 | 619 | | ORDER by Mag Judge William E. Callahan that O'Neill's "motion to adopt (384) deft Blake's motion to suppress Draper v. United States and Miranda v. Arizona, any and all oral, written, adopted or recorded statements and/or any evidence seized from [their respective] Persons and/or Vehicles by the Village of Fox Lake, Illinois, Police Dept on 2/10/94," (366) is granted........... (cc: all counsel) (bdf, ) Modified on 06/04/1998 (Entered: 06/04/1998) |
| 06/03/1998 | 619 | | ORDER by Mag Judge William E. Callahan that Hanson's (382), O'Neill's (384), Powrs' (386), and Blake's (393) "Motions to adopt defts Kruppstadt's McVay's and Meinen's motion to suppress physical evidence seized on 6/10/97, at 1263 Cherry Street, Janesville, Wisconsin," (363) is granted......... (cc: all counsel) (bdf, ) (Entered: 06/04/1998) |

| | | | |
|---|---|---|---|
| 06/03/1998 | 619 | | .............. RECOMMENDATION by Mag Judge William E. Callahan that O'Niell's "Omnibus motion to suppress evidence intercepted or gathered under Title III" (joined by Kruppstadt, McVay, Meinen, Powers and Blake) (355) be denied; It is further recommended that Blake's "motion to suppress evidence under Franks v. Arizona" (367) be denied; it is further recommended that Powers' "motion to suppress evidence obtained through March 12, 1995, warrantless stop and search of automobile" (389) be denied; it is further recommended that Miller's "motion to dismiss indictment and/or suppress evidence due to outrageous govt conduct" (372) be denied; it is further recomended that Miller's "motion to suppress physical evidence and fruits of unlawful searches, surveillances and seizures" (373) be denied; it is further recommended that Miller's "motion to suppress statements" (374) be denied' it is further recommended that Morgan's "motion to suppress evidence seized as a result of the March 8, 1995, arrest, search and seizure in evidence in Gary, Indiana," (360) be granted, in part, and denied, in part; it is further recommended that Kruppstadt's "motion to suppress evidence seized as a result of the search of 1228 Hayes Avenue, Racine, Wisconsin," (363) be granted, in part, and denied, in part; it is further recommended that Mroch's "motion challenging a search pursuant to a warrant of 7332 W. 59th Street, Summit, Illinois, "motion to suppress physical evidence" (350) be denied; it is further recommended that Meinen's "motion to suppress statements" (349) be denied; it is further recommended that Blake's (joined by O'Neill) "motion to suppress under Draper v. United States and Miranda v. Arizona any and all oral, written, adopted or recorded statements and/or any evidence seized from [their respective] Persons and/or vehicles by the Village of Fox Lake, Illinois Police Dept on February 10, 1994," (366) be denied; it is further recommended that Morgan's "motion to suppress evidence seized as a result of illegal stop of automobile, arrest and search on September 3, 1994," (358) be denied; it is further recommended that McVay's, Kruppstadt's Meinen's, Blake's and O'Neill's (joined by Powers) "motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (370) be denied; and, it is further recommended that Kruppstadt's McVay's and Meinen's (joined by defts Hanson, O'Neill, Powers and Blake) "motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin," (363) be denied. (cc: all counsel) (bdf, ) (Entered: 06/04/1998) |
| 06/09/1998 | 620 | | MOTION to extend time to file objections to Magistrate's Recommendation and Order by Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, Allen J McVay, James E Meinen, Randall E Miller (tlf, ) (Entered: 06/10/1998) |
| 06/09/1998 | 621 | | AFFIDAVIT/DECLARATION of Daniel D Resheter Jr by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller (tlf, ) (Entered: 06/10/1998) |
| 06/10/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections to Magistrate's Recommendation and Order [620–1] until July 14, 1998(cc: all counsel) (bdf, ) (Entered: 06/11/1998) |
| 06/12/1998 | | | |

| | | | |
|---|---|---|---|
| | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time for filing of response [623–1] until 7/6/98 (cc: all counsel) (bdf, ) |
| 06/12/1998 | 628 | | NOTICE of hearing ; bond hearing set for 10:00 6/26/98 for William B Brock before Magistrate Judge Callahan in courtroom 445 (bdf, ) |
| 06/12/1998 | 629 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for bail review [611–1] Court Reporter: Diane M. (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections [627–1] to July 14, 1998(cc: all counsel) (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | 631 | | RESPONSE by plaintiff USA (consolidated) response to the defts' pretrial motions filed on or about 5/15/98 (bdf, ) (Entered: 06/15/1998) |
| 06/12/1998 | 632 | | LETTER from plaintiff USA w/attached corrected pages for govt's consolidated response to defts' pretrial motions (bdf, ) (Entered: 06/15/1998) |
| 06/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time for filing [633–1] (cc: all counsel) (bdf, ) |
| 06/19/1998 | 637 | | NOTICE of hearing ; bond hearing set for 9:00 7/6/98 for William B Brock (bdf, ) |
| 06/22/1998 | 638 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) |
| 06/23/1998 | 639 | | NOTICE of hearing bond hearing set for 3:00 7/7/98 for William B Brock before Magistrate Judge Callahan (bdf, ) (Entered: 06/24/1998) |
| 06/24/1998 | 642 | | Deft O'Neill's answer to govt's consolidated (sic) response in re the issue of severance [508–1] (bdf, ) |
| 06/24/1998 | 643 | | REPLY by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant James E Hanson, defendant James C Rostron to response to motion to transfer proceedings to Northern District of Illinois [487–1] (bdf, ) |
| 06/25/1998 | 650 | | MOTION for order governing pubic disclosure by Kevin P O'Neill, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, E Hanson, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers (bdf, ) (Entered: 06/26/1998) |
| 06/26/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file instanter reply memo [648–1] (cc: all counsel) (bdf, ) |
| 07/01/1998 | 653 | | NOTICE of hearing ; bond hearing set for 12:00 7/13/98 for William B Brock (bdf, ) (Entered: 07/02/1998) |
| 07/10/1998 | 683 | | RESPONSE by plaintiff USA to motion seal CJA fee & expense vouchers [651–1] (bdf, ) (Entered: 07/13/1998) |
| 07/13/1998 | 684 | | HEARING MINUTES: before Mag Judge William E. Callahan bond hearing held on 7/13/98 for deft William Brock ; govt to file any objections to prospective employer Hy Kite by 5:00 7/20/98, defendant's response due 7/22/98; court grants deft's request to seek dental treatment Court Reporter: |

| | | | |
|---|---|---|---|
| | | | Chris Petrie (tlf, ) (Entered: 07/14/1998) |
| 07/14/1998 | 688 | | OBJECTIONS TO MAGISTRATE'S 6/3/98 RECOMMENDATION AND ORDER by defendant Kevin P O'Neill (tlf, ) (Entered: 07/15/1998) |
| 07/14/1998 | 689 | | OBJECTIONS TO MAGISTRATE JUDGE'S 6/3/98 RECOMMENDATION AND ORDER re defendants' motion to suppress evidence seized from the Janesville clubhouse by defendants Allen J McVay, Robert A Kruppstadt, James E Meinen, Johnson F Blake, Kevin P O'Neill, Harvey E Powers, James E Hanson (tlf, ) (Entered: 07/15/1998) |
| 07/14/1998 | 691 | | ORDER by Mag Judge William E. Callahan granting defendant Kruppstadt's motion to seal CJA fee & expense vouchers [651−1] (cc: all counsel) (tlf, ) (Entered: 07/15/1998) |
| 07/14/1998 | 693 | | OBJECTIONS TO MAGISTRATE JUDGE'S 6/3/98 RECOMMENDATION AND ORDER re motion to suppress stemming from Fox Lake, IL arrest by defendant Johnson F Blake, defendant Kevin P O'Neill (tlf, ) (Entered: 07/15/1998) |
| 07/14/1998 | 694 | | OBJECTIONS TO MAGISTRATE JUDGE'S 6/3/98 RECOMMENDATION AND ORDER re motion for hearing and to suppress under Franks v. Delaware by defendant Johnson F Blake, defendant Kevin P O'Neill (tlf, ) (Entered: 07/15/1998) |
| 07/14/1998 | 695 | | TRANSCRIPT of proceedings held 3/18/98 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers – evidentiary hearing on motions to suppress (bdf, ) (Entered: 07/16/1998) |
| 07/14/1998 | 696 | | TRANSCRIPT of proceedings held 3/24/98 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers – continued evidentiary hearing on motions to suppress (bdf, ) (Entered: 07/16/1998) |
| 07/14/1998 | 698 | | MEMORANDUM IN SUPPORT OF OBJECTIONS to the Magistrate's recommendation and order (second submission on objections to the order ) by defendant Kevin P O'Neill (bdf, ) (Entered: 07/16/1998) |
| 07/17/1998 | 701 | | REPLY by defendants James C Rostron, Johnson F Blake, James E Hanson, Robert A Kruppstadt, Allen J McVay, James E Meinen, Randall E Miller, Raymond L Morgan, Richard E Mroch, Kevin P O'Neill, Harvey E Powers to response to motion for order governing pubic disclosure [650−1] (tlf, ) (Entered: 07/20/1998) |
| 07/21/1998 | 705 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [622−1] It is ordered that Mr. Brock's conditions of release be amended to allow him to work for Mr. Hyman Kite as a consultant/driver. Mr. Brock is to be allowed to leave his place of residence to work for Mr. Kite for such hours as are approved by his pretrial services officer. In all other respects his conditions of release remain unchanged.(cc: all counsel) (bdf, ) (Entered: 07/22/1998) |
| 07/22/1998 | 707 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to adopt objections filed by co−defts' McVay, Meinen, Miller and Kruppstadt and deft Mroch's motion challenging recommendation of Magistrate Judge and Order, and supporting brief. by Kevin P O'Neill (bdf, ) |
| 07/30/1998 | 710 | | RESPONSE by plaintiff USA to round II objections. (bdf, ) (Entered: 07/31/1998) |
| 08/06/1998 | 712 | | LETTER from plaintiff USA (bdf, ) (Entered: 08/10/1998) |
| 08/11/1998 | 714 | | ORDER by Mag Judge William E. Callahan granting defendant James Hanson's motion to allow off premises overnight weekend visitation with his minor children [708−1]; defendant Hanson to be off electronic monitoring from 8:00 am 8/21/98 to 9:00 pm 8/23/98; all other conditions of release to remain in effect during the time defendant is not on electronic monitoring (cc: all counsel) (tlf, ) (Entered: 08/12/1998) |
| 08/19/1998 | 717 | | ORDER ex parte by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 08/27/1998 | 718 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 08/28/1998) |
| 08/27/1998 | 719 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) Modified on 09/02/1998 (Entered: 08/28/1998) |
| 08/28/1998 | 720 | | ..............It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Meinen's McVay's and Blake's "Motion to dismiss, strike or exclude racketeering Act No. 23 in Count 1 and Count 3 for failure to allege type of Controlled Substances distributed and Motion to strike Paragraph 10(d) under Category IV, means and methods" (519) be Granted; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Meinen's , McVay's and Blake's "Motion to dismiss, strike or exclude reference to events reflected in Racketeering Act No. 3 because of government's inability to prove allegations therein" (521) be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), Miller (595), Warneke (605), Rostron (608) and Brock (614) to adopt McVay's Meinen's and Blake's "Motion to dismiss count one of the indictment as to defts as insufficient to meet the requirements of 18:1962(c)" and Meinen's and Blake's "Motion to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" (534) be Granted; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (582), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due Process" (532) be Granted; It is further ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), Hanson (571), Blake (574), Meinen (593), Miller (595), Warneke (605), Rostron (608), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (533) be Granted; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), (571), Blake (575), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion to strike |

| | | |
|---|---|---|
| | | various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO Statute" (531) be Granted........ (bdf, ) Modified on 09/02/1998 (Entered: 09/01/1998) |
| 08/28/1998 | 720 | .............It is further ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), Hanson (571), Blake (577), Meinen (593), Miller (595) and Jensen (603) to adopt Warneke's "Motion to dismiss duplicitous and multiplicitous conspiracy charge Racketeering Act 23 in Count 1 and Counts 2 and 3" (536) be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) to adopt Blake's "Motion to strike various aspects of the RICO charges due to their violation of his right to due Process" be Granted; It is further Ordered that the motions of Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) to adopt Blake's "Motion to strike various aspects of the RICO charges in the case as a violation of the First Amendment's Right to Freedom of Association" (541) be Granted; It is further Ordered that the motions of Kadlec (553), McVay (560), Mroch (561), Kruppstadt (562), Jensen (564), Morgan (566), Powers (568), O'Neill (569), Blake (581), Meinen (593), Warneke (605), Rostron (608) and Brock (614) to adopt Miller's "Motion to strike prejudicial surplusage" (549) be Granted; It is further Ordered that Miller's "Motion to strike prejudicial surplusage" (549) (joined by Kadlec (533), McVay (560), Mroch (561), Kruppstadt (562), Jensen(564), Morgan (566), Powers (568), O'Neill (569), Blake (581), Meinen (593), Warneke (605), Rostron (608) and Brock (614) be Denied; It is further Ordered that Powers' "Motion to strike as surplusage all language set forth in Paragraph 1(a) through (d) of the indictment" (551) (joined by McVay (560), Mroch (561), Kruppstadt (562), Jensen (564), Morgan (566), (569), Blake (580), Meinen (593), Miller (595) and Warneke (605)) be Denied; It is further Ordered that the motions of McVay(560), Mroch (560), Kruppstadt (562), Jensen (564), Morgan (566), O'Neill (569), Blake (580), Meinen (593), Miller (595) and Warneke (605) to adopt Powers' "Motion to stike as surplusage all language set forth in Paragraph l(a) through (d) of the indictment" (551) be Granted; It is further Ordered that the motions of McVay (560), Mroch (561), Miller (595) and Warneke (605) to adopt Hanson's "Motion for bill of particulars" (510) be Granted; It is further Ordered that Hanson's "Motion for a bill of particular ((510) (joined by McVay (560), Mroch (561), Miller (595) and Warneke (605) be Denied............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | ............It is further Ordered that the motions of McVay (560), Mroch (561), Powers (568), Blake (589), Meinen (593), Miller (595) and Warneke (605) to adopt Kruppstadt's "Motion for a bill of particulars under Rule 7(f)" (491) be Granted; It is further Ordered that Kruppstadt's "Motion for a bill of particulars under Rule 7(f)" (491) (joined by McVay (560), Mroch (561), Powers (568), Blake (589), Meinen (593), Miller (595) and Warneke (605)) be Denied; It is further Ordered that the motions of McVay (560), Mroch (561), Powers (568), Miller (595), Warneke (605), Kadlec (610) and Blake (630) to adopt Meinen's "demand for a bill of particulars" (516) be Granted; It is further Ordered that Meinen's "demand for a bill of particulars" (516) (joined by McVay (560), Mroch (561), Powers (568), Miller (595), Warneke (605), |

| | | | |
|---|---|---|---|
| | | | Kadlec (610) and Blake (630)) be Granted, as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of Meinen's motion/demand; It is further Ordered that the motions of McVay (560), Mroch (561), Meinen (593), Miller (595), Warneke (605), Kadlec (610) and Blake (630) to adopt O'Neill's "Motion for a bill of particulars" (514) be Granted; It is further Ordered that O'Neill's "Motion for a bill of particulars" (524) (joined by McVay (560), Mroch (561), Meinen (593), Miller (595), Warneke (605), Kadlec (610) and Blake (630)) be Granted, as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of O'Neill's motion; It is Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (592), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630) to adopt Morgan's "Motion for a bill of particulars" (527) be Granted; It is further Ordered that Morgan's "Motion for a bill of particulars'" (527) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (592), Meinen (593), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Granted as to the type of drugs that were allegedly involved in the drug conspiracy charges and Denied as to the rest of Morgan's motion; It is further Ordered that the motions of McVay (560), Mroch (561), Jensen (564), Powers (568), Blake (586), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) to adopt Kruppstadt's "Motion to require the govt to particularize its evidence under Rule 16a(1)(C)" (489) be Granted;.......... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ...........It is further Ordered that Kruppstadt's Motion to require the govt to particularize its evidence under Rule 16(a)(1)(C)" (489) (joined by McVay (560), Mroch (561), Jensen (564), Powers (568), Blake (586), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) be Denied; It is further Ordered that the motions of Mroch (561), Jensen (564), Powers (568), Miller (595), Warneke (605) and Rostron (608) to adopt Meinen's "Motion for severance of defts and counts" (514) be Granted; It is further Ordered that Meinen's "Motion for severance of defts and counts" (514) (joined by Mroch (561), Jensen (564), Powers (568), Miller (595), Warneke (605) and Rostron (608) be Denied, as moot; It is further Ordered that the motions of Mroch (561), Jensen (564), Morgan (566), Powers (568) and Warneke (605) to adopt Miller's "Motion to sever counts" (547) be Granted; It is further Ordered that Miller's "Motion to sever counts' (547) (joined by Mroch (561), Jensen (564), Morgan (566), Powers (568) and Warneke (605) be Denied; It is further Ordered that the motion of Mroch (561) to adopt Hanson's "Motion for severance" (186) be Granted; It is further Ordered that Hanson's "Motion for severance" (186) (joined by Mroch (561)) be Denied; It is further Ordered that Mroch's "Motion to sever from Randall Miller" be Denied; It is further Ordered that the motions of Mroch (561), Powers (568), Meinen (593), Miller (595), Warneke (605) and O'Neill (616) to adopt Kruppstadt's "Motion for relief from prejudicial joinder under Rule 14" (492) be Granted; It is further Ordered that Kruppstadt's "Motion for relief from prejudicial joinder under Rule 14" (492) (joined by Mroch (561), Powers (568), Meinen (593), Miller (595), Warneke (605) and O'Neill (616)) be Denied; It is further Ordered that the motions of Mroch (561), Blake (587), Meinen (593) and Warneke (605) to adopt O'Neill's "Motion for severance from Randall Miller" (508) be Granted; It is further Ordered that O'Neill's "Motion for severance |

| | | |
|---|---|---|
| | | from Randall Miller" (508) (joined by Mroch (561), Blake (587), Meinen (593) and Warneke (605)) be Denied; It is further Ordered that the motions of Kruppstadt (562), Powers (568), O'Neill (569) and Rostron (608) to adopt Meinen's "Motion for severance of trial from that of James Schneider " (512) be Granted; It is further Ordered that Meinen's "Motion for severance of trial from that of James Schneider" (512) (joined by Kruppstadt (562), Powers (568), O'Neill (569) and Rostron (608)) be Denied.......... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | .........It is further Ordered that the motions of Mroch (561), Jensen (564), Morgan (566), Powers (568), Meinen (595) and Warneke (605) to adopt Blake's "Motion to sever trial of Blake from that of O'Neill and Miller" (543) be Granted; It is further Ordered that Blake's "Motion to sever trial of Blake from that of O'Neill and Miller" (543) (joined by Mroch (561), Jensen (564), Morgan (566), Powers (568), Meinen (593) and Warneke (605) be Denied; It is further Ordered that the motions of Mroch (561), Kruppstadt (562), Powers (568) and Warneke (605) to adopt Miller's "Motion to sever trial of Miller from that of O'Neill, Kadlec, Kruppstadt, Mroch, Schneider, Powers, Hanson, Warneke and Jensen" (546) be Granted; It is further Ordered that Miller's "Motion to sever trial of Miller from that of O'Neill, Kadlec, Kruppstadt, Mroch, Schneider, Powers, Hanson, Warneke and Jensen" (546) (joined by Mroch (561), Kruppstadt (562), Powers (568), and Warneke (605)) be Denied It is further Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (583), Meinen (593), Miller (595), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Morgan's "Motion to sever on the grounds that this case will potentially be a Mega–Trial" (529) be Granted; It is further Ordered that Morgan's "Motion to sever on the grounds that his case will potentially be a Mega–Trial" (529) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (583), Meinen (593), Miller (595), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Granted, in part and Denied in part; It is further Ordered that the motions of Mroch (561), Morgan (566), Blake (585), Meinen (593) and Warneke (605) to adopt Rostron's "Motion for severance of trial of Rostron from his co–defts" (502) be Granted; It is further Ordered that Rostron's "Motion for severance of trial of Rostron from his co–defts' (502) (joined by Mroch (561), Morgan (566), Blake (585), Meinen (593) and Warneke (605)) be Granted, in part, as to Mega–Trial concerns and Denied, as to all other parts; It is further Ordered that the motions of Mroch (561), Morgan (566) and Warneke (605) to adopt Jensen's Motion for severance trial of Jensen from his co–defts" (505) be Granted.............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | .........It is further Ordered that Jensen's "Motion for Severance of Trial of Jensen from his Co–defts" (505) (joined by Mroch (561), Morgan (566) and Warneke (605)) be Granted, in part, as to Mega–Trial Concerns and Denied, as to all other parts; It is further Ordered that the motions of Kruppstadt (562), Morgan (566), Powers (568), Blake (578) and Meinen (593) to adopt McVay's "Motion to sever on the basis of defts and of counts' (535) be Granted; It is further Ordered that McVay's "Motion to Sever on the basis of defts and of counts" (535) (joined by Kruppstadt (562), Morgan (566), Powers (568), Blake (578), and Meine ((593)) be Granted in part, as to |

| | | | |
|---|---|---|---|
| | | | Mega–Trail Concerns and Denied, as to all other parts; It is further Ordered that the motion of Mroch (561) to adopt Warneke's "Rule 14 Motion for relief form Prejudicial Joinder of defts" (537) be Granted; It is further Ordered that Warneke's "Rule 14 Motion for relief from Prejudicial Joinder of defts" (537) (joined by Mroch (561)) be Granted, in part, as to Mega–Trial Concerns and Denied, as to all other parts; It is further Ordered that Blake's "Motion to adopt Various co–defts' reply memo" (660–680) be Granted; It is further Ordered that Meinen's "Motion to adopt various co'defts' reply memo" (681) be Granted; It is further Ordered that the motions of McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (573), Meinen (593), Jensen (603), Warneeke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630) to adopt Morgan's "Motion for a Santiago Hearing and for a pretrial Ruling concerning alleged co–conspirator statements" (525) be Granted; It is further Ordered that ruling be reserved on Morgan's "Motion for a Santiago Hearing and for a pretrial ruling concerning alleged co–conspirator statements" (525) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Blake (573), Meinen (593), Jensen (603), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630))........... (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ...........It is hereby Recommended that Rostron's "Motion to dismiss indictment and stay proceedings" (494) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (590), Meinen (593), Miller (595), Warneke (605) and Brock (614) be Denied; It is further Recommended that Rostron's "Motion to strike all Racketeering Acts involving conspiracy from Counts one and two" (496) (joined by Blake (576), Brock (614), Hanson (523), Jensen (564), Kadlec (553), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "alternative motion to require election of one Racketeering Act involving Conspiracy" (498) (joined by Blake (588), Brock (614), Hanson (523), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "alternative motion to require election of One Racketeering Act involving Conspiracy" (498) (joined by Blake (588), Brock (614), Hanson (523), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (523), Power (568) and Warneke (605)) be Denied; It is further Recommended that Rostron's "Motion to strike Predicate Acts of conspiracy from Count 2" (497) (joined by Blake (584), Brock (614), Hanson (571), Jensen (564), Kruppstadt (562), McVay (560), Meinen (593), Miller (595), Morgan (523), Mroch (561), O'Neill (23), Powers (568) and Warneke (605)) be Denied; It is further Recommended that Meinen's, McVay's, and Blake's "Motion to Dismiss and/or Strike Counts 1 and 2 based on certain defts not being involved in operation and management of the enterprise" (517) (joined by Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Hanson (571), Miller (595), Warneke (605), Rostron (608), Brock (614) and Blake (630)), be Denied; It is further Recommended that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude Racketeering Act No. 23 in Count 1 and Count 3 for failure to allege type of controlled substances distributed and motion to stike paragraph 19(d) under Category IV, Means and Methods" (519) (joined by Mroch (561), Kruppstadt |

| | | | |
|---|---|---|---|
| | | | (562), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Denied; It is further Recommended that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude reference to events reflected in Racketeering Act No. 3 because of govt's inability to prove allegations therein" (521) (joined by Mroch (561), Kruppstadt (562), O'Neill (569), Miller (595), Warneke (605), Rostron (608), Kadlec (610), Brock (614) and Blake (630)) be Denied; It is further recommended that McVay's Meinen's and Blake's "motion to dismiss count one of the indictment as to defts insufficient to meet the requirements of 18:1962(c)" and Meinen's and Blake's "motion to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" (534) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), O'Neill (569), Miller (595), Warneke (605), Rostron (608) and Brock (614)) be Denied.............. (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/28/1998 | 720 | | ..........It is further Recommended that Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process" (532) (joined by Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (582), Meinen (593), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (533) (joined by McVay (560), Mroch (561), Kruppstadt (562), Powers (568), Hanson (571), Blake (574), Meinen (593), Miller (595), Warneke (605), Rostron (608), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Morgan's "Motion to strike various aspects of the RICO Charges in this case as incompatible with a proper interpretation of the RICO Statute' (531) (joined by Mroch (561), Kruppstadt (562), Powers (568), O'Neill (569), Hanson (571), Blake (575), Miller (595), Jensen (603), Warneke (605), Kadlec (610) and Blake (630)) be Denied; It is further Recommended that Warneke's "Motion to dismiss duplicitous and Multiplicitous conspiracy charge Racketeering Act 23 in Count 1 and Counts 2 and 3" (536) (joined by McVay (560), Mroch (561), Kruppstadt (562), Morgan (566), Powers (568), Hanson (571), Blake (577), Meinen (593), Miller (595) and Jensen (603))be Denied; It is further Recommended that Blake's "Motion to strike various aspects of the RICO charges due to their violation of his right to due process" (539) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605)) be Denied; It is further Recommended that Blake's "Motion to strike various aspects of the RICO charges in this case as a violation of the First Amendment's Right to Freedom of Association" (541) (joined by Kadlec (553), Mroch (561), Kruppstadt (562), Jensen (564), Powers (568), O'Neill (569), Meinen (593), Miller (595) and Warneke (605) be Denied (cc mailed to all counsel) (bdf, ) Modified on 09/02/1998 (Entered: 09/02/1998) |
| 08/31/1998 | 721 | | ORDER by Mag Judge William E. Callahan denying joint motion of defts for order governing public disclosure (cc: all counsel) (bdf, ) (Entered: 09/02/1998) |
| 09/04/1998 | 722 | | MOTION to extend time to file objections by Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E |

| | | | |
|---|---|---|---|
| | | | Powers, James C Rostron, Leslie John Jensen (bdf, ) (Entered: 09/08/1998) |
| 09/04/1998 | 723 | | AFFIDAVIT of Atty. Daniel D. Resheter, Jr. by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen (bdf, ) (Entered: 09/08/1998) |
| 09/14/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to file objections [722–1] to 10/14/98 for Kevin P O'Neill, for Carl J Warneke, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (cc: all counsel) (bdf, ) (Entered: 09/15/1998) |
| 09/15/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to adopt motion for extension of time to file objections by deft Raymond Morgan (cc: all counsel) (bdf, ) (Entered: 09/16/1998) |
| 09/16/1998 | 727 | | MOTION to set status date by defts. (bdf, ) (Entered: 09/17/1998) |
| 09/21/1998 | 728 | | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 10/14/1998 | 733 | | OBJECTIONS by defendant Kevin P O'Neill, defendant Robert A Kruppstadt to the Magistrate's Recommendation and order dated August 28, 1998. (bdf, ) (Entered: 10/16/1998) |
| 10/14/1998 | 734 | | OBJECTIONS by defendant Kevin P O'Neill to Magistrate's recommendation and order re: motion for severance based on possibility of a conflict of interest. (bdf, ) (Entered: 10/16/1998) |
| 10/14/1998 | 736 | | OBJECTIONS by plaintiff USA to Magistrate Judge's recommendation and order re: Round III pretrial motions (bdf, ) (Entered: 10/16/1998) |
| 10/19/1998 | 751 | | ORDER by Judge J. P. Stadtmueller that O'Neill's "Omnibus motion to suppress evidence intercepted or gather under Title III" (docket No. 355) is denied in part and granted in part; It is further Ordered that Blake's "motion to suppress evidence under Franks v. Delaware" (docket no. 367) is denied; It is further ordered that Powers' Motion to suppress evidence obtained through March 12, 1995, warrantless stop and search of automobile" (docket no. 389) is denied; It is further ordered that Miller's "Motion to dismiss indictment and/or suppress evidence due to outrageous govt conduct" (docket no. 372) is denied; It is further ordered that Miller's "Motion to suppress physical evidence and fruits of unlawful searches, surveillances and seizures" (docket No. 373) is denied; It is further ordered that Miller's "Motion to suppress statements" (docket No. 374) is denied; It is further ordered that Morgan's "Motion to suppress evidence seized as a result of the March 8, 1995, arrest, search and seizure in evidence in Gary, Indiana" (docket No. 360) is granted in part and denied in part; It is further ordered that Kruppstadt's "Motion to suppress evidence seized as a result of the search of 1228 Hayes Avenue, Racine, Wisconsin" (docket No. 363) is denied; It is further ordered that Mroch's "Motion challenging a search pursuant to a warrant of 7332 W. 59th Street, Summit, Illinois" (docket No. 346) is denied; It is further ordered that Meinen's "Motion to suppress physical evidence" (docket No. 350) is denied; |

| | | | |
|---|---|---|---|
| | | | It is further ordered that Meinen's "Motion to suppress statements" (docket No. 349) is denied; It is further ordered that Blake's and O'Neill's "Motion to suppress under Draper v. United States and Miranda v. Arizona Any and All Oral, written, adopted or recorded statements and/or any evidence seized from [their respective] Persons and/or Vehicles by the Village of Fox Lake, Illinois, Police Dept on February 10, 1994" (docket No. 366) is denied; It is further ordered that Morgan's "Motion to suppress evidence seized as a result of Illegal stop of automobile, arrest and search on September 3, 1994" (docket No. 358) is denied; It is further ordered that McVay's Kruppstadt's Meinen's Blake's, O'Neill's, and Power's "Motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (docket No 370) is denied; It is further ordered that Kruppstadt's, McVay's, Meinen's, Hanson's, O'Neill's Power's and Blake's "Motion to suppress physical evidence seized on June 10, 1997, at 1263 Cherry Street, Janesville, Wisconsin" (Docket No. 363) is denied; It is further ordered that defts' motion to adopt each other's Round II objections is granted; It is further ordered that pursuant to the court's determination that the govt did not timely seek subsequent authorizaitons for Title III surveillance regarding crimes not listed in the original authorizations, all counts of the indictment is dismissed; It is further ordered that the defts detained on the offenses charged in the indictment be and the same are hereby provisionally released from custody; and It is further ordered that the order releasing defts is stayed for 30 days. (cc: all counsel) (bdf, ) |
| 10/20/1998 | 754 | | SUPPLEMENTAL EX PARTE CJA REQUEST (SEALED) (tlf, ) (Entered: 10/21/1998) |
| 10/22/1998 | 757 | | MOTION to adopt objections to Magistrate Judge's Recommendation and Order on Round III pretrial motions filed by Miller [745–1] as they pertain to O'Neill; Powers [746–1] re motion to strike surplasage; McVay [739–1]; Rostron [729–1] as they pertain to O'Neill; Blake [742–1]; Meinen [741–1]; and Jensen [747–1] by Kevin P O'Neill (tlf, ) (Entered: 10/23/1998) |
| 10/22/1998 | 758 | | AFFIDAVIT of John J Schaan by defendant Kevin P O'Neill (tlf, ) (Entered: 10/23/1998) |
| 10/26/1998 | 761 | | MOTION for reconsideration of 10/19/98 Order dismissing the indictment by USA as to all defendants (tlf, ) |
| 10/26/1998 | 763 | | APPEAL Notice to USCA by defendant Kevin P O'Neill regarding that portion of the court's 10/19/98 Order [751–1] staying the release of defendant O'Neill (cc: all counsel) (tlf, ) (Entered: 10/27/1998) |
| 10/27/1998 | | | SHORT RECORD Transmitted to USCA for defendant Kevin P O'Neill Re: Notice of Appeal [763–1] filed 10/26/98 (cc: all counsel) (tlf, ) |
| 10/28/1998 | 773 | | LETTER from defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant Leslie John Jensen as to govt's "motion for reconsideration," other matters (bdf, ) |
| 10/28/1998 | 781 | | REQUEST by plaintiff USA for extension of time to file its response to Round III objections (bdf, ) (Entered: 10/29/1998) |

| 10/30/1998 | 784 | | RESPONSE in support of Magistrate Judge's severance order by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant James William B Brock, defendant James E Meinen, defendant Randall E Miller and not joining because of jurisdictional concerns, but not opposing; defendant Leslie J. Jensen, defendant David Kadlec and defendant Harvey Powers (bdf, ) |
|---|---|---|---|
| 10/30/1998 | 786 | | MEMORANDUM by plaintiff USA in support of motion for reconsideration of 10/19/98 Order dismissing the indictment [761−1] (bdf, ) Modified on 11/02/1998 (Entered: 11/02/1998) |
| 11/02/1998 | | | MARGINAL ORDER by Judge J. P. Stadtmueller denying motion for reconsideration of 10/19/98 Order dismissing the indictment [761−1] (cc: all counsel) (bdf, ) |
| 11/02/1998 | | | As to defendant Kevin P O'Neill Re: Notice of Appeal [763−1] filed 10/26/98 Appeal Number: 98−3757 received from USCA (tlf, ) |
| 11/02/1998 | 787 | | APPEAL Order from USCA that defendant O'Neill is to pay the required $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with the district court (tlf, ) |
| 11/02/1998 | 788 | | Govt's response to Round III objections (bdf, ) (Entered: 11/03/1998) |
| 11/03/1998 | | | APPEAL Fee Paid by defendant Kevin P O'Neill in the amount of $ 105.00 (Receipt # 98045) regarding Notice of Appeal [763−1] filed 10/26/98 (tlf, ) (Entered: 11/04/1998) |
| 11/03/1998 | 789 | | AMENDED NOTICE OF APPEAL re [763−1] by defendant Kevin P O'Neill (the notice is amended to include an appeal of that portion of the 10/19/98 court order [751−1] retaining jurisdiction despite dismissal) (cc: all counsel) (tlf, ) (Entered: 11/04/1998) |
| 11/04/1998 | | | SHORT RECORD Transmitted to USCA for defendant Kevin P O'Neill Re: Amended Notice of Appeal [789−1] filed 11/3/98 (cc: all counsel) (tlf, ) |
| 11/10/1998 | <u>793</u> | | SUPERSEDING INDICTMENT by USA. Counts filed against Kevin P O'Neill (1): count(s) 1s, 2s, 3s, 5s, 6s, 7s; Carl J Warneke (2): count(s) 1s, 2s; Raymond L Morgan (3): count(s) 1s, 2s; Robert A Kruppstadt (4): count(s) 1s, 2s, 3s, 5s, 6s, 7s; Richard E Mroch (5): count(s) 1s, 2s, 3s; Randy M Yager (6): count(s) 1s, 2s; Johnson F Blake (7): count(s) 1s, 2s, 3s, 7s; William B Brock (8): count(s) 1s, 2s; James E Hanson (9): count(s) 1s, 2s; David A Kadlec (10): count(s) 1s, 2s; Allen J McVay (11): count(s) 1s, 2s, 3s; James E Meinen (12): count(s) 1s, 2s, 3s, 4s; Randall E Miller (13): count(s) 1s, 2s, 3s, 4s; Harvey E Powers (14): count(s) 1s, 2s, 3s, 6s, 7s; James C Rostron (15): count(s) 1s, 2s; James W Schneider (16): count(s) 1s, 2s, 3s, 5s; Leslie John Jensen (17): count(s) 1s, 2s. RICO forfeiture allegations pursuant to 18:1963 as to ALL DEFENDANTS. (klp, ) (mlm). (Entered: 11/12/1998) |
| 11/12/1998 | | | As to defendant Kevin P O'Neill Re: [789−1] Appeal Number: 98−3855 received from USCA (hmv, ) |
| 11/12/1998 | 794 | | APPEAL Order from USCA that the petitioner should either pay the $105.00 appellate filing fee or file a motion to proceed in forma pauperis with the |

| | | | District Court; if either action is not taken the appeal will be dismissed. (hmv, ) |
|---|---|---|---|
| 11/13/1998 | 795 | | NOTICE of hearing arraignment on superseding indictment set for 11:00 11/19/98 before Magistrate Judge Gorence in courtroom 225 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for James W Schneider, for Leslie John Jensen (bdf, ) |
| 11/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting deft Rostron's request to travel to Woodstock, Illinois for Thanksgiving and Christmas Day (cc: all counsel) (bdf, ) |
| 11/16/1998 | 800 | | APPLICATION by plaintiff USA and ORDER (PJG) for a writ of HC f/defts appearance on 11/19/98 at 11:00 a.m. Writ issued (bdf, ) (Entered: 11/20/1998) |
| 11/19/1998 | 803 | | MOTION to confirm and continue release and detention status of defts by USA (bdf, ) (Entered: 11/20/1998) |
| 11/19/1998 | 804 | | HEARING MINUTES: before Mag Judge Patricia J. Gorence dft Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen arraigned; not guilty plea entered by court on behalf of all defts'; to Mag Judge William E. Callahan All CJA counsel object to court's jurisdiction and appear only as a friend of the court. pretrial motions set for 12/11/98,1/6/99 and 1/15/99 Defense counsel may only file motions that realte to the superseding indictment and which could not have been filed under this court's previous scheduling orders for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, Allen J McVay, for Randall E Miller, Harvey E Powers, for James C Rostron, for James W for Leslie John Jensen Court continues the orders of detention previously entered and the release orders previously entered. Court Reporter: Heidi T. (bdf, ) Modified on 11/23/1998 (Entered: 11/23/1998) |
| 11/23/1998 | 809 | | SEALED (bdf, ) |
| 11/23/1998 | 812 | | LETTER from the Magistrate Judge Callahan in response to Atty. Chris Van Wagner letter (bdf, ) (Entered: 11/24/1998) |
| 11/23/1998 | 813 | | ORDER by Mag Judge William E. Callahan denying motion for withdrawal of attorney Robert G. LeBell [801−1] (cc: all counsel) (bdf, ) (Entered: 11/24/1998) |
| 11/23/1998 | 814 | | ORDER by Mag Judge William E. Callahan granting motion to confirm and continue release and detention status of defts [803−1] (cc: all counsel) (bdf, ) (Entered: 11/24/1998) |
| 11/25/1998 | 818 | | LETTER from Magistrate Judge Callahan in response to Atty. Bowe's letter regarding representation of deft Warneke. (bdf, ) |

| 11/25/1998 | 821 | | LETTER from Magistrate Judge Callahan to Atty. Ann Bowe w/attached letter for deft Warneke (bdf, ) |
|---|---|---|---|
| 11/25/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for temporary modification of conditions of release [819-1] (cc: all counsel) (bdf, ) |
| 11/30/1998 | 822 | | ORDER by Judge J. P. Stadtmueller (sealed) (bdf, ) |
| 12/02/1998 | 824 | | LETTER (sealed) (bdf, ) (Entered: 12/03/1998) |
| 12/07/1998 | 825 | | APPEAL from Mag Judge's Order by defendant Kevin P O'Neill concerning Re: [814-1] (bdf, ) |
| 12/07/1998 | 826 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) |
| 12/08/1998 | 834 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [827-1] (cc: all counsel) (bdf, ) Modified on 01/07/1999 (Entered: 12/09/1998) |
| 12/11/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan denying motion to extend time to file motions [836-1] (cc: all counsel) (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 849 | | STATEMENT ON JOINDER OF MOTIONS joining motion for disclosure of grand jury information and Local Rule 6.02 statement [847-1], joining motion to dismiss second indictment [845-1] by Richard E Mroch, Leslie John Jensen, Randall E Miller, William B Brock, Raymond L Morgan, Kevin P O'Neill, Allen J McVay, Johnson F Blake, Robert A Kruppstadt, David A Kadlec, Harvey E Powers (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 860 | | MOTION to dismiss indictment and to suppress evidence gathered under Title III by Kevin P O'Neill (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 861 | | MOTION for disclosure of use of Title III materials in second grand jury and supporting authority by Kevin P O'Neill (tlf, ) (Entered: 12/14/1998) |
| 12/11/1998 | 876 | | MOTION to suppress arrest warrants issued re 5/30/97 indictment and to suppress evidence seized on 6/10/97 at Janesville Clubhouse of Outlaws Motorcycle Club by Allen J McVay, Kevin P O'Neill, Robert A Kruppstadt, Johnson F Blake, James E Hanson, James E Meinen, Harvey E Powers (tlf, ) (Entered: 12/14/1998) |
| 12/14/1998 | 881 | | Deft O'Neill's amended motion to motion to dismiss indictment and to suppress evidence gathered under Title III (bdf, ) Modified on 12/17/1998 (Entered: 12/15/1998) |
| 12/15/1998 | 886 | | ORDER by Chief Judge J. P. Stadtmueller that the motions to adopt submitted by Hanson (Docket Nos. 730 and 735), Blake (Docket No. 743), Miller (Docket No. 744), Jensen (Docket Nos. 748), Meinen (Docket Nos. 752,765 and 768), Morgan (Docket No. 756), O'Neill (Docket No. 757), Rostron (Docket No. 766), Kadlec (Docket No. 785) and Kruppstadt (Docket No. 792) be and the same are hereby granted; It is further ordered that Rostron's "Motion to dismiss the indictment and stay proceedings" (Docket No. 494) is hereby denied; It is further ordered that Rostron's "Motion to |

strike all racketeering acts involving conspiracy from counts one and two" (Docket No. 496) is denied; It is further ordered that Rostron's "Alternative motion to require election of one racketeering act involving conspiracy" (Docket No. 498) is denied; It is further ordered that Rostron's "Motion to strike predicate acts of conspiracy from count two" (Docket No. 497) is denied; It is further ordered that Meinen's, McVay's, and Blake's "Motion to dismiss or strike counts one and two" (Docket No. 517) is denied, It is further ordered that Meinen's, McVay's and Blake's "Motion to dismiss, strike or exclude" [racketeering act number 23 in counts one and three for failure to allege the type of controlled substances distributed] (docket no. 519) is denied; It is further ordered that Meinen's, McVay's and Blake's "Motion to dismiss count one of the indictment as to those defts as insufficient to meet the requirements of 18:1962(c), and of the defts Meinen and Blake to strike portions of count one as insufficient to meet the requirements of 18:1962(c)" (Docket No. 534) is denied; It is further ordered that Morgan's "Motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process" (Docket No. 532) is denied; It is further ordered that Morgan's "Motion to strike charges relating to the years when he was not in any authority role in the Outlaw Motorcycle Club" (Docket No. 533) is denied; It is further ordered that Morgan's "Motion to strike various aspects of the RICO charges in his case as incompatible with a proper interpretation of the RICO statute" (Docket No. 531) is denied; It is further ordered that Warneke's [as joined by other defts] "Combined motion to dismiss duplicitous and multiplicitous {sic} conspiracy charge racketeering act 23 in count one and counts two and three" (docket No. 536) is denied; It is further ordered that Blake's Meinen's O'Neill's and McVay's "Motion to strike various aspects of the RICO charges due to their violation of his right to due process" (Docket No. 539) is denied; It is further ordered that Blake's Meinen's, O'Neill's and McVay's "Motion to strike various aspects of the RICO charges in this case as a violation of the first amendment's right to freedom of association" (Docket No. 541) is denied; It is further ordered that Miller's objection to the magistrate's denial of his "Motion to strike prejudicial surplusage" (Docket No. 549) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Powers' objection to the magistrate's denial of his "Motion to strike surplusage from indictment" (Docket No. 551) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Meinen's objection to the magistrate's denial of his "Demand for bill of particular" (Docket No. 516 is denied; It is further ordered that the magistrate's partial grant of Meinen's demand for bill of particular" (Docket No. 516) is vacated as moot; It is further ordered that Meinen's objection to the magistrate's denial of his "Motion for severance of defts and counts" (Docket No. 514) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Miller's objection to the magistrate's denial of his "Motion to sever counts" (docket No. 547) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Jensen's objection to the magistrate's denial of Miller's "Motion to sever counts" (Docket No. 547), Hanson's "Motion for severance" (Docket No. 186), Mroch's "Motion for severance from deft Randall Miller" (Docket no. 485), Blake's "Motion for severance pursuant to Fed. R. Crim. P. 14 from defts Kevin P. O'Neill and Randall E. Miller" (Docket No. 543), and Miller's "Motion for severance of defts" (Docket No. 546) is denied and the court hereby adopts the

| | | | |
|---|---|---|---|
| | | | magistrate's order on this point; It is further ordered that Meinen's objection to the magistrate's denial of his "Motion for severance" (Docket No. 512) is denied and the court adopts the magistrate's order on this point; It is further ordered that Rostron's objection to the magistrate's partial denial of his "Motion to sever Co–defts" (Docket No. 502) is denied and the court hereby adopts the magistrate's order on this point; It is further ordered that Jensen's objection to the magistrate's partial denial of his "Motion for severance of defts" (Docket No. 505) is denied and the court adopts the magistrate's order on this point; It is further ordered that McVay's objection to the magistrate's partial denial of his "Motion to sever on the basis of misjoinder of defts and counts" (Docket No. 535) is denied and the court hereby adopts the magistrate's order on this point; It is furhter ordered that Warneke's objection to the magistrate's partial denial of his "Rule 14 motion for relief from prejudcal joinder of defts" (Docket No. 537) is denied and the court adopts the magistrate's order on this point; It is further ordered that Kruppstadt's objection to the magistrate's denial of his "Motion for relief from prejudcial joinder under F.R.Cr.P. Rule 14" (Docket No. 492), is denied and the court adopts the magistrate's order on this point; It is further ordered that O'Neill's objection to the magistrate's denial of his "Motion for severance from deft Rnadall Miller" (Docket No. 508) as it relates to the alleged conflict of interest involving Daniel Bishop is partially denied and the court hereby adopts the magistrate's order on this point with the exception of O'Neill's objection to the magistrate's denial of his "Motion for severance from deft Randall Miller"s (Docket No. 508) as it relates to Attorney Franklyn Gimbel's alleged conflict of interest with regard to his previous representation of defts, on which point the magistrate's order is hereby vacated and the motion is remanded to Magistrate Judge William E. Callahan, Jr. for further determination consistent with this decision; It is further ordered that the govt's, McVay's and Jensen's responses to the magistrate's partial denial of Morgan's "Motion to sever on the grounds that his case will potentially be a mega–trial (Docket No. 529( as well as their objections and/or responses to the mega/trial portions of Rostron's "Motion to sever co–defts" (Docket No. 502), Jensen's "Motion for severance of co–defts" Docket No. 505), McVay's "motion to sever on the basis of misjoinder of defts and of counts" (Docket No. 535) and Warneke's "Rule 14 motion for relief from prejudicial joinder of defts" (Docket No. 537) are denied without prejudice. all counsel) (bdf, ) (Entered: 12/17/1998) |
| 12/16/1998 | 884 | | MOTION to adopt joining motion to dismiss second indictment [845–1] by Kevin P O'Neill (bdf, ) |
| 12/16/1998 | 885 | | MOTION to adopt motion for disclosure of grand jury information and Local Rule 6.02 statement [847–1] by Kevin P O'Neill (bdf, ) |
| 12/16/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan that deft Kevin O'Neill's motion to accept amended motion as timely filed is granted (cc: all counsel) (bdf, ) (Entered: 12/17/1998) |
| 12/16/1998 | 888 | | MOTION joining deft Morgan's notice of request for exculpatory information; to join/adopt joining motion to dismiss Count 1s of the 11/10/98 indictment as insufficient to meet requirements of 18:1962(C) [879–1], joining motion to produce Giglio material [878–1], joining motion to sever on the grounds that this case will potentially be a mega–trial [872–1], joining |

| | | | |
|---|---|---|---|
| | | | motion for Santiago hearing [870–1], joining motion to strike various aspects of RICO charges as incompatible with a proper interpretation of the RICO statute [868–1], joining motion to compel additional discovery [862–1], joining motion to unseal court records [859–1], joining motion to exclude discovery for failure to comply with discovery order, or to dismiss [853–1], joining motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850–1] by Kevin P O'Neill (bdf, ) (Entered: 12/17/1998) |
| 12/17/1998 | 889 | | ORDER by Mag Judge William E. Callahan that Atty. Gimbel is directed to advise this court whether any defts, other than Randall Miller, have paid him or his firm to represent them in this criminal proceeding and, if so, who those other defts are, all by 12/31/98. (cc: all counsel) (bdf, ) |
| 12/17/1998 | 890 | | MANDATE/CERTIFIED COPY from USCA USCA Number: 98–3757 dismissing the appeal [763–1] as unnecessary upon motion of defendant–appellant Kevin P O'Neill; NO RECORD FILED (tlf, ) |
| 12/18/1998 | 901 | | ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [895–1] to allow deft Hanson off premises for holiday visitation with his children and family (cc: all counsel) (bdf, ) (Entered: 12/21/1998) |
| 12/22/1998 | 907 | | RESPONSE by plaintiff USA to defts' objections to Judge Callahan's Order of November 23, 1998 (bdf, ) (Entered: 12/23/1998) |
| 12/22/1998 | 908 | | NOTICE of hearing bond hearing set for 9:00 1/6/99 for James C Rostron before Magistrate Judge Callahan (bdf, ) (Entered: 12/23/1998) |
| 12/22/1998 | 909 | | NOTICE of hearing ; bond hearing set for 10:00 1/6/99 for Randall E Miller (bdf, ) (Entered: 12/23/1998) |
| 12/23/1998 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [911–1] (cc: all counsel) (bdf, ) |
| 12/28/1998 | 915 | | MANDATE/CERTIFIED COPY from USCA USCA Number: 98–3855 dismissing the appeal [789–1] and denying all other requested relief as moot for defendant Kevin P O'Neill; NO RECORD FILED (tlf, ) (Entered: 12/29/1998) |
| 01/06/1999 | 926 | | MOTION to extend time to respond to defense motions filed on or about 12/11/98 by USA (bdf, ) (Entered: 01/08/1999) |
| 01/06/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to extend time to respond to defense motions filed on or about 12/11/98 [926–1] and defts' replies are due 1/19/99 (cc: all counsel) (bdf, ) (Entered: 01/08/1999) |
| 01/07/1999 | 924 | | HEARING MINUTES: before Mag Judge William E. Callahan granting motion to review bail conditions [808–1] Testimony taken and arguments from defense counsel and govt. Defense propose imposing curfew and lifting electronic monitoring. Govt oppose modification. Pretrial services has no objection to modification of deft Rostron's bond condition. Court adopts deft's motion and lifts condition of electronic monitoring. Court impose the following curfew: On work days Monday–Friday (and Sat. if deft works) hours imposed: 5:30 a.m. to 8:30 p.m. On days the deft does not work – noon–6:00 p.m., pretrial services may allow deft out at other times w/prior |

| | | | |
|---|---|---|---|
| | | | approval, supervision will be conducted by the Milwaukee office of pretrial services rather than the Chicago office, reporting to pretrial as directed in Milwaukee and all other conditions remain the same. Court Reporter: Terry Bucko (bdf, ) |
| 01/07/1999 | 925 | | RESPONSE by plaintiff USA to motion to dismiss indictment as to Carl J Warneke (2) count(s) 1s, 2s [906–1], motion [881–1], motion to challenge search pursuant to a warrant [882–1], motion to dismiss Count 1s of the 11/10/98 indictment as insufficient to meet requirements of 18:1962(C) [879–1], motion to produce Giglio material [878–1], motion to suppress arrest warrants issued re 5/30/97 indictment and to suppress evidence seized on 6/10/97 at Janesville Clubhouse of Outlaws Motorcycle Club [876–1], motion to dismiss indictment: double jeopardy [874–1], motion to compel additional discovery [862–1], motion for disclosure of use of Title III materials in second grand jury and supporting authority [861–1], motion to dismiss indictment [860–1], motion to suppress evidence gathered under Title III [860–2], motion to suppress all evidence seized on or about 5/3/95 at 1228 Hayes Ave, Racine, WI [858–1], motion to exclude discovery for failure to comply with discovery order, or to dismiss [853–1], motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850–1], motion for disclosure of grand jury information and Local Rule 6.02 statement [847–1], motion to dismiss second indictment [845–1], motion to dismiss as to Raymond L Morgan : double jeopardy [838–1] (bdf, ) |
| 01/11/1999 | 931 | | ORDER by Mag Judge William E. Callahan that on or before 4:30 p.m. on 1/13/99, the govt shall submit to this court for its incamera review: (1) all transcripts of proceedings before the grand jury that returned the 11/10/98, indictment and the record regarding the order obtained by the govt pursuant to 18:2517(5) authorizing the disclosure to that grand jury of any information or evidence derived from conversations intercepted pursuant to Title III Intercept Applications No. 498 and NO. 525.(cc: all counsel) (bdf, ) (Entered: 01/12/1999) |
| 01/15/1999 | 938 | | Sealed (bdf, ) (Entered: 01/19/1999) |
| 01/19/1999 | 942 | | REPLY by defendant Kevin P O'Neill to govt response to motion regarding Title II issues [881–1] (bdf, ) (Entered: 01/20/1999) |
| 01/19/1999 | 950 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) (Entered: 01/20/1999) |
| 01/20/1999 | 945 | | REPLY by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant Leslie John Jensen to response to motion to dismiss indictment: double jeopardy [874–1] (bdf, ) |
| 01/20/1999 | 946 | | REPLY by defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant Allen J McVay, defendant James E Meinen, defendant Harvey E Powers to response to motion to suppress arrest warrants issued re 5/30/97 indictment and to suppress evidence seized on 6/10/97 at Janesville Clubhouse of Outlaws Motorcycle Club [876–1] (bdf, ) |

| 01/21/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion for leave to file instanter [944–1] (cc: all counsel) (bdf, ) |
|---|---|---|---|
| 01/26/1999 | 952 | | ORDER by Mag Judge William E. Callahan hearing on potential conflict of interest hearing set for 10:00 2/8/99 for Johnson F Blake, for James E Hanson, for Randall E Miller before Magistrate Judge Callahan (cc: all counsel) (bdf, ) (Entered: 01/27/1999) |
| 02/03/1999 | 959 | | RECOMMENDATION AND ORDER RE: ROUND IV MOTIONS by Mag Judge William E. Callahan GRANTING motions of Hanson [856–1], O'Neill [888–1], Meinen [891–1], Miller [897–1], Mroch [902–1], Kruppstadt [904–1], and Blake [916–1] to adopt Morgan's motion to dismiss: double jeopardy [838–1]; GRANTING motions of Blake [916–1], Brock [849–1], Hanson [856–1] and [934–1], Jensen, Kadlec, Kruppstadt, and McVay [849–1], Meinen [891–1], Miller [897–1], Morgan [880–1] and [903–1], Mroch [902–1], O'Neill [884–1], and Powers [849–1] to adopt Rostron's motion to dismiss the second indictment [845–1]; GRANTING the motions of Blake [916–1], Brock [849–1], Hanson [856–1] and [ 934–1], Jensen, Kadlec, Kruppstadt and McVay [849–1], Meinen [891–1], Miller [849–1], Morgan [880–1] and [903–1], Mroch [902–1], O'Neill [885–1], and Powers [849–1] to adopt Rostron's motion to order disclosure of information re grand jury and local rule 6.02 statement [847–1]; GRANTING the motions of O'Neill [888–1], Meinen [891–1], Mroch [902–1], Morgan [903–1], Kruppstadt [904–1], Jensen [905–1], Blake [916–1] and Hanson [934–1] to adopt Powers' motion to dismiss indictment returned 11/10/98 for lack of personal jurisdiction [850–1]; GRANTING the motions of O'Neill [888–1], Meinen [891–1], Mroch [902–1], Morgan [903–1], Kruppstadt [904–1], Blake [916–1], Warneke [920–1] , and Hanson [928–1] and [934–1] to adopt Jensen's motion to exclude evidence for failure to comply with discovery order, or to dismiss [853–1]; GRANTING the motions of O'Neill [888–1], Meinen [891–1], Kadlec [892–1], Morgan [903–1], Jensen [905–1], Blake [916–1], Warneke [920–1], and Hanson [928–1] to adopt Kruppstadt's motion to unseal court records [859–1]; GRANTING the motions of Hanson [855–1], Meinen [891–1], Kadlec [892–1], Miller [897–1], Mroch [902–1], Morgan [903–1], Jensen [905–1], Blake [916–1], Warneke [920–1], and Hanson [934–1] to adopt O'Neill's motions to dismiss indictment and suppress evidence gathered under Title III [860–1] and [881–1]; GRANTING the motions of Meinen [891–1], Kadlec [892–1], Miller [897–1], Mroch [902–1], Morgan [903–1], Jensen [905–1], Blake [916–1], Warneke [920–1] and Hanson [934–1] to adopt O'Neill's motion to disclose use of Title III materials in second grand jury [861–1]; GRANTING the motions of O'Neill [888–1], Meinen [891–1], Kadlec [892–1], Rostron [893–1], Mroch [902–1], Morgan [903–1], Kruppstadt [904–1], Jensen [905–1], Blake [916–1], Warneke [920–1] and Hanson [934–1] to adopt Miller's motion to compel additional discovery [862–1]; DENYING, for lack of standing, the motion of Miller [897–1] to adopt Morgan's motion to suppress evidence seized as a result of the 3/8/95 arrest, search and seizure of evidence in Gary, IN [865–1]; DENYING, for lack of standing, the motion of Miller [897–1] to adopt Morgan's motion to suppress illegal stop of automobile, illegal arrest and illegal search [866–1]; GRANTING the motions of Jensen [851–1], O'Neill [888–1], Kadlec [892–1], Miller [897–1], Kruppstadt [904–1], Jensen [905–1], Blake [916–1], Warneke [920–1] and |

Hanson [934−1] to adopt Morgan's motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process [867−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] and [934−1] to adopt Morgan's motion to strike various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO statute [868−1]; GRANTING the motions of O'Neill [888−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt Morgan's motion to strike charges relating to the years when he was not in any authority role in the Outlaws Motorcycle Club [869−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt Morgan's motion for a Santiago hearing and for a pretrial ruling concerning alleged co−conspirator statements [870−1]; GRANTING the motions of Jensen [851−1], O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Miller [897−1], Kruppstadt [904−1], Jensen [905−1], Blake [916−1], Warneke [920−1], and Hanson [928−1] and [934−1] to adopt Morgan's motion to sever on the grounds that this case will potentially be a mega−trial [872−1]; GRANTING the motions of Miller [897−1], Mroch [902−1] and Morgan [903−1] to adopt McVay's motion to dismiss: double jeopardy [874−1]; GRANTING the motion of Meinen [891−1] to adopt McVay's motion to suppress arrest warrants issued out of the 5/30/97 indictment and to suppress any evidence seized by law enforcement officers on 6/10/97 at the Janesville Clubhouse of the Outlaws Motorcycle Club [876−1]; GRANTING the motions of Kadlec [892−1], Miller [897−1], Mroch [902−1], Morgan [903−1], and Warneke [920−1] to adopt McVay's motion with respect to the suppression of arrest warrants out of the 5/30/97 indictment [876−1] and DENYING, for lack of standing, their motions to adopt McVay's motion with respect to suppression of any evidence seized by law enforcement officers on 6/10/97 at the Janesville Clubhouse of the Outlaws Motorcycle Club [876−1]; GRANTING the motions of LeBell [891−1], Rosen [892−1], Barth [902−1], Hunt [903−1], Reiher [916−1] and Bowe [920−1] to adopt CJA Defense Counsel's motion requesting hearing to determine status [877−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Rostron [893−1], Mroch [902−1], Morgan [903−1], Kruppstadt [904−1], Jensen [905−1] and Hanson [934−1] to adopt McVay's motion for production of Giglio material [878−1]; GRANTING the motions of O'Neill [888−1], Meinen [891−1], Kadlec [892−1], Mroch [902−1], Morgan [903−1], Jensen [905−1], Blake [916−1], Warneke [920−1] and Hanson [928−1] to adopt McVay's motion to dismiss Ct 1 of the 11/10/98 indictment as insufficient to meet the requirements of 18:1962(c) [879−1]; DENYING, for lack of standing, the motions of Miller [897−1] and Blake [916−1] to adopt Mroch's motion challenging search pursuant to a warrant as derivative evidence [883−1]; GRANTING, as to joining in the severance plan, the motions of Morgan [903−1], Jensen [905−1], Hanson [934−1] and Meinen to adopt Rostron's renewed motion instanter to sever co−defendants and proposed severance plan [894−1] and DENYING the motions to adopt with respect to Rostron's motion for severance from O'Neill; GRANTING the motions of Morgan [903−1], Jensen [905−1], Hanson [934−1], and Meinen to adopt Warneke's motion to dismiss

indictment [906−1]; DENYING Kruppstadt's motion to unseal court records [859−1]; DENYING, as moot, Rostron and Miller's motion to order disclosure of information regarding grand jury [847−1]; DENYING, as moot, O'Neill's motion to disclose use of Title III materials in second grand jury [861−1]; DENYING, without prejudice, Jensen's motion to exclude evidence for failure to comply with discovery order, or to dismiss [853−1]; DENYING, without prejudice, McVay's motion for production of Giglio material [878−1]; GRANTING in part, DENYING in part, as moot, and DENYING in part, on the merits, Miller's motion to compel additional discovery [862−1]; the government is hereby directed to allow Miller's expert to test audio tapes UC189A and UC189B, subject to conditions discussed in this Recommendation and Order; DENYING Morgan's motion for a Santiago hearing and for a pretrial ruling concerning alleged co−conspirator statements [870−1]; DENYING Morgan's motion to sever on the grounds that this case will potentially be a mega−trial [872−1]; DENYING, as moot, Mroch's demand for a speedy trial [798−1]; DENYING CJA Defense Counsel's motion requesting hearing to determine status [877−1]; RECOMMENDING that Powers' motion to dismiss 11/10/98 indictment for lack of personal jurisdiction [850−1] be DENIED; RECOMMENDING Warneke's motion to dismiss indictment [906−1] be DENIED; RECOMMENDING Rostron's motion to dismiss second indictment [845−1] be DENIED; RECOMMENDING O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860−1] and [881−1] be DENIED; RECOMMENDING that McVay, Blake, Jensen, Kruppstadt, Meinen, Miller, Morgan, Mroch, O'Neill, Powers and Warneke's motion to dismiss: double jeopardy [874−1] be DENIED; RECOMMENDING that Morgan's motion to dismiss: double jeopardy [838−1] be DENIED; RECOMMENDING that Mroch's motion challenging search pursuant to a warrant as derivative evidence [883−1] be DENIED; RECOMMENDING that McVay, Blake, Meinen and Rostron's motion to dismiss Ct 1 of the 11/10/98 indictment as insufficient to meet the requirements of 18:1962(c) [879−1] be DENIED; RECOMMENDING that Kruppstadt's motion to suppress [858−1] be DENIED; RECOMMENDING that McVay, Blake, Kruppstadt, Meinen, O'Neill, Hanson and Powers' motion to suppress arrest warrants issued out of the 5/30/97 indictment and to suppress any evidence seized by law enforcement officers on 6/10/97 at the Janesville clubhouse of the Outlaws Motorcycle Club [876−1] be DENIED; RECOMMENDING that Rostron's renewed motion instanter to sever co−defendants and proposed severance plan [894−1] be DENIED; RECOMMENDING that Morgan's motion to suppress evidence seized as a result of the 3/8/95 arrest, search and seizure of evidence in Gary, IN [865−1] be denied; RECOMMENDING that Morgan's motion to strike charges relating to the years when he was not in any authority role in the Outlaws Motorcycle Club [869−1] be DENIED; RECOMMENDING that Morgan's motion to strike various aspects of the RICO charges in this case due to their violation of his right to due process [867−1] be DENIED; RECOMMENDING that Morgan's motion to strike various aspects of the RICO charges in this case as incompatible with a proper interpretation of the RICO statute [868−1] be DENIED; RECOMMENDING that Morgan's motion to suppress illegal stop of automobile, illegal arrest and illegal search [866−1] be DENIED; any objections to this Recommendation and Order to be filed with the Clerk of Court within 10 days of service of same; failure to file a timely objection

| | | | |
|---|---|---|---|
| | | | shall result in waiver of right to appeal all factual and legal issues counsel) (tlf, ) Modified on 02/04/1999 |
| 02/04/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan granting motion to modify conditions of release [956−1] (cc: all counsel) (tlf, ) (Entered: 02/05/1999) |
| 02/08/1999 | 966 | | HEARING MINUTES: before Mag Judge William E. Callahan in−court hearing held on 2/8/99 (SEALED) Court Reporter: Karen Smith (tlf, ) (Entered: 02/09/1999) |
| 02/08/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan upon oral motion of defendant to withdraw motion for bail review [965−1], the motion is denied as moot, without prejudice for defendant James Hanson (cc: all counsel) (tlf, ) (Entered: 02/09/1999) |
| 02/09/1999 | 969 | | EX PARTE MOTION SEALED (tlf, ) (Entered: 02/10/1999) |
| 02/11/1999 | 970 | | ORDER by Mag Judge William E. Callahan finding that Atty. Gimbel and his law firm have no conflict of interest in continuing to represent Mr. Miller in this criminal proceeding. (cc: all counsel) (bdf, ) (Entered: 02/12/1999) |
| 02/16/1999 | 976 | | ORDER by Judge J. P. Stadtmueller granting motion SEALED [969−1] (bdf, ) (Entered: 02/17/1999) |
| 02/18/1999 | 982 | | OBJECTIONS by defendant Kevin P O'Neill regarding Magistrate's Recommendation on Round IV Motions [959−1] (tlf, ) (Entered: 02/19/1999) |
| 02/18/1999 | 983 | | AFFIDAVIT of William O Marquis by defendant Kevin P O'Neill (tlf, ) (Entered: 02/19/1999) |
| 02/18/1999 | 984 | | AFFIDAVIT of William O Marquis in support of motion to dismiss and suppress under Title III by defendant Kevin P O'Neill (tlf, ) (Entered: 02/19/1999) |
| 02/22/1999 | 992 | | OBJECTIONS by defendant Kevin P O'Neill regarding [959−1] (bdf, ) (Entered: 02/23/1999) |
| 02/25/1999 | 998 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 999 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 1000 | | APPLICATION by plaintiff USA (sealed) (bdf, ) (Entered: 03/01/1999) |
| 02/25/1999 | 1001 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/01/1999) |
| 03/02/1999 | | | MARGINAL ORDER by Judge J. P. Stadtmueller granting motion to extend time to file objections to Magistrate Judge Callahan's Order re: remand for inquiry on funds paid to Atty. Gimbel [991−1] (cc: all counsel) (bdf, ) |
| 03/03/1999 | 1016 | | MOTION to adopt various co−defts' objections to Recommendation and Orders on Round IV motions by Kevin P O'Neill (bdf, ) |
| 03/04/1999 | 1019 | | HEARING MINUTES: before Judge J. P. Stadtmueller sentencing. Court adjourns hearing to allow parties to file briefs. Govt must submit information to the probation dept regarding deft Schneider's revelant conduct by 3/25/99 |

| | | | Court Reporter: Diane M. (bdf, ) (Entered: 03/05/1999) |
|---|---|---|---|
| 03/08/1999 | 1023 | | REQUEST by plaintiff USA (sealed) (bdf, ) Modified on 03/09/1999 (Entered: 03/09/1999) |
| 03/08/1999 | 1024 | | ORDER by Mag Judge William E. Callahan (sealed) (bdf, ) (Entered: 03/09/1999) |
| 03/08/1999 | 1025 | | RESPONSE by plaintiff USA to objections: Round IV (bdf, ) (Entered: 03/09/1999) |
| 03/25/1999 | 1038 | | LETTER from plaintiff USA (bdf, ) (Entered: 03/26/1999) |
| 04/05/1999 | 1046 | | NOTICE of alibi by defendant Kevin P O'Neill (bdf, ) |
| 04/07/1999 | 1048 | | ORDER by Judge J. P. Stadtmueller granting motions to adopt submitted by defendants Blake 1006 , Brock [835, 986, 996], Hanson [857, 960, 975, 994, 1026], Jensen [903, 1009, 1010], Kadlec 1007 , Kruppstadt 1002 , Meinen [971, 1003], Miller 963 , Morgan [967, 1014], Mroch 1015 , O'Neill 1016 , Powers [980, 985], Rostron 993 and Warneke [841, 1017]; denying defendant O'Neill's appeal from the magistrate's order 825 ; denying objections to magistrate's 11/23/98 order re govt's motion to confirm and continue release and detention status of defts by defendants McVay 828 , Meinen 829 , Kruppstadt, Mroch, Hanson, Miller and Meinen 831 , Blake 832 , and Morgan 833 ; denying defendant Meinen's objections to magistrate's order re motion to withdraw counsel 830 ; denying defendant Morgan's amended objections to magistrate's order re govt motion to confirm and continue release and detention status of defts 840 ; adopting and affirming Magistrate Callahan's 11/23/98 Order re LeBell's motion to withdraw as counsel 813 ; adopting and affirming Magistrate Callahan's 11/23/98 Order re govt's motion to confirm and continue release and detention status of defts 814 ; denying in part and granting in part defendant Miller's motion to compel additional discovery 862 , objection 974 , and magistrate's partial grant and partial denial 959 and the magistrate's order is modified pursuant to Section II(A) of this order; granting defendant Kruppstadt's motion to unseal Judge Clevert's Authorization Order of 11/98 859 and objection 989 , and vacating the magistrate's denial 959 as set forth in Section II(B) of this order; remanding defendant O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860, 881] and objection 982 to magistrate's recommendation 959 to deny that motion to Mag Judge Callahan for further hearings in accordance with Section II(C) of this order; denying defendant O'Neill's motion to dismiss indictment and suppress evidence gathered under Title III [860, 881] and second objection 992 to magistrate's recommendation 959 ; denying defendant Rostron's motion to dismiss second indictment 845 and objection 968 to magistate's recommendation 959 ; denying defendant Morgan's motion to dismiss: double jeopardy 838 and objection 978 to magistrate's recommendation 959 ; denying motion to dismiss: double jeopardy filed by defendants McVay, Blake, Jensen, Kruppstadt, Meinen, Miller and Morgan [838, 874], and defendants Mroch, O'Neill, Powers, and Warneke 874 together with their objection 1004 to magistrate's recommendation 959 ; denying defendants Mroch and Kruppstadt's motion to suppress [858, 882] and objection 988 to magistrate's recommendation 959 ; denying defendant Mroch's demand for speedy trial 798 and objection 979 to magistrate's recommendation 959 ; |

| | | | |
|---|---|---|---|
| | | | denying defendant Rostron's renewed motion instanter to sever co–defendants and proposed severance plan 894 and objection 968 to magistrate's recommendation 959 ; denying without prejudice defendant McVay's motion for a bill of particulars and extension of time to file notice of alibi 1005 ; denying defendants' remaining motions not accompanied by objections [850, 865–869, 876, 879, 883, 906] and adopting the magistrate's recommendations as to each (cc: all counsel) (tlf, ) Modified on 04/09/1999 (Entered: 04/08/1999) |
| 04/13/1999 | 1049 | | ORDER by Mag Judge William E. Callahan evidentiary hearing set for 1:30 4/22/99 for Kevin P O'Neill Any co–deft who believes that he has standing to challege the "alleged" illegal intercepts shall submit a written statement by 4/19/99, of the basis for such claim of standing. (cc: all counsel) (bdf, ) (Entered: 04/14/1999) |
| 04/14/1999 | 1050 | | LETTER opposing deft Brock's motion to amend conditions of pretrial release from plaintiff USA (bdf, ) (Entered: 04/15/1999) |
| 04/15/1999 | 1051 | | LETTER from plaintiff USA regarding hearing scheduled for 4/22/99 (bdf, ) (Entered: 04/16/1999) |
| 04/19/1999 | 1060 | | LETTER from plaintiff USA regarding continuance of evidentiary hearing (bdf, ) |
| 04/20/1999 | 1071 | | NOTICE of hearing evidentiary hearing set for 1:30 4/29/99 for Kevin P O'Neill, for Robert A Kruppstadt before Magistrate Judge William E. Callahan, Jr. (bdf, ) (Entered: 04/21/1999) |
| 04/22/1999 | 1085 | | APPEAL Notice to USCA by defendant Kevin P O'Neill regarding [1048–1] (cc: all counsel) (bdf, ) (Entered: 04/23/1999) |
| 04/22/1999 | 1086 | | DOCKETING STATEMENT by defendant Kevin P O'Neill (cc: all counsel) (bdf, ) (Entered: 04/23/1999) |
| 04/22/1999 | 1087 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) (Entered: 04/23/1999) |
| 04/22/1999 | 1088 | | CERTIFICATE by defendant Kevin P O'Neill of interest (bdf, ) (Entered: 04/23/1999) |
| 04/23/1999 | | | SHORT RECORD Transmitted to USCA for defendant Kevin P O'Neill Re: [1085–1] (cc: all counsel) (bdf, ) |
| 04/27/1999 | 1089 | | MOTION for disclosure of requested discovery by Kevin P O'Neill, Robert A Kruppstadt (bdf, ) (Entered: 04/28/1999) |
| 04/29/1999 | 1093 | | HEARING MINUTES: before Mag Judge William E. Callahan evidentiary hearing held on 4/29/99 and 4/30/99; testimony taken. Atty. Marquis request that deft O'Neill be given a physical exam and dental exam, Court direct deft to make specific request of marshal service, if a problem arises, notify court with your concerns. Matter contiued until 5/3/99 at 9:00 a.m. Court Reporter: Diane M. (bdf, ) (Entered: 05/04/1999) |
| 05/03/1999 | | | As to defendant Kevin P O'Neill Re: Notice of Appeal [1085–1] filed 4/22/99 Appeal Number: 99–2013 received from USCA (tlf, ) |
| 05/03/1999 | 1092 | | |

| | | | |
|---|---|---|---|
| | | | APPEAL Order from USCA that appellant Kevin O'Neill is to pay the $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with USDC (tlf, ) |
| 05/03/1999 | 1098 | | HEARING MINUTES: before Mag Judge William E. Callahan continuation of evidentiary hearing; testimony taken; status/evidentiary hearing set for 1:30 5/5/99 for Kevin P O'Neill, for Robert A Kruppstadt Court Reporter: Peppey Repting (bdf, ) (Entered: 05/04/1999) |
| 05/04/1999 | 1099 | | TRANSCRIPT of proceedings held on 4/29/99 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt – evidentiary hearing – Vol I (bdf, ) |
| 05/04/1999 | 1100 | | TRANSCRIPT of proceedings held 4/30/99 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt – evidentiary hearing – Vol 2 (bdf, ) |
| 05/04/1999 | 1101 | | TRANSCRIPT of proceedings held 5/3/99 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt – evidentiary hearing – Vol 3 (bdf, ) |
| 05/04/1999 | | | APPEAL Fee Paid by defendant Kevin P O'Neill in the amount of $ 105.00 (Receipt # 101436) regarding [1085–1] (bdf, ) (Entered: 05/05/1999) |
| 05/05/1999 | 1106 | | HEARING MINUTES: before Mag Judge William E. Callahan Discussion regarding defts' expert witness Al Williams and his availability to testify. Continuation of evidentiary hearing set for 9:30 5/10/99 for Kevin P O'Neill, for Robert A Kruppstadt Court Reporter: Heidi (bdf, ) (Entered: 05/06/1999) |
| 05/07/1999 | 1110 | | MOTION to extend time to file notice of appeal by Kevin P O'Neill (bdf, ) (Entered: 05/10/1999) |
| 05/07/1999 | 1111 | | AFFIDAVIT of Atty. William O. Marquis by defendant Kevin P O'Neill (bdf, ) (Entered: 05/10/1999) |
| 05/07/1999 | 1113 | | LETTER from plaintiff USA that the govt has no opposition to motions for extension of time filed by Morgan, Blake and Meinen. (bdf, ) (Entered: 05/10/1999) |
| 05/07/1999 | 1116 | | MOTION for disclosure of requested discovery and request for production of testimony by Kevin P O'Neill, Robert A Kruppstadt (bdf, ) (Entered: 05/10/1999) |
| 05/10/1999 | 1119 | | HEARING MINUTES: before Mag Judge William E. Callahan denying motion for disclosure of requested discovery and request for production of testimony [1116–1] evidentiary hearing held on 5/10/99 testimony taken. Briefing schedule: 5/19/99 and 5/24/99. Court Reporter: Karen S. (bdf, ) (Entered: 05/11/1999) |
| 05/12/1999 | 1120 | | TRANSCRIPT of proceedings held 5/10/99 for defendant Kevin P O'Neill, defendant Robert A Kruppstadt – continuation of evidentiary hearing (bdf, ) |
| 05/14/1999 | 1123 | | POST–HEARING MEMORANDUM by plaintiff USA (bdf, ) (Entered: 05/17/1999) |
| 05/14/1999 | 1125 | | BRIEF ON TITLE III HEARING by defendant Kevin P O'Neill (tlf, ) (Entered: 05/17/1999) |
| 05/14/1999 | 1126 | | APPEAL Order from USCA discharging attorney Ann T Bowe and appointing Richard H Parsons, 401 Main St, Ste 1500, Peoria, IL 61602 to |

| | | | |
|---|---|---|---|
| | | | represent defendant/appellant Carl J Warneke (Appeal 99–1927) (tlf, ) (Entered: 05/17/1999) |
| 05/19/1999 | 1128 | | REPLY brief to the Title III Hearing by defendant Kevin P O'Neill (bdf, ) (Entered: 05/20/1999) |
| 05/19/1999 | 1129 | | POST–HEARING REPLY memorandum by plaintiff USA (bdf, ) (Entered: 05/20/1999) |
| 05/20/1999 | 1130 | | ORDER by Judge J P. Stadtmueller that Magistrate Judge William E. Callahan, Jr's 2/11/99 order denying severance on the basis of a conflict of interest regarding Atty. Franklyn Gimbel is hereby affirmed and the defts' motion for severance is denied. (cc: all counsel) (bdf, ) (Entered: 05/21/1999) |
| 05/24/1999 | 1131 | | RECOMMENDATION by Mag Judge William E. Callahan that defendant Kevin P O'Neill's motion to suppress Title III evidence [860–1] be denied (cc: all counsel) (tlf, ) |
| 05/24/1999 | 1132 | | ORDER by Judge J P. Stadtmueller denying motions to extend time in which to file a notice of appeal for defendants Morgan, Kruppstadt, Meinen, Blake and O'Neill [1114–1], [1110–1], [1109–1], [1107–1], [1104–1] (cc: all counsel) (tlf, ) Modified on 05/25/1999 (Entered: 05/25/1999) |
| 06/07/1999 | 1135 | | OBJECTIONS to recommendation and order re: matter remanded by Chief Judge Stadtmueller by defendant Kevin P O'Neill (bdf, ) (Entered: 06/08/1999) |
| 06/08/1999 | 1137 | | OBJECTIONS to recommendation and order re: matter remanded by Chief Judge Stadtmueller addendum by defendant Kevin P O'Neill (bdf, ) (Entered: 06/09/1999) |
| 06/16/1999 | 1138 | | HEARING MINUTES: before Judge J P. Stadtmueller – (sealed) Court Reporter: Diane M. (bdf, ) |
| 06/18/1999 | 1140 | | LETTER from plaintiff USA w/d objection to release of deft Blake (bdf, ) |
| 06/22/1999 | 1142 | | RESPONSE by plntf USA to Defense Objections Re: The Remanded Matter (djd, ) (Entered: 06/23/1999) |
| 06/22/1999 | 1143 | | AFFIDAVIT of Sandra DeValkenaere by plntf USA (djd, ) (Entered: 06/23/1999) |
| 06/22/1999 | 1144 | | CERTIFICATE OF MAILING by plntf USA (djd, ) (Entered: 06/23/1999) |
| 06/30/1999 | 1147 | | LETTER requesting court to extablish a uniform cutoff date for guilty pleas from plaintiff USA (bdf, ) |
| 07/16/1999 | 1152 | | RESPONSE by plaintiff USA to motion to modify conditions of release [1148–1] (bdf, ) (Entered: 07/20/1999) |
| 07/27/1999 | 1153 | | ORDER by Judge J P. Stadtmueller adopting report and recommendation that Magistrate Judge William E. Callahan Jr's 4/7/99 Recommendation that the court deny O'Neill's motion to suppress the evidence obtained through the listening device installed in the lamp is adopted as an order of this court and that O'Neill's motion to suppress that evidence is hereby denied. [1131–1], (cc: all counsel) (bdf, ) (Entered: 07/28/1999) |

| 07/29/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr denying motion to modify conditions of release [1148–1] (cc: all counsel) (bdf, ) (Entered: 07/30/1999) |
|---|---|---|---|
| 07/29/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr denying motion to modify conditions of release [1044–1] (cc: all counsel) (bdf, ) (Entered: 07/30/1999) |
| 08/04/1999 | 1154 | | MOTION for sanctions by Kevin P O'Neill, Robert A Kruppstadt, Johnson F Blake, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, Leslie John Jensen, James C Rostron – SEALED (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 |
| 08/04/1999 | 1155 | | MEMORANDUM of law w/attachments by defendant Kevin P O'Neill, defendant Robert A Kruppstadt, defendant Johnson F Blake, defendant James E Hanson, defendant David A Kadlec, defendant Allen J McVay, defendant James E Meinen, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen in support motion for sanctions [1154–1] (SEALED) (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 |
| 08/04/1999 | 1157 | | MANDATE/CERTIFIED COPY from USCA USCA Number: 99–2013 dismissing the appeal for lack of jurisdiction [1085–1] for defendant Kevin P O'Neill (bdf, ) (Entered: 08/05/1999) |
| 08/05/1999 | 1162 | | MOTION for reconsideration by Kevin P O'Neill, Robert A Kruppstadt (sealed) (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 (Entered: 08/06/1999) |
| 08/05/1999 | 1163 | | MEMORANDUM by defendant Kevin P O'Neill, defendant Robert A Kruppstadt in support motion for reconsideration [1162–1] (sealed) (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 (Entered: 08/06/1999) |
| 08/11/1999 | 1166 | | MOTION to request that deft Morgan's motion to join deft's Meinen's motion for sanctions, filed on 8/5/99, be filed under seal, retroactive to the original date of filing (tlf, ) Modified on 11/10/1999 (Entered: 08/12/1999) |
| 08/16/1999 | | | MARGINAL ORDER by Judge J P. Stadtmueller granting deft Morgan's motion to join deft Meinen's motion for sanctions (SEALED) (unsealed 11/10/99) [1166–1] (cc: all counsel) (tlf, ) Modified on 11/10/1999 (Entered: 08/17/1999) |
| 08/17/1999 | 1168 | | AFFIDAVIT of Atty. Ann T. Bowe (SEALED) (unsealed 11/10/99) (tlf, ) Modified on 11/10/1999 |
| 08/18/1999 | 1169 | | RESPONSE to defts' motion for sanctions by govt [1154–1] (SEALED) (unsealed 11/10/99) (tlf, ) Modified on 11/10/1999 (Entered: 08/19/1999) |
| 08/18/1999 | 1170 | | AFFIDAVIT Atty. Paul L. Kanter (SEALED) (unsealed 11/10/99)(tlf, ) Modified on 11/10/1999 (Entered: 08/19/1999) |
| 08/26/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting petition [1173–1] as to deft Johnson Blake (cc: all counsel) (bet, ) (Entered: 08/27/1999) |
| 08/27/1999 | | | |

| | | | |
|---|---|---|---|
| | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1171−1] as to defendant William B Brock (cc: all counsel) (tlf, ) (Entered: 08/30/1999) |
| 09/02/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release to allow camping trip from 9/3/99 through 9/6/99 [1174−1] for defendant James Hanson (cc: all counsel) (tlf, ) (Entered: 09/03/1999) |
| 09/03/1999 | 1180 | | AMENDED NOTICE OF ALIBI by defendant Kevin P O'Neill (tlf, ) |
| 09/08/1999 | 1182 | | RECOMMENDATION and ORDER re: motion for sanctions by Mag Judge William E. Callahan Jr l It is recommended that the district judge deny the defts' motion for sanctions, to the extent that such motion seeks dismissal of some, or all, of the counts of the indictment in this case or "exclusion for use in evidence of the testimony of Mark Quinn and/or derivative leads from such testimony". it is further ordered that this recommendation remain sealed for a period of 15 days from the filing thereof, after which time it shall be unsealed, unless,in the interim, any party seeks a further sealing order form Chief Judge Stadtmueller. [1154−1] (SEALED) (unsealed 11/10/99) (cc: all counsel)...... (tlf, ) Modified on 11/10/1999 |
| 09/08/1999 | 1182 | | ...ORDER by Mag Judge William E. Callahan Jr that the defts' motion to file brief in excess of district court rule is granted; it is further ordered that deft Brock's motion to adopt the motion for sanctions is granted; it is further ordered that all of the parties submissions filed in connection with the defts'motion for sanction be sealed; it is further ordered that this order remain sealed for a period of 15 days from the filing thereof, after which time it shall be unsealed, unless, in the interim, any party seeks a further sealing order form Chief Judge Stadtmueller. (SEALED) (unsealed 11/10/99) (cc: all counsel) (tlf, ) Modified on 11/10/1999 |
| 09/15/1999 | 1186 | | NOTICE of hearing ; bond hearing set for 2:00 9/21/99 for Raymond L Morgan (tlf, ) (Entered: 09/16/1999) |
| 09/17/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant Johnson Blake's request to attend wedding on 9/18/99 and to attend childrens' activities with prior approval of USPO [1187−1] (cc: all counsel) (tlf, ) (Entered: 09/21/1999) |
| 09/21/1999 | 1189 | | SUPPLEMENTAL REPORT by plaintiff USA (SEALED) (tlf, ) (Entered: 09/22/1999) |
| 09/22/1999 | 1193 | | MOTION for continued sealing govt (sealed) (unsealed 11/10/99) (tlf, ) Modified on 11/10/1999 (Entered: 09/24/1999) |
| 09/28/1999 | 1200 | | RESPONSE by defendant Johnson F Blake, defendant James E Meinen to govt's motion to unseal SEALED (unsealed 11/10/99) [1193−1] (tlf, ) Modified on 11/10/1999 (Entered: 09/30/1999) |
| 09/29/1999 | 1201 | | REQUEST by defendant Kevin P O'Neill to adopt Objections to Magistrate's Recommendation [1192−1] (tlf, ) (Entered: 10/01/1999) |
| 10/05/1999 | 1206 | | RESPONSE by plaintiff USA to defts' objections regarding motion for sanctions (sealed) (unsealed 11/10/99) (bdf, ) Modified on 11/10/1999 (Entered: 10/06/1999) |

| 11/10/1999 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion for reconsideration [1162–1] (cc: all counsel) (bdf, ) |
|---|---|---|---|
| 11/10/1999 | 1215 | | ORDER by Chief Judge J P Stadtmueller that the motions to adopt submitted by Rostron (Docket No. 1194), Kruppstadt (Docket No. 1198), O'Neill (Docket No. 1201), Brock (Docket NO. 1202), Kadlec (Docket No. 1203), Morgan (Docket No. 1204), Miller (Docket No. 1205) and Powers (No. 1213) are granted; It is further Ordered that Magistrate Judge Callahan's 9–8–99 recommendation that the court deny Meinen, Blake, Rostron, Kruppstadt, O'Neill, Brock, Kadlec, Morgan, Miller, Jensen, Hanson, Powers, Warneke, and McVay's motion for sanctions is denied; It is further Ordered that Docket Nos. 1154, 1155, 1161, 1162, 1163, 1164, 1165, 1166, 1167, 1168, 1169, 1170,1176, 1177, 1178, 1179, 1182, 1190, 1191, 1192, 1193, 1196, 1197, 1198, 1199, 1200, 1206, 1208, 1209 are herewith unsealed. (cc: all counsel) (bdf, ) |
| 11/22/1999 | 1220 | | NOTICE of hearing preliminary pretrial conference – for counsel only set for 8:30 1/7/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, William B Brock, for James E Hanson, for David A Kadlec, Allen J McVay, for James E Meinen, for Randall E Miller, Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1221 | | NOTICE of hearing pretrial conference set for 8:30 2/23/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1222 | | NOTICE of hearing jury trial set for 8:30 3/8/00 for Kevin P O'Neill, for Carl J Warneke, for Raymond L Morgan, for Robert A Kruppstadt, for Richard E Mroch, for Johnson F Blake, for William B Brock, for James E Hanson, for David A Kadlec, for Allen J McVay, for James E Meinen, for Randall E Miller, for Harvey E Powers, for James C Rostron, for Leslie John Jensen (bdf, ) |
| 11/22/1999 | 1223 | | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 11/23/1999) |
| 12/02/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release [1229–1] (cc: PTS, deft & AUSA) (bdf, ) |
| 12/07/1999 | 1237 | | MOTION to adopt motion for notice of severance groups [1224–1] by Kevin P O'Neill (bdf, ) |
| 12/15/1999 | 1246 | | REQUEST by plaintiff USA for continuation of sealing order as to [367–1] (tlf, ) (Entered: 12/20/1999) |
| 12/16/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify conditions of release [1241–1] (cc: all counsel) (bdf, ) (Entered: 12/21/1999) |
| 12/21/1999 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting deft Blake's request for modification of bond conditions. (bdf, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/23/1999) |
| 12/21/1999 | 1248 | | Memorandum (sealed) (bdf, ) (Entered: 12/30/1999) |
| 01/05/2000 | 1249 | | ORDER by Chief Judge J P Stadtmueller that Docket Nos. 367, 368, and Exhibits 1−6 attached to Docket No. 368 are sealed. (cc: all counsel) (bdf, ) (Entered: 01/06/2000) |
| 01/07/2000 | 1251 | | HEARING MINUTES: before Chief Judge J P Stadtmueller preliminary pretrial conference hearing held on 1/7/00 Court denies motion for severance; all defts' will be tried jointly; govt intends to file motion for anonymous jury selection; court gives defense until 1/31/00 to respond; Kruppstadt objects to severance decision; Court Reporter: Chris P. (admin, ) Modified on 01/12/2000 (Entered: 01/12/2000) |
| 01/12/2000 | 1253 | | MOTION to seal by USA (SEALED) (tlf, ) Modified on 01/14/2000 (Entered: 01/14/2000) |
| 01/12/2000 | 1254 | | EX PARTE REQUEST by plaintiff USA (SEALED) (tlf, ) (Entered: 01/14/2000) |
| 01/19/2000 | 1257 | | LETTER regarding scanning exhibits from plaintiff USA (bdf, ) (Entered: 01/20/2000) |
| 01/19/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James Hanson's motion to modify conditions of release [1252−1]; defendant's conditions are modified to allow him 17 hours of release time from E/M per day and a 48−hour release for his upcoming wedding (cc: all counsel) (tlf, ) (Entered: 01/20/2000) |
| 01/21/2000 | 1258 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr Re: defendant Johnson Blake's motion to modify conditions of release [1255−1]; govt and defense counsel to report back to the court in writing re possible refinancing of property posted as bond for defendant; Court Reporter: Tape AC−212−213 (tlf, ) (Entered: 01/26/2000) |
| 01/25/2000 | 1260 | | MOTION to empanel an anonymous jury by USA (sealed) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 (Entered: 01/26/2000) |
| 01/26/2000 | 1261 | | LETTER w/attachements from plaintiff USA (sealed) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 |
| 02/03/2000 | 1263 | | MOTION to adopt memorandum opposing an anonymous jury by Kevin P O'Neill (bdf, ) |
| 02/04/2000 | 1265 | | APPLICATION of by plaintiff USA and ORDER (PJG) f/writ of HC f/deft David Kadlec's appearance on 2/23/00 at 8:30 a.m. Writ issued. (bdf, ) (Entered: 02/07/2000) |
| 02/07/2000 | 1267 | | ORDER by Chief Judge J P Stadtmueller SEALED (bdf, ) |
| 02/09/2000 | 1270 | | AFFIDAVIT of Atty. Charles W. Giesen (bdf, ) (Entered: 02/10/2000) |
| 02/10/2000 | 1271 | | Information by USA naming Allen J McVay (11) count(s) 1 (bdf, ) Modified on 11/07/2000 (Entered: 02/11/2000) |
| 02/10/2000 | 1273 | | |

| | | | |
|---|---|---|---|
| | | | SUPERSEDING Information by USA naming James E Meinen (12) count(s) 1ss, 2ss (bdf, ) (Entered: 02/11/2000) |
| 02/11/2000 | 1276 | | LETTER from plaintiff USA that a reply brief will be filed on or before 2/15/00 (bdf, ) |
| 02/14/2000 | 1281 | | APPLICATION and WRIT OF HABEAS CORPUS AD TESTIFICANDUM for the appearance of Roger Fiebrantz on 3/10/00 at the jury trial in this matter (tlf, ) (Entered: 02/15/2000) |
| 02/15/2000 | 1285 | | Reply brief in support of USA motion to empanel an anonymous jury (seal) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 (Entered: 02/17/2000) |
| 02/15/2000 | 1286 | | AFFIDAVIT of Jay A. Quabius (sealed) (unsealed 11/10/99) (bdf, ) Modified on 03/02/2001 (Entered: 02/17/2000) |
| 02/15/2000 | 1287 | | ORDER by Mag Judge William E. Callahan Jr (sealed) (bdf, ) (Entered: 02/17/2000) |
| 02/17/2000 | 1288 | | MOTION to review documents previously filed under seal for in camera review by USA (bdf, ) (Entered: 02/18/2000) |
| 02/18/2000 | 1291 | | NOTICE of non−consent to deft Rostron's request for bench trial by plaintiff USA (bdf, ) (Entered: 02/22/2000) |
| 02/22/2000 | 1293 | | RENEWED MOTION to sever by Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen, Kevin P O'Neill (bdf, ) |
| 02/22/2000 | 1295 | | MOTION to bar interim summations by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, James C Rostron (bdf, ) |
| 02/22/2000 | 1296 | | MOTION in limine to exclude testimony of Special Agent Robert Brown or conduct pretrial hearing on admissibility by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1297 | | MOTION for open courtroom and public trial by Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1298 | | PROPOSED JURY INSTRUCTIONS submitted by defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Raymond L Morgan, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant Johnson F Blake, defendant William B Brock, defendant James E Hanson, defendant David A Kadlec, defendant Randall E Miller, defendant Harvey E Powers, defendant James C Rostron, defendant Leslie John Jensen (bdf, ) |
| 02/22/2000 | 1304 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) (Entered: 02/24/2000) |

| | | | |
|---|---|---|---|
| 02/23/2000 | 1309 | | MOTION seal (bdf, ) (Entered: 02/24/2000) |
| 02/23/2000 | 1310 | | HEARING MINUTES: before Chief Judge J P Stadtmueller pretrial conference held on 2/23/00 Court will enter written decision denying govt's motion; voir dire due 3/2/00; all discovery motion will be denied by court; court will deny bench trial of severance requests by order Court Reporter: (bdf, ) (Entered: 02/24/2000) |
| 02/23/2000 | 1311 | | PETITION of Richard A. Williams, (WEC) that a summons be issued to return deft James Hanson to court for a bail review hearing (bdf, ) (Entered: 02/24/2000) |
| 02/24/2000 | 1312 | | MOTION seal (bdf, ) |
| 02/25/2000 | 1313 | | PETITION of Richard Williams. pretrial services officer w/ORDER (WEC) that deft Hanson be required to pay the costs of the electronic monitoring program as directed by the pretrial services office. (bdf, ) (Entered: 02/28/2000) |
| 02/25/2000 | 1316 | | HEARING MINUTES: before Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 02/29/2000) |
| 02/28/2000 | 1317 | | HEARING MINUTES: before Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 02/29/2000) |
| 03/01/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying as moot defts' motion for separate tables [1308−1] (cc: all counsel) (djd, ) (Entered: 03/02/2000) |
| 03/01/2000 | 1320 | | LETTER REQUEST by defts SEALED (djd, ) (Entered: 03/02/2000) |
| 03/01/2000 | 1321 | | ORDER by Chief Judge J P Stadtmueller granting govt's motion to review documents previously filed under seal for in camera review [1288−1] (cc: all counsel) (djd, ) (Entered: 03/02/2000) |
| 03/01/2000 | 1322 | | HEARING MINUTES: SEALED [1312−1] (djd, ) (Entered: 03/02/2000) |
| 03/02/2000 | 1323 | | PROPOSED VOIR DIRE submitted by plntf USA (djd, ) |
| 03/02/2000 | 1324 | | SUPPLEMENT to Proposed Voir Dire Questions by plntf USA (Outlaw Member List inadvertently left out) (djd, ) |
| 03/02/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting request for modification of conditions of bond [1328−1] as to defendant Johnson F Blake; electronic monitoring shall be terminated and a midnight curfew imposed (cc: all counsel) (tlf, ) (Entered: 03/03/2000) |
| 03/03/2000 | 1330 | | WITNESS list submitted by defendant Kevin P O'Neill (tlf, ) |
| 03/06/2000 | 1347 | | MOTION for order eradicating closed circuit TV room by Kevin P O'Neill (tlf, ) |
| 03/06/2000 | 1348 | | MOTION for order to remove covering by Kevin P O'Neill (tlf, ) |
| 03/06/2000 | 1350 | | LETTER from plaintiff USA enclosing partial mock−up of proposed juror notebook (tlf, ) (Entered: 03/07/2000) |
| 03/06/2000 | 1356 | | |

| | | | |
|---|---|---|---|
| | | | PETITION for Action on Conditions of Pretrial Release by PO Shawn Robinson w/ ORDER (WEC) that a summons be issued to return William Brock to Court to show cause as to why his bond should not be revoked (djd, ) (Entered: 03/07/2000) |
| 03/07/2000 | 1351 | | LETTER from plaintiff USA re government's proposed case summary (tlf, ) |
| 03/07/2000 | 1352 | | PROPOSED CASE SUMMARY FOR USE DURING VOIR DIRE submitted by plaintiff USA (tlf, ) |
| 03/07/2000 | 1353 | | JOINT VOIR DIRE WITNESS list submitted by plaintiff USA (tlf, ) |
| 03/07/2000 | 1354 | | APPLICATION by plaintiff USA and ORDER (WEC) for issuance of a writ of habeas corpus ad testificandum for the appearance of Robert J Trepainer at 9:00 3/20/00 to testify at the jury trial (tlf, ) |
| 03/07/2000 | 1363 | | MOTION to suppress Title III tapes and their derivative evidence by Kevin P O'Neill (tlf, ) |
| 03/07/2000 | 1364 | | AFFIDAVIT of William O Marquis by defendant Kevin P O'Neill (tlf, ) |
| 03/07/2000 | 1367 | | LETTER from defendants Kevin P O'Neill, Robert A Kruppstadt, David A Kadlec, Randall E Miller, James C Rostron, Leslie John Jensen, Richard E Mroch, Carl J Warneke, Raymond L Morgan re proposed lineup for opening statements, cross−examination and closing arguments (tlf, ) |
| 03/07/2000 | 1478 | | PROPOSED VOIR DIRE witness list submitted by plaintiff USA (bdf, ) (Entered: 05/19/2000) |
| 03/08/2000 | 1368 | | MOTION SEAL (djd, ) |
| 03/08/2000 | 1525 | | HEARING MINUTES: before Chief Judge J P Stadtmueller trial began (3/8/00 − 6/15/00) Testimony taken. finding Kevin P O'Neill (1) count(s) 1s, 2s, 3s, 5s, 6s, 7s, Carl J Warneke (2) count(s) 1s, 2s, Raymond L Morgan (3) count(s) 2s, Robert A Kruppstadt (4) count(s) 1s, 2s, 3s, 5s, 6s, Richard E Mroch (5) count(s) 1s, 2s, 3s, David A Kadlec (10) count(s) 1s, 2s, Randall E Miller (13) count(s) 1s, 2s, 3s, 4s, Leslie John Jensen (17) count(s) 1s, 2s guilty Adjudged guilty; PSR ordered sentencing hearing set for 8:30 10/10/00 for Kevin P O'Neill As to ALL DEFT'S written objections to PTS due 9/15/00, govt's version due 7/14/00 and deft's version (optional) 7/28/00 sentencing hearing set for 8:30 10/11/00 for Carl J Warneke sentencing hearing set for 11:00 10/10/00 for Raymond L Morgan sentencing hearing set for 2:00 10/11/00 for Robert A Kruppstadt sentencing hearing set for 8:30 10/12/00 for Richard E Mroch sentencing hearing set for 11:00 10/12/00 for David A Kadlec sentencing hearing set 2:00 10/12/00 for Randall E Miller sentencing hearing set for 11:00 10/6/00 for Leslie John Jensen finding Raymond L Morgan (3) count(s) 1s, Robert A Kruppstadt (4) count(s) 7s not guilty Court Reporter: Diane M., Chris P., John S. and Heidi T. (bdf, ) Modified on 06/20/2000 (Entered: 06/20/2000) |
| 03/09/2000 | 1370 | | TRIAL BRIEF by plaintiff USA (tlf, ) |
| 03/09/2000 | 1371 | | EXHIBIT A TO TRIAL BRIEF by plaintiff USA (tlf, ) |
| 03/16/2000 | 1379 | | PROPOSED JURY INSTRUCTION RE PUNISHMENT submitted by plaintiff USA (tlf, ) (Entered: 03/17/2000) |

| 03/16/2000 | 1479 | | WITNESS list submitted by plaintiff USA (bdf, ) (Entered: 05/19/2000) |
|---|---|---|---|
| 03/20/2000 | 1380 | | RESPONSE by plaintiff USA to motion to suppress Title III tapes and their derivative evidence [1363–1] (tlf, ) |
| 03/20/2000 | 1381 | | MOTION in limine to preclude evidence re legality of interception of oral communications within the O'Neill residence by USA as to Kevin P O'Neill (tlf, ) |
| 03/20/2000 | 1385 | | ADDENDUM TO EXHIBIT AND WITNESS LIST by plaintiff USA (tlf, ) |
| 03/20/2000 | 1386 | | EXHIBIT list by defendants (Exhibits 201–230) (tlf, ) |
| 03/22/2000 | 1391 | | MOTION seal by USA (bdf, ) |
| 03/22/2000 | 1392 | | Exparte by plaintiff USA (sealed) (bdf, ) |
| 03/22/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James Rostron's motion to modify conditions of bond [1384–1] extending hours permitted out of the home on weekdays to 5:30 a.m. to 9:00 p.m. and on weekends to 10:00 a.m. to 8:00 p.m. for the duration of the trial (cc: all counsel) (tlf, ) (Entered: 03/23/2000) |
| 03/22/2000 | 1506 | | TRIAL Memorandum by defendant Kevin P O'Neill, defendant Robert A Kruppstadt (received by the Clerk's office on 6/9/00) (tlf, ) (Entered: 06/12/2000) |
| 03/29/2000 | 1399 | | PETITION by USPO Shawn P Robinson and ORDER (WEC) modifying conditions of pretrial release for defendant William Brock to include deft's participation in alcohol/drug assessment and inpatient/outpatient treatment if deemed appropriate (tlf, ) (Entered: 03/30/2000) |
| 04/05/2000 | 1407 | | MOTION in limine re: motion to preclude defts from cross–examining witness Joseph Duenser re: a murder in 1993 (second) by USA as to Kevin P O'Neill (bdf, ) |
| 04/06/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting defendant James C Rostron's motion for order authorizing issuance of Rule 17(c) subpoena duces tecum [1425–1] (cc: all counsel) (tlf, ) (Entered: 04/25/2000) |
| 04/07/2000 | 1410 | | NOTICE of Rule 404(b) by plaintiff USA (bdf, ) Modified on 05/17/2000 |
| 04/10/2000 | 1413 | | NOTICE of hearing ; pretrial conference set for 8:30 8/29/00 for Harvey E Powers (bdf, ) (Entered: 04/11/2000) |
| 04/10/2000 | 1414 | | NOTICE of hearing ; jury trial set for 8:30 9/6/00 for Harvey E Powers (bdf, ) (Entered: 04/11/2000) |
| 04/11/2000 | 1417 | | MOTION in limine to preclude defts from introduction extrinsic evidence regarding witness Mark Quinn by USA as to Kevin P O'Neill (bdf, ) (Entered: 04/13/2000) |
| 04/11/2000 | 1418 | | Prehearing memo on photographic identification by plaintiff USA (bdf, ) Modified on 05/17/2000 (Entered: 04/13/2000) |
| 04/12/2000 | 1419 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr on deft Morgan's motion to suppress; testimony taken; Court recommends to Judge Stadtmueller that deft's motion to suppress ID be denied; Court Reporter: |

| | | | |
|---|---|---|---|
| | | | Karen Smith (bdf, ) (Entered: 04/13/2000) |
| 04/13/2000 | 1416 | | REPLY by defendant Harvey E Powers to response to motion for bail review [1402–1] (tlf, ) |
| 04/14/2000 | 1420 | | LETTER w/attached witness list from plaintiff USA (bdf, ) |
| 04/20/2000 | 1426 | | SUBPOENA issued to Attorney James C Reiher for production of documents pertaining to Mark Quinn (tlf, ) (Entered: 04/25/2000) |
| 04/24/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting defendant Leslie Jensen's motion for order authorizing issuance of Rule 17(c) subpoena duces tecum [1427–1] (cc: all counsel) (tlf, ) (Entered: 04/25/2000) |
| 04/28/2000 | 1430 | | ORDER by Mag Judge William E. Callahan Jr granting motion for order for dental treatment [1429–1] (cc: all counsel) (tlf, ) (Entered: 05/01/2000) |
| 05/01/2000 | 1432 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Kevin O'Neill (bdf, ) |
| 05/01/2000 | 1433 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Carl Warneke (bdf, ) |
| 05/01/2000 | 1434 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – Raymond Morgan, Jr. (bdf, ) |
| 05/01/2000 | 1435 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Robert Kruppstadt (bdf, ) |
| 05/01/2000 | 1436 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft Richard Mroch (bdf, ) |
| 05/01/2000 | 1437 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA as to deft David Kadlec (bdf, ) |
| 05/01/2000 | 1438 | | PROPOSED verdict & special interrgs submitted by plaintiff USA – as to deft Randall Miller (bdf, ) |
| 05/01/2000 | 1439 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – James Rostron (bdf, ) |
| 05/01/2000 | 1440 | | PROPOSED verdict & special interrgs. submitted by plaintiff USA – as to deft Leslie Jenson (bdf, ) |
| 05/04/2000 | 1443 | | MOTION to quash subpoena by movant Ronald Ingle (tlf, ) |
| 05/04/2000 | 1444 | | AFFIDAVIT of Bridget E Boyle by movant Ronald Ingle (tlf, ) |
| 05/09/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion to modify conditions of release to allow deft to weekend vacation with family [1450–1] (cc: all counsel) (bdf, ) (Entered: 05/10/2000) |
| 05/11/2000 | 1457 | | ORDER by Chief Judge J P Stadtmueller granting defendant David Kadlec's request for a 15–20 minute visit with his hospitalized mother under US Marshal escort (cc: all counsel) (tlf, ) (Entered: 05/15/2000) |
| 05/15/2000 | 1458 | | ORDER by Chief Judge J P Stadtmueller to prodeuce Donna Kennedy as a witness for 5/17/00 at 8:00 a.m. before Chief Judge J.P. Stadtmueller (cc: all |

| | | | |
|---|---|---|---|
| | | | counsel) (bdf, ) (Entered: 05/16/2000) |
| 05/16/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting defendant James C Rostron's motion to modify financial conditions of bond [1459–1]; releasing $25,000 cash bond posted by Alex and Paula Rothacker (cc: all counsel) (tlf, ) |
| 05/17/2000 | 1461 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) |
| 05/17/2000 | 1465 | | Motion of journalist Mark Kiesling to quash subpoena (bdf, ) Modified on 05/17/2000 |
| 05/17/2000 | 1466 | | BRIEF regarding admissibility of photographs depicting cerain defts' tattoos by plaintiff USA (bdf, ) |
| 05/19/2000 | 1482 | | TRANSCRIPT of January 7. 2000 for defendants' – preliminary pretrial conference hearing (bdf, ) |
| 05/19/2000 | 1483 | | TRANSCRIPT of proceedings held on 2/23/00 for defendants' – final pretrial (bdf, ) |
| 05/22/2000 | 1484 | | ORDER by Chief Judge J P Stadtmueller that deft Power's motion for modification of bond order is granted; it is further ordered that the magistrate judge's 3/20/00 bond order is hereby modified and the deft is detained pending trial subject to the order of the 3/25/98 detention hearing and it is further ordered that Power's requested confinement pending trial at MCC–Chicago, located in Chicago, Illinois is hereby denied without prejudice. (cc: all counsel) (bdf, ) |
| 05/22/2000 | 1511 | | REVISED PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (received by Clerk's office on 6/9/00) (tlf, ) (Entered: 06/12/2000) |
| 05/23/2000 | 1485 | | LETTER regarding defts' Kruppstadt adn Mroch's proposed jury instructions from plaintiff USA (bdf, ) |
| 05/23/2000 | 1488 | | TRANSCRIPT of proceedings held 5/11/00 for defendants' – excerpt of jury trial–testimony of Catherine Kaminski (bdf, ) (Entered: 05/24/2000) |
| 05/24/2000 | 1491 | | LETTER w/attached summary of govt's response to jury instructions filed by deft James Rostron on behalf of all defts' from plaintiff USA (bdf, ) (Entered: 05/25/2000) |
| 05/24/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to modify financial conditions of bond for the return of $23,725.00 to Alex Rothacker and Paula Rothacker [1487–1] (cc: Rostron's counsel and govt) (bdf, ) (Entered: 05/25/2000) |
| 05/26/2000 | 1492 | | LETTER requesting that the court make three changes to the working of the elements instructions from plaintiff USA (bdf, ) |
| 05/26/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue trial [1467–1] (cc: all counsel) (bdf, ) (Entered: 05/30/2000) |
| 06/09/2000 | 1505 | | ORDER by Chief Judge J P Stadtmueller denying defendant Harvey Powers' motion for discovery and inspection [1499–1] as premature and directing counsel to comply with the procedural requirements of this order as a condition precedent to the filing of any further discovery–related motions |

| | | | |
|---|---|---|---|
| | | | (cc: all counsel) (tlf, ) |
| 06/13/2000 | 1519 | | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) |
| 06/14/2000 | 1522 | | ORDER by Chief Judge J P Stadtmueller (sealed) (bdf, ) (Entered: 06/16/2000) |
| 06/14/2000 | 1526 | | HEARING MINUTES: before Chief Judge J P Stadtmueller – question from jury. Court Reporter: Chris P. (bdf, ) (Entered: 06/20/2000) |
| 06/14/2000 | 1544 | | LETTER to jurors from the court in response to their question (bdf, ) (Entered: 06/21/2000) |
| 06/15/2000 | 1527 | | VERDICT of guilty as to counts 1,2,3,5,6 and 7 as to Kevin P O'Neill (bdf, ) (Entered: 06/20/2000) |
| 06/16/2000 | 1524 | | EXHIBIT/WITNESS list by defendants and plaintiffs (eeb, ) (Entered: 06/19/2000) |
| 06/16/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting deft Rostron's motion to modify bond for one week (cc: all counsel) (bdf, ) (Entered: 06/20/2000) |
| 06/16/2000 | 1535 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/6/00 for James C Rostron (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1536 | | NOTICE of hearing ; sentencing hearing set for 2:00 10/6/00 for Allen J McVay (bdf, ) Modified on 10/11/2000 (Entered: 06/21/2000) |
| 06/16/2000 | 1537 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/13/00 for James E Hanson (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1538 | | NOTICE of hearing ; sentencing hearing set for 11:00 10/13/00 for James E Meinen (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1539 | | NOTICE of hearing ; sentencing hearing set for 8:30 10/18/00 for Johnson F Blake (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1540 | | NOTICE of hearing ; sentencing hearing set for 11:00 10/18/00 for William B Brock (bdf, ) (Entered: 06/21/2000) |
| 06/16/2000 | 1645 | | JURY Instructions (bdf, ) (Entered: 09/28/2000) |
| 06/16/2000 | 1523 | | EXHIBITS received for defendant Kevin P O'Neill ; exhibit list filed (eeb, ) (Entered: 01/10/2001) |
| 06/19/2000 | 1541 | | LETTER regarding stipulation re: govt's forfeiture allegations by and between the govt and deft Kadlec from plaintiff USA (bdf, ) (Entered: 06/21/2000) |
| 06/19/2000 | 1542 | | STIPULATION regarding govt's Rico Forfeiture Allegations by and between the govt and deft David Kadlec (bdf, ) (Entered: 06/21/2000) |
| 06/19/2000 | 1545 | | LETTER from the court to Atty. Parsons (bdf, ) (Entered: 06/21/2000) |
| 06/29/2000 | 1551 | | Trial sign–in sheets (courtroom and viewing room) (bdf, ) |
| 07/13/2000 | 1570 | | LETTER regarding Harvey Powers' motion for continuance from plaintiff USA (bdf, ) (Entered: 07/14/2000) |

| | | | |
|---|---|---|---|
| 07/14/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue jury trial [1569−1] (cc: all counsel) (bdf, ) (Entered: 07/17/2000) |
| 07/14/2000 | 1571 | | ORDER by Chief Judge J P Stadtmueller denying motion for detention pending sentencing [1550−1] (cc: all counsel) (bdf, ) (Entered: 07/17/2000) |
| 07/20/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to terminate curfew conditions of release [1567−1] (cc: all counsel) (bdf, ) (Entered: 07/21/2000) |
| 07/27/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1572−1] (cc: all counsel) (bdf, ) (Entered: 07/28/2000) |
| 07/27/2000 | 1576 | | Memo on the failure to suppress the admission of the Title III itnercepts by defendant Kevin P O'Neill (bdf, ) (Entered: 07/28/2000) |
| 08/02/2000 | 1578 | | ORDER by Chief Judge J P Stadtmueller denying defendant Harvey Powers' motion for complete trial transcripts [1568−1] (cc: all counsel) (tlf, ) |
| 08/04/2000 | 1580 | | LETTER requesting the court to suspend the jury trial for 9/14/00 from plaintiff USA (bdf, ) (Entered: 08/08/2000) |
| 08/09/2000 | 1581 | | MOTION for order to transfer deft to medical detention facility by USA as to Kevin O'Neill P O'Neill (bdf, ) |
| 08/09/2000 | 1582 | | ORDER by Chief Judge J P Stadtmueller granting motion for order to transfer deft to medical detention facility [1581−1] (cc: all counsel) (bdf, ) |
| 08/10/2000 | 1588 | | RESPONSE by plaintiff USA to deft O'Neill's 7/27/00 memo of the failure to suppress the admission of Title II intercepts (bdf, ) (Entered: 08/14/2000) |
| 08/10/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to allow deft a overnight hospital stay and to weekend vacation with family [1583−1] (cc: all counsel) (bdf, ) (Entered: 08/14/2000) |
| 08/14/2000 | 1590 | | APPLICATION by plaintiff USA and ORDER (PJG) for a writ of HC f/Roger Fiebrantz appearance on 9/6/00 at 9:00 a.m. before Chief Judge Stadtmueller in courtroom 425. Writ issued. (bdf, ) (Entered: 08/15/2000) |
| 08/15/2000 | 1591 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (bdf, ) |
| 08/16/2000 | 1593 | | NOTICE of hearing ; sentencing hearing set for 3:30 10/11/00 for Johnson F Blake (bdf, ) |
| 08/16/2000 | 1594 | | NOTICE of hearing ; sentencing hearing set for 9:00 10/16/00 for James E Meinen (bdf, ) |
| 08/16/2000 | 1595 | | NOTICE of hearing ; sentencing hearing set for 10:00 10/4/00 for William B Brock (bdf, ) |
| 08/16/2000 | 1596 | | LETTER from Bureau of Prison regarding Carl Warneke (bdf, ) |
| 08/17/2000 | 1598 | | HEARING MINUTES: before Mag Judge William E. Callahan Jr granting in part and denying in part defendant William E Brock's motion to amend conditions of release [1573−1]; deft to remain on E/M with hours of release extended to 6:00 a.m.−10:00 p.m. Mondays through Saturdays and 8:00 a.m.−5:00 p.m. on Sundays; Court Reporter: Tape AC−242 (tlf, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/18/2000) |
| 08/18/2000 | 1597 | | TEMPORARY RELEASE OF EXHIBITS (0–90,0–91,0–114,0–115,0–129,0–130,0–131,9–1B,11–12,11–25A, 11–28F,13–115,13–116,13–132,21–5,13–130) to counsel for plaintiff USA ; receipt filed (eeb, ) |
| 08/22/2000 | 1604 | | LETTER w/attached proposed insertion to special verdict from plaintiff USA (bdf, ) (Entered: 08/24/2000) |
| 08/24/2000 | 1609 | | RESPONSE by plaintiff USA to motion in limine for exclusion of the testimony of Elizabeth Aaron, Danny Sorbello, Dennis Stout, Dale Distel and Thomas Chester [1589–1] (bdf, ) |
| 08/25/2000 | 1613 | | ORDER by Chief Judge J P Stadtmueller granting motion (SEALED) [1612–1] (cc: all counsel) (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1617 | | RETURN OF SERVICE executed on 8/17/00; defendant Kevin O'Neill delivered to FMC–Springfield, MO pursuant to 8/9/00 court order (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1619 | | ORDER by Chief Judge J P Stadtmueller denying motions for judgment of acquittal as to defendants Kevin O'Neill, Carl Warneke, Raymond Morgan, Robert Kruppstadt, Richard Mroch, David Kadlec, Randall Miller, and Leslie John Jensen [1559–1], [1555–1], [1552–1], [1552–2], [1546–1], [1481–1], [1448–1], [1447–1], denying motions for new trial as to defendants Kevin O'Neill, Carl Warneke, Raymond Morgan, Robert Kruppstadt, Richard Mroch, David Kadlec, Randall Miller, and Leslie John Jenson [1592–1], [1563–1], [1560–1], [1558–1], [1554–1], denying defendant Randall Miller's motion for relief from prejudicial joinder [1464–1], denying motion to dismiss indictment as to David A Kadlec (10) [1556–1], denying Kevin O'Neill's motion to vacate judgment based upon court's failure to suppress admission of Title III intercepts (cc: all counsel) (tlf, ) (Entered: 08/29/2000) |
| 08/25/2000 | 1815 | | EXHIBITS – 1 box of tapes temporary released to Leemais Rodriguez with the U.S. Attty's Office. Exhibits were also returned on the same day. (eeb, ) (Entered: 03/09/2001) |
| 08/29/2000 | 1621 | | HEARING MINUTES: before Chief Judge J P Stadtmueller, pretrial conference held on 8/29/00 ; Court Reporter: Chris Petrie (tlf, ) (Entered: 08/30/2000) |
| 08/30/2000 | 1622 | | TRANSCRIPT of Stipulation, excerpt of proceedings held 5/17/00 before Judge Stadtmueller and a jury, for defendants Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, David A Kadlec, Randall E Miller, Leslie John Jensen (tlf, ) |
| 08/30/2000 | 1623 | | TRANSCRIPT of Testimony of Michele Roberts from the Jury Trial, held 5/11/00 (tlf, ) |
| 09/01/2000 | 1625 | | MOTION for entry of preliminary order of forfeiture by USA as to defendants (tlf, ) (Entered: 09/05/2000) |
| 09/05/2000 | 1626 | | LETTER from plaintiff USA w/attached govt's exhibit list and combined witness list of the parties (bdf, ) (Entered: 09/06/2000) |

| | | | |
|---|---|---|---|
| 09/05/2000 | 1816 | | PAPER EXHIBITS (11−1A−11−1E, 11−1M−11−10, 11−2A, 11−5 thru 11−17, 11−30,11−30A thru 11−30J, and 11−1N) TEMPORARY RELEASED to Jan Klika w/U.S. Atty's Office. The above exhibits were also RETURNED the same day. (eeb, ) (Entered: 03/09/2001) |
| 09/08/2000 | 1627 | | ORDER by Chief Judge J P Stadtmueller (preliminary order ) of forfeiture. See order for details. (cc: all counsel) (bdf, ) (Entered: 09/11/2000) |
| 09/08/2000 | 1814 | | ALL EXHIBITS TEMPORARY RELEASED to Jay Quabius w/ATF for the Powers trial which started 9/7/00. (eeb, ) (Entered: 03/09/2001) |
| 09/12/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to be released f/EM system for 23 hours for surgery [1628−1] (cc: all counsel) (bdf, ) (Entered: 09/14/2000) |
| 09/18/2000 | 1631 | | RETURN OF SERVICE executed upon defendant Kevin P O'Neill on 9/18/00 – Dept of the Treasury (bdf, ) (Entered: 09/19/2000) |
| 09/19/2000 | 1633 | | ORDER by Chief Judge J P Stadtmueller granting motion to release witness to ATF agents for return to state institution [1632−1] (cc: all counsel) (bdf, ) (Entered: 09/20/2000) |
| 09/21/2000 | 1634 | | PROPOSED JURY INSTRUCTIONS (supplementary instruction # 1) submitted by plaintiff USA (bdf, ) |
| 09/22/2000 | 1636 | | MOTION for release of lis pendens by petitioners Don Williams and Peter Gross (bdf, ) (Entered: 09/25/2000) |
| 09/22/2000 | 1637 | | AFFIDAVIT of Atty. Peter Gross (bdf, ) (Entered: 09/25/2000) |
| 09/25/2000 | 1638 | | RETURN OF SERVICE executed upon defendant Robert J. Trepainer on 3/22/00 (bdf, ) |
| 09/25/2000 | 1639 | | RETURN OF SERVICE executed upon defendant Roger Fiebrantz on 3/22/00 (bdf, ) |
| 09/26/2000 | 1641 | | EXHIBIT/WITNESS list by plaintiff USA (bdf, ) |
| 09/26/2000 | 1642 | | JURY Instructions (bdf, ) |
| 09/26/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion to allow deft to weekend vacation with family [1635−1] (cc: all counsel) (bdf, ) (Entered: 09/28/2000) |
| 09/27/2000 | 1644 | | REPORT by plaintiff USA (sealed) (bdf, ) |
| 09/27/2000 | 1650 | | STIPULATION by and between deft Powers and the govt regarding Rico Forfeiture allegations (bdf, ) (Entered: 09/28/2000) |
| 09/29/2000 | 1651 | | MOTION to produce by USA as to Kevin P O'Neill (bdf, ) (Entered: 10/02/2000) |
| 09/29/2000 | 1652 | | AFFIDAVIT of Atty. Eric J. Klumb by plaintiff USA (bdf, ) (Entered: 10/02/2000) |
| 10/02/2000 | 1653 | | ORDER by Chief Judge J P Stadtmueller granting motion for entry of preliminary order of forfeiture [1649−1] (cc: all counsel) (bdf, ) (Entered: 10/04/2000) |

| 10/05/2000 | 1658 | | NOTICE of hearing sentencing hearing set for 8:30 12/19/00 for Kevin P O'Neill (bdf, ) |
| --- | --- | --- | --- |
| 10/06/2000 | 1660 | | HEARING MINUTES: before Chief Judge J P Stadtmueller continuing objections by defense counsel regarding restitution figure. sentencing rescheduled for 8:30 12/21/00 for William B Brock Court Reporter: Diane M. (bdf, ) (Entered: 10/11/2000) |
| 10/06/2000 | 1662 | | STIPULATION for denial of 9/22/00 motion for release of lis pendens as moot (bdf, ) (Entered: 10/11/2000) |
| 10/06/2000 | 1664 | | ORDER by Chief Judge J P Stadtmueller denying motion for new trial [1592–1] as to defendant Leslie John Jensen (cc: all counsel) (sealed, ) (Entered: 10/11/2000) |
| 10/10/2000 | 1663 | | MOTION to compel the government to release Tape UC–219 to forensic expert by Kevin P O'Neill (sealed, ) (Entered: 10/11/2000) |
| 10/10/2000 | 1667 | | ORDER by Chief Judge J P Stadtmueller finding the motion for release of lis pendens [1636–1] moot. (cc: all counsel) (tlf, ) (Entered: 10/12/2000) |
| 10/12/2000 | 1685 | | NOTICE of hearing ; sentencing hearing set for 3:30 12/21/00 for Johnson F Blake (bdf, ) (Entered: 10/17/2000) |
| 10/12/2000 | 1686 | | NOTICE of hearing ; sentencing hearing set for 1:30 12/21/00 for Raymond L Morgan (bdf, ) (Entered: 10/17/2000) |
| 10/17/2000 | 1702 | | ORDER by Chief Judge J P Stadtmueller directing production of discovery materials (cc: all counsel) (bdf, ) (Entered: 10/19/2000) |
| 11/08/2000 | 1720 | | ... ORDER by Chief Judge J P Stadtmueller denying defendant Randall Miller's motion for withdrawal of attorney [1706–1] for lack of jurisdiction (cc: all counsel) (tlf, ) (Entered: 11/09/2000) |
| 11/22/2000 | 1724 | | RETURN OF SERVICE of writ of habeas corpus for the appearance of witness Roger Fiebrantz at trial 9:00 9/6/00 (tlf, ) |
| 11/27/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion to allow release from EM [1722–1] (cc: all counsel) (bdf, ) (Entered: 11/28/2000) |
| 11/27/2000 | 1725 | | NOTICE of release of lien against deft James Rostron in the amount of $7,550.00 by plaintiff USA (bdf, ) (Entered: 11/28/2000) |
| 11/30/2000 | 1726 | | ALL PAPER EXHIBITS released to Diane Meredith (1 Box) for preparation of transcripts. (eeb, ) Modified on 03/09/2001 (Entered: 03/09/2001) |
| 12/01/2000 | 1727 | | LETTER from plaintiff USA regarding judgment and commitment order of deft James Meinen (bdf, ) |
| 12/05/2000 | 1729 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien for property located at 227 Maplewood Drive, Antioch, IL for deft James Hanson. Papers returned to Atty. Robert Penegor, 16655 W. Bluemound Rd., Brookfield, WI 53005. (cc: all counsel) (bdf, ) (Entered: 12/06/2000) |
| 12/18/2000 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion to continue sentencing [1730–1] (cc: all counsel) (bdf, ) (Entered: 12/19/2000) |

| 12/19/2000 | 1731 | | ORDER by Chief Judge J P Stadtmueller denying motion for judgment of acquittal [1698−1] (cc: all counsel) (bdf, ) |
|---|---|---|---|
| 12/19/2000 | 1736 | | HEARING MINUTES: before Chief Judge J P Stadtmueller, sentencing held as to defendant Kevin P O'Neill (1) count(s) 1s, 2s , 3s , 5s , 6s , 7s: SENT: Life imprisonment as to Cts 1 and 2, 240 months imprisonment as to Cts 3, 5 and 6, and 120 months as to Ct 7 all to run concurrently for a total term of life imprisonment, SR: 5 years as to Cts 1 and 2, 3 years as to Cts 3, 5, 6 and 7 all to run concurrently for a total term of 5 years supervised release, SA: $500.00, FINE: $7,500.00, REST: $26,743.70; Conditions of Supervised Release/Probation imposed; See Judgment for additional details ; terminating party Kevin P O'Neill ; Court Reporter: Christine Petrie (tlf) (lmf). (Entered: 12/26/2000) |
| 12/20/2000 | 1732 | | LETTER from plaintiff USA (bdf, ) |
| 12/21/2000 | 1733 | | STIPULATED motion by govt for forfeiture of case in lieu of interest of defts Warneke and Mroch in Chicago clubhouse property (bdf, ) |
| 12/21/2000 | 1735 | | HEARING MINUTES: before Chief Judge J P Stadtmueller sentencing hearing adjourned until later date Court Reporter: Diane M. (bdf, ) |
| 12/22/2000 | 1741 | | JUDGMENT and Commitment issued to U.S. Marshal as to Kevin P O'Neill by Chief Judge J P Stadtmueller (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | 1745 | | APPEAL Notice to USCA by defendant Kevin P O'Neill regarding Judgment & Commitment [1741−1] (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | 1746 | | DOCKETING STATEMENT by defendant Kevin P O'Neill (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | 1748 | | ORDER FORFEITING CASH IN LIEU OF PROPERTY INTERESTS by Chief Judge J P Stadtmueller as to defendants Carl J Warneke, Richard E Mroch (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/22/2000 | | | MARGINAL ORDER by Mag Judge William E. Callahan Jr granting motion for temporary modification of conditions of release [1749−1] as to defendant William B Brock (cc: all counsel) (tlf, ) (Entered: 12/26/2000) |
| 12/28/2000 | | | SHORT RECORD Transmitted to USCA for defendant Kevin P O'Neill Re: Notice of Appeal [1745−1] filed 12/22/00 (cc: all counsel) (tlf, ) |
| 12/29/2000 | 1764 | | ORDER by Chief Judge J P Stadtmueller granting motion to withdraw motion [1611−1] [1747−1] (cc: all counsel) (bdf, ) (Entered: 01/03/2001) |
| 01/03/2001 | 1763 | | Process receipt and return by plaintiff USA (bdf, ) |
| 01/05/2001 | | | As to defendant Kevin P O'Neill Re: Notice of Appeal [1745−1] filed 12/22/00 Appeal Number: 00−4344 received from USCA (tlf, ) (Entered: 01/08/2001) |
| 01/05/2001 | 1766 | | APPEAL Order from USCA that defendant Kevin P O'Neill is to pay the $105.00 appellate filing fee or file a motion to proceed on appeal in forma pauperis with USDC (tlf, ) (Entered: 01/08/2001) |
| 01/11/2001 | 1768 | | NOTICE of hearing ; sentencing hearing set for 1:30 1/30/01 for James W Schneider (bdf, ) |

| | | | |
|---|---|---|---|
| 01/18/2001 | 1818 | | ALL PAPER EXHIBITS (1 box) TEMPORARY RELEASED to Diane Meredith for the Powers Trial. (eeb, ) (Entered: 03/09/2001) |
| 01/22/2001 | 1773 | | SEALED document by plaintiff USA (bdf, ) (Entered: 01/23/2001) |
| 01/25/2001 | 1774 | | LETTER requesting continuance of sentencing of deft James Schneider from plaintiff USA (bdf, ) |
| 01/26/2001 | 1776 | | ORDER by Chief Judge J P Stadtmueller any further submission shall be filed by the govt by 2/15/01; the deft will be granted until 2/27/01 to respond and the govt may file any further reply by 3/1/01 sentencing hearing set for 10:00 3/9/01 for James W Schneider (cc: all counsel) (bdf, ) (Entered: 01/29/2001) |
| 01/29/2001 | 1777 | | ORDER by Chief Judge J P Stadtmueller for return of bail to Raymond L. Morgan, Sr., consisting of securities deposited in the registry as bail for deft Raymond Morgan, Jr. (cc: all counsel) (bdf, ) (Entered: 01/30/2001) |
| 02/02/2001 | 1779 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien against property posted by Raymond Morgan, Sr.; 8221 Stateline Avenue, Munster, IN 46321 (cc: all counsel) (bdf, ) (Entered: 02/07/2001) |
| 02/05/2001 | 1780 | | ORDER by Chief Judge J P Stadtmueller granting motion for return of property [1778–1] as to property posted for James Rostron (cc: all counsel) (bdf, ) (Entered: 02/07/2001) |
| 02/13/2001 | 1781 | | MASTER ALPHABETICAL WITNESS INDEX FOR JURY TRIAL HELD 9/7/00 THRU 9/27/00 (djd, ) |
| 02/16/2001 | 1800 | | GOVERNMENT'S APPRENDI MEMORANDUM by plaintiff USA (tlf, ) |
| 02/20/2001 | 1801 | | APPEAL Order from USCA granting attorney Daniel D Resheter's motion to withdraw and appointing attorney Morris D Berman, Berman Law Office, 306 E Wilson St, Madison, WI 53701 to represent defendant–appellant Robert A Kruppstadt (tlf, ) |
| 02/20/2001 | 1802 | | APPEAL Order from USCA granting attorney Michael Barth's motion to withdraw and appointing attorney Thomas G Wilmouth, 312 E Wisconsin Ave, Ste 400, Milwaukee, WI 53202 to represent defendant–appellant Richard Mroch (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1803 | | APPEAL Order from USCA discharging attorney Ann T Bowe and appointing attorney Thomas L Shriner, Foley & Lardner, 777 E Wisconsin Ave, Milwaukee, WI 53202 to represent defendant–appellant Carl J Warneke (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1804 | | APPEAL Order from USCA granting attorney Charles W Giesen's motion to withdraw and appointing attorney Dean Strang, Federal Defender, 517 E Wisconsin Ave, Ste 325A, Milwaukee, WI 53202 to represent defendant–appellant Leslie J Jensen (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1805 | | APPEAL Order from USCA granting attorney Mark S Rosen's motion to withdraw and appointing attorney Kent R Carlson, 53 W Jackson, Ste 1515, Chicago, IL 60604 to represent defendant–appellant David Kadlec (tlf, ) (Entered: 02/21/2001) |
| 02/20/2001 | 1806 | | |

| | | | |
|---|---|---|---|
| | | | APPEAL Order from USCA granting attorney Franklyn M Gimbel's motion to withdraw and appointing attorney Noelle S Berg, Winston & Strawn, 35 W Wacker Dr, Chicago, IL 60601 to represent defendant–appellant Randall E Miller (tlf, ) (Entered: 02/21/2001) |
| 02/28/2001 | 1807 | | NOTICE by defendant Kevin P O'Neill that he has retained attorney Thomas Peters, Peters Law Office, 542 S Dearborn St, Ste 750, Chicago, IL 60605 to represent him as appellate counsel (tlf, ) (Entered: 03/01/2001) |
| 03/02/2001 | 1809 | | APPEAL Order from USCA granting motion for substitution of attorneys as to defendant–appellant Kevin P O'Neill; attorney William Marquis is permitted to withdraw and attorney Thomas Peters is substituted as retained counsel (tlf, ) |
| 03/05/2001 | 1810 | | ORDER by Chief Judge J P Stadtmueller for release of mortgage lien against property located at: 7318 N. Ridge Rd, Chicago, Ill; returned to Atty. Thomas G. Halloran, The Schroeder Group, S.C., Crossroads Corporate Center, 20800 Swenson Drive, Suite 475, Waukesha, WI 53186 (cc: all counsel) (bdf, ) (Entered: 03/08/2001) |
| 03/08/2001 | 1812 | | LETTER requesting to w/d four exhibits from plaintiff USA (bdf, ) (Entered: 03/09/2001) |
| 03/09/2001 | 1813 | | ALL EXHIBITS returned by Diane Meredith (doc. 1726) (eeb, ) |
| 03/09/2001 | 1817 | | PAPER EXHIBITS (10–1A, 10–1B, 10–1C) were TEMPORARY RELEASED to Scott J. Campbell w/U.S. Atty's Office for copies of pictures taken by Sandy w/ATF. The above exhibits were also RETURNED the same day by Sandy w/ATF. (eeb, ) |
| 03/09/2001 | 1819 | | ALL PAPER EXHIBITS (1 box) RETURNED by Diane Meredith. (eeb, ) |
| 03/09/2001 | 1822 | | ORDER by Chief Judge J P Stadtmueller for return of bail to The Schroeder Group, S.C. Trust Account at 20800 Swenson Drive, Suite 475, Waukesha, WI 53186 in the sum of $10,000.00 for deft William Brock. (cc: all counsel) (bdf, ) Modified on 03/13/2001 (Entered: 03/13/2001) |
| 03/20/2001 | 1825 | | MASTER ALPHABETICAL WITNESS INDEX – Jury trial held 3/8/00 through 6/15/00 (tlf, ) |
| 03/20/2001 | 1826 | | TRANSCRIPT of Jury Trial – Vol 1 – March 8, 2000 (tlf, ) Modified on 03/20/2001 |
| 03/20/2001 | 1827 | | TRANSCRIPT of Jury Trial – Vol 2 – March 13, 2000 (tlf, ) |
| 03/20/2001 | 1828 | | TRANSCRIPT of Jury Trial – Vol 3 – March 14, 2000 (tlf, ) |
| 03/20/2001 | 1829 | | TRANSCRIPT of Jury Trial – Vol 4 – March 15, 2000 (tlf, ) |
| 03/20/2001 | 1830 | | TRANSCRIPT of Jury Trial – Vol 5 – March 16, 2000 (tlf, ) |
| 03/20/2001 | 1831 | | TRANSCRIPT of Jury Trial – Vol 6 – March 20, 2000 (tlf, ) |
| 03/20/2001 | 1832 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Robert J Trepanier – March 20, 2000 (tlf, ) |
| 03/20/2001 | 1833 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Charles B Powers – March 20, 2000 (tlf, ) |

| 03/20/2001 | 1834 | | TRANSCRIPT of Jury Trial – Vol 7 – March 21, 2000 (tlf, ) |
|---|---|---|---|
| 03/20/2001 | 1835 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Charles B Powers – March 21, 2000 (tlf, ) |
| 03/20/2001 | 1836 | | TRANSCRIPT of Jury Trial – Vol 8 – March 22, 2000 (tlf, ) |
| 03/20/2001 | 1837 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of James W Schneider – March 22, 2000 (tlf, ) |
| 03/20/2001 | 1838 | | TRANSCRIPT of Jury Trial – Vol 9 – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1839 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of James W Schneider – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1840 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of David J Balkema – March 23, 2000 (tlf, ) |
| 03/20/2001 | 1841 | | TRANSCRIPT of Jury Trial – Vol 10 – March 24, 2000 (tlf, ) |
| 03/20/2001 | 1842 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Joseph A Badaracco – March 24, 2000 (tlf, ) |
| 03/20/2001 | 1843 | | TRANSCRIPT of Jury Trial – Vol 11 – March 27, 2000 (tlf, ) |
| 03/20/2001 | 1844 | | TRANSCRIPT of Jury Trial – Vol 12 – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1845 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of John Richard Jones – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1846 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Houston Clyde Murphy – March 28, 2000 (tlf, ) |
| 03/20/2001 | 1847 | | TRANSCRIPT of Jury Trial – Vol 13 – March 29, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1848 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continued Testimony of Houston Clyde Murphy – March 29, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1849 | | TRANSCRIPT of Jury Trial – Vol 14 – March 30, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1850 | | TRANSCRIPT of Jury Trial – Vol 15 – April 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1851 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of David B Wolf – April 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1852 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 4, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1853 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 5, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1854 | | TRANSCRIPT of Jury Trial – Vol 16 – April 6, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1855 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of David B Wolf – April 6, 2000 (tlf, ) (Entered: 03/21/2001) |

| 03/20/2001 | 1856 | | TRANSCRIPT of Jury Trial – Vol 17 – April 7, 2000 (tlf, ) (Entered: 03/21/2001) |
|---|---|---|---|
| 03/20/2001 | 1857 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark Parco – April 7, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1858 | | TRANSCRIPT of Jury Trial – Vol 18 – April 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1859 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Parco – April 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1860 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Patricia Lynn Wolf – April 18, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1861 | | TRANSCRIPT of Jury Trial – Vol 19 – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1862 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Patricia Lynn Wolf – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1863 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Gary Govekar – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1864 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark Fritz – April 19, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1865 | | TRANSCRIPT of Jury Trial – Vol 20 – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1866 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Fritz – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1867 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Eric Klinkhammer – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1868 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Todd Leifker – April 20, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1869 | | TRANSCRIPT of Jury Trial – Vol 21 – April 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1870 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Mark William Quinn – April 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1871 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark William Quinn – April 25, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1872 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark William Quinn – April 26, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1873 | | TRANSCRIPT of Jury Trial – Vol 22 – April 27, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1874 | | EXCERPT OF TRANSCRIPT of Jury Trial – Continuation of Testimony of Mark Quinn – April 27, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1875 | | TRANSCRIPT of Jury Trial – Vol 23 – April 28, 2000 (tlf, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/21/2001) |
| 03/20/2001 | 1876 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Daniel Schuh Jr, Mari Jo Addy Burri, Daniel Schuh Sr, and Gary Reith – April 28, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1877 | | TRANSCRIPT of Jury Trial – Vol 24 – May 3, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1878 | | TRANSCRIPT of Jury Trial – Vol 25 – May 4, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1879 | | TRANSCRIPT of Jury Trial – Vol 26 – May 5, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1880 | | TRANSCRIPT of Jury Trial – Vol 27 – May 8, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1881 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Linda Brannigan – May 8, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1882 | | TRANSCRIPT of Jury Trial – Vol 28 – May 9, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1883 | | TRANSCRIPT of Jury Trial – Vol 29 – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1884 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of John Pozzi – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1885 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Charles A Berard – May 10, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1886 | | TRANSCRIPT of Jury Trial – Vol 30 – May 11, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1887 | | TRANSCRIPT of Jury Trial – Vol 31 – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1888 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Richard Terrones – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1889 | | EXCERPT OF TRANSCRIPT of Jury Trial – Testimony of Lloyd M Brueggeman – May 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1890 | | TRANSCRIPT of Jury Trial – Vol 32 – May 17, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1891 | | TRANSCRIPT of Jury Trial – Vol 33 – May 23, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1892 | | TRANSCRIPT of Jury Trial – Vol 34 – May 24, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1893 | | TRANSCRIPT of Jury Trial – Vol 35 – May 25, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1894 | | TRANSCRIPT of Jury Trial – Vol 36 – May 30, 2000 (tlf, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/21/2001) |
| 03/20/2001 | 1895 | | TRANSCRIPT of Jury Trial – Vol 37 – June 7, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1896 | | TRANSCRIPT of Jury Trial – Vol 38 – June 14, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1897 | | TRANSCRIPT of Jury Trial – Vol 39 – June 15, 2000 (tlf, ) (Entered: 03/21/2001) |
| 03/20/2001 | 1898 | | TRANSCRIPT of Arraignment and Plea held 11/19/98 for defendants Kevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, Randall E Miller, Harvey E Powers, James C Rostron, Leslie John Jensen (tlf, ) (Entered: 03/22/2001) |
| 04/13/2001 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller granting motion for extension of time to report to prison [1899–1] (cc: all counsel) (bdf, ) (Entered: 04/16/2001) |
| 05/04/2001 | 1900 | | STIPULATED motion to allow the govt to take possession of Wisconsin Chapter Clubhouse pending decision as to final order of forfeiture. (bdf, ) |
| 05/08/2001 | 1904 | | INDEX TO TRIAL TRANSCRIPTS for defendants Kevin P O'Neill, et al (tlf, ) |
| 05/08/2001 | 1905 | | TRANSCRIPT of Jury Voir Dire – Vol 1 held 3/8/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1906 | | TRANSCRIPT of Jury Voir Dire – Vol 2 held 3/9/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1907 | | TRANSCRIPT of Jury Voir Dire Vol 3 held 3/10/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1908 | | TRANSCRIPT of Jury Voir Dire – Vol 4 held 3/13/00 for defendant Kevin P O'Neill (tlf, ) |
| 05/08/2001 | 1909 | | TRANSCRIPT of Jury Voir Dire – Vol 5 held 3/14/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1910 | | TRANSCRIPT of Opening Statements held 3/15/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1911 | | TRANSCRIPT of Closing Arguments – Vol 1 held 5/30/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1912 | | TRANSCRIPT of Closing Arguments – Vol 2 held 5/31/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1913 | | TRANSCRIPT of Closing Arguments – Vol 3 held 5/8/00 for defendant Kevin P O'Neill (tlf, ) |
| 05/08/2001 | 1914 | | TRANSCRIPT of Closing Arguments – Vol 4 held 6/2/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1915 | | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT of Closing Arguments – Vol 5 held 6/5/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1916 | | TRANSCRIPT of Closing Arguments – Vol 6 held 6/6/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/08/2001 | 1917 | | TRANSCRIPT of Closing Arguments – Vol 7 held 6/7/00 for defendant Kevin P O'Neill, et al. (tlf, ) |
| 05/10/2001 | 1918 | | NOTICE OF FORFEITURE by plaintiff USA (tlf, ) |
| 05/10/2001 | 1919 | | ORDER by Chief Judge J P Stadtmueller granting US' stipulated motion to take possession of Wisconsin Chapter Clubhouse (1263 S Cherry St, Janesville) as well as associated land, buildings & fixtures pending decision as to final order of forfeiture [1900–1] (cc: all counsel) (djd, ) (Entered: 05/11/2001) |
| 06/11/2001 | 1928 | | APPEAL Order from USCA substituting attorney Jack J Crowe, Winston & Strawn, 35 W Wacker Dr, Chicago, IL 60601 as court–appointed counsel for defendant–appellant Randall E Miller (tlf, ) (Entered: 06/12/2001) |
| 06/11/2001 | 1929 | | STIPULATION AND SETTLEMENT AGREEMENT between plaintiff USA and claimant Rock County regarding property taxes for the Wisconsin Chapter Clubhouse, 1263 S Cherry St, Janesville, WI (tlf, ) (Entered: 06/12/2001) |
| 06/12/2001 | 1930 | | REVISED TRIAL TRANSCRIPT LIST for defendant Kevin P O'Neill, et al (tlf, ) (Entered: 06/13/2001) |
| 06/27/2001 | | | MARGINAL ORDER by Chief Judge J P Stadtmueller denying motion for extension of time to report to prison [1931–1] (cc: all counsel) (bdf, ) (Entered: 06/28/2001) |
| 06/28/2001 | 1932 | | RETURN OF SERVICE executed upon defendant Kevin P O'Neill on 6/21/01 (bdf, ) (Entered: 06/29/2001) |
| 07/03/2001 | 1935 | | NOTICE of process receipt and return by plaintiff USA (bdf, ) (Entered: 07/06/2001) |
| 07/16/2001 | 1936 | | RETURN OF SERVICE executed upon defendant Kevin P O'Neill on 7/13/01 (bdf, ) (Entered: 07/17/2001) |
| 07/31/2001 | 1937 | | RETURN OF SERVICE executed upon defendant Kevin P O'Neill on 7/23/01 (bdf, ) (Entered: 08/02/2001) |
| 08/15/2001 | 1938 | | MOTION for order and judgment by USA as to Kevin P O'Neill (bdf, ) (Entered: 08/16/2001) |
| 08/15/2001 | 1939 | | AFFIDAVIT of AUSA Scott Campbell by plaintiff USA (bdf, ) (Entered: 08/16/2001) |
| 09/04/2001 | 1940 | | ORDER by Chief Judge J P Stadtmueller granting motion for order and judgment [1938–1] (cc: all counsel) (bdf, ) (Entered: 09/05/2001) |
| 09/06/2001 | 1942 | | APPEAL Order from USCA granting attorney Paul Flynn's motion for substitution of counsel and appointing attorney William Theis of the Federal Defender Program for the Northern District of Illinois (tlf, ) |

| 09/13/2001 | 1943 | | RETURN OF SERVICE executed upon defendant Kevin P O'Neill on 9/10/01 (bdf, ) (Entered: 09/17/2001) |
|---|---|---|---|
| 10/02/2001 | 1946 | | EXHIBITS received (2 tapes from 3/25/98) for plaintiff USA ; exhibit list filed (eeb, ) |
| 10/02/2001 | 1948 | | ORDER by Chief Judge J P Stadtmueller f/the return of the certificate of deposit to M & I Bank, 4380 N. Campbell Ave., Suite 100, Tucson, AZ 85718. (cc: all counsel) (bdf, ) (Entered: 10/04/2001) |
| 10/04/2001 | 1949 | | NOTICE of release of lien against deft Raymond Morgan in the amount of $5,050.00 by plaintiff USA (bdf, ) |
| 10/12/2001 | 1950 | | ORDER by Chief Judge J P Stadtmueller for release of non−cash collateral to Johnson C. Blake, Sr. – the 575 shares of Bellsouth Corporation stock. (cc: all counsel) (bdf, ) (Entered: 10/15/2001) |
| 12/31/2001 | 1953 | | Notice of REQUEST by defendant Kevin P O'Neill for sanctions (pro se) (bdf, ) (Entered: 01/02/2002) |
| 02/05/2002 | 1954 | | ORDER by Chief Judge J P Stadtmueller that Kevin O'Neill's December 31, 2001 request for sanctions is dismissed without prejudice (cc: all counsel) (bdf, ) (Entered: 02/07/2002) |
| 05/02/2002 | 1957 | | MOTION for return of property by Kevin P O'Neill w/attachments (bdf, ) |
| 05/10/2002 | 1958 | | ORDER by Mag Judge Patricia J. Gorence (sealed) (bdf, ) |
| 08/01/2002 | 1959 | | ORDER by Chief Judge J P Stadtmueller that within 30 days the govt shall respond to Kevin O'Neill's motion for the return of property. (cc: all counsel) (bdf, ) (Entered: 08/05/2002) |
| 08/14/2002 | 1960 | | REQUEST by deft Kevin P O'Neill for Subpoena Duces Tecum for Inventory of Retained Property w/ attached Notice of Filing & Proof of Service (djd, ) (Entered: 08/15/2002) |
| 08/16/2002 | 1962 | | Criminal Appeal Record Request received from USCA – defendant Kevin P O'Neill, defendant Carl J Warneke, defendant Robert A Kruppstadt, defendant Richard E Mroch, defendant David A Kadlec, defendant Randall E Miller, defendant James W Schneider, defendant Leslie John Jensen USCA Number: 00−3719, 00−3720, 00−3721, 00−3731, 00−3740, 00−3865, 00−4344 and 01−1683. (kmm, ) (Entered: 08/21/2002) |
| 08/21/2002 | | | RECORD on Appeal sent to USCA for defendant Kevin P O'Neill consisting of 11 vols of pleadings, 5 loose pleadings, 105 vols of transcripts, 6 boxes of exhibits and PSR. USCA Number: 00−4344 Re: [1745−1] (cc: all counsel) (kmm, ) |
| 09/03/2002 | 1963 | | RESPONSE by plaintiff USA to motion for return of property [1957−1] (bdf, ) (Entered: 09/04/2002) |
| 09/03/2002 | 1964 | | AFFIDAVIT of Jay A. Quabius by plaintiff USA (bdf, ) (Entered: 09/04/2002) |
| 09/05/2002 | 1965 | | ORDER by Judge J P Stadtmueller for release of mortgage lien to Atty. Neil J. Anderson of property located at Lot 149, Pineneedle Drive, Westminster, SC 29693. (cc: all counsel) (bdf, ) (Entered: 09/12/2002) |

| | | | |
|---|---|---|---|
| 09/16/2002 | 1966 | | REPLY by defendant Kevin P O'Neill regarding return of property (bdf, ) |
| 11/19/2002 | 1967 | | ORDER as to Kevin P O'Neill re 1957 Motion for Return of Property/PostTrial filed by Kevin P O'Neill., Motions terminated as to Kevin P O'Neill : 1957 Motion for Return of Property/PostTrial filed by Kevin P O'Neill pursuant to Federal Rule of Criminal Procedure 41(e) is denied without prejudice and It is further ordered that deft Kevin O'Neill's request for a subpoena duces tecum is denied. Signed by Judge J P Stadtmueller on 11/19/02. (cc: all counsel) (bdf, ) (Entered: 11/21/2002) |
| 11/25/2002 | 1968 | | MOTION for Return of seized property by Richard E Mroch. (bdf, ) |
| 12/06/2002 | 1970 | | MANDATE of USCA (certified copy) as to Kevin P O'Neill AFFIRMING 1745 Notice of Appeal with attached slip opinion USCA Number 00–4344. Record to be Returned at a Later Date. (hmv, ) (Entered: 01/02/2003) |
| 01/13/2003 | 1979 | | ORDER of USCA: AMENDING the first paragraph on page 3 of the slip opinion (mandate) of this court issued on 11/12/02 as to David A Kadlec, Randall E Miller, Harvey E Powers, James W Schneider, Leslie John Jensen, Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch re 1699 Notice of Appeal, 1677 Notice of Appeal, 1678 Notice of Appeal, 1823 Notice of Appeal, 1712 Notice of Appeal, 1703 Notice of Appeal, 1745 Notice of Appeal, 1743 Notice of Appeal, 1679 Notice of Appeal. The Petitions for Rehearing for Deft–Appellants Kruppstadt (00–3731), O'Neill (00–4344), and Powers (00–4345) are DENIED. (hmv, ) |
| 01/13/2003 | | | APPEAL RECORDS RETURNED as to David A Kadlec, Randall E Miller, James W Schneider, Kevin P O'Neill, Carl J Warneke, Robert A Kruppstadt, Richard E Mroch, Leslie John Jensen and Harvey Powers. KADLAC–7 vols of pleadings, 1 transcript, 5 sealed documents and PSR. MILLER–8 vols of pleadings, 4 loose pleadings, 1 transcript and PSR. SCHNEIDER–2 vols of pleadings, 5 transcripts, PSR. O'NEILL–11 vols of pleadings, 5 loose pleadings, 103 of 105 vols of trial transcripts (vols 31 and 33 missing from appeal record), 6 boxes of exhibits. WARNECKE–7 vols of pleadings, 2 loose pleadings, 3 transcripts and PSR. KRUPPSTADT–8 vols of pleadings, 3 loose pleadings, 2 transcripts and PSR. MROCH–6 vols of pleadings, 5 loose pleadings, 4 transcripts and PSR. JENSEN–7 vols of pleadings, 3 loose pleadings, 3 transcripts and PSR. POWERS–6 vols of pleadings, 2 loose pleadings, 28 vols of transcripts and PSR. (kmm, ) (Entered: 09/10/2003) |
| 01/17/2003 | 1980 | | LETTER from deft Kevin O'Neill regarding return of property (bdf, ) |
| 01/23/2003 | 1981 | | ORDER of USCA as to Harvey E Powers, Kevin P O'Neill, Robert A Kruppstadt re 1699 Notice of Appeal, 1745 Notice of Appeal, 1743 Notice of Appeal. Certified Copy of order amending the first paragraph on page 3 of the opinion of this court issued on 11/12/02. (hmv, ) (Entered: 01/24/2003) |
| 03/11/2003 | 1982 | | NOTIFICATION OF EXHIBIT Release sent to counsel for the Government – Carol Kraft (ers, ) |
| 03/14/2003 | 1983 | | ALL TRIAL EXHIBITS released to counsel for USA, receipt filed. (ers, ) |
| 03/27/2003 | 1984 | | RESUBMISSION for return of property by Kevin P O'Neill. (bdf, ) |
| 08/06/2003 | 1987 | | MOTION for Discovery by Kevin P O'Neill.(bdf, ) |

| 10/01/2004 | 2013 | | LETTER from Kevin O'Neill, pro se w/attached exhibits. (bdf, ) (Entered: 10/04/2004) |
|---|---|---|---|
| 10/13/2004 | 2014 | | ORDER FOR RETURN OF PROPERTY signed by Judge J P Stadtmueller on 10/13/04 as to Kevin P O'Neill; that two firearms presently in the custody of ATF be returned to Nanette Suchocki; See order for model and serial numbers. (cc: all counsel) (djd ) (Entered: 10/14/2004) |
| 12/06/2004 | 2016 | | MOTION to Dismiss pending return of property motionby Kevin P O'Neill.(bdf, ) (Entered: 12/08/2004) |
| 12/13/2004 | | | MARGIN ORDER signed by Judge J P Stadtmueller on 12/13/04 granting 2016 Motion to Dismiss as to Kevin P O'Neill (1). (cc: all counsel) (bdf, ) |
| 02/28/2005 | | | NOTIFICATION OF EXHIBIT Release sent to defendants' trial counsel of record. (kmm, ) |
| 01/11/2006 | 2028 | | NOTICE OF ATTORNEY APPEARANCE: Carol L Kraft appearing for USA (Kraft, Carol) |
| 08/11/2009 | 2041 | | LETTER from Harry Bowman requesting copy of documents (bdf) |
| 10/20/2009 | 2043 | | LETTER from Harry Bowman inquiring into the status of the Court's ruling on the disclosure and protective order. pro se (bdf) (Entered: 11/03/2009) |
| 10/15/2010 | 2046 | | MOTION to Seal Document by USA as toKevin P O'Neill, Carl J Warneke, Raymond L Morgan, Robert A Kruppstadt, Richard E Mroch, Randy M Yager, Johnson F Blake, William B Brock, James E Hanson, David A Kadlec, Allen J McVay, James E Meinen, Randall E Miller, Harvey E Powers, James C Rostron, James W Schneider, Leslie John Jensen. (Attachments: # 1 Text of Proposed Order)(Kraft, Carol) |
| 10/15/2010 | 2047 | | Document sealed (djd) |
| 10/18/2010 | 2048 | | ORDER signed by Judge J P Stadtmueller on 10/18/2010 granting 2046 Motion to Seal Document (cc: all counsel) (djd) |
| 11/05/2010 | 2049 | | SEALED DOCUMENT (djd) |
| 11/05/2010 | 2050 | | SEALED Document(djd) (Entered: 11/09/2010) |
| 07/13/2016 | 2172 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
| 03/28/2018 | 2193 | | MOTION for Relief From Judgment by Kevin P O'Neill. (Attachments: # 1 Sep App 1 – 30 (Bookmarked), # 2 Certificate of Service)(mlm) (Missing page 18 of main document. Pursuant to a phone call, Mr. O'Neill will be sending in a letter attaching page 18.) (Entered: 03/29/2018) |
| 06/06/2018 | 2195 | | LETTER from Kevin P O'Neill with Page 18 of his 2193 Motion for Relief. (Attachments: # 1 Page 18)(mlm) (Entered: 06/07/2018) |
| 06/15/2018 | 2196 | | AMENDED MOTION for Relief From Judgment by Kevin P O'Neill. (Attachments: # 1 Cover Letter)(amb) (Entered: 06/18/2018) |
| 06/28/2018 | 2197 | | ORDER as to Kevin P. O'Neill signed by Judge J.P. Stadtmueller on 6/28/2018. 2193 Defendant's Initial Motion for Relief From Judgment is DENIED as moot. 2196 Defendant's Amended Motion for Relief From |

| | | | Judgment is RECHARACTERIZED as a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255; the Clerk of Court is DIRECTED to open a separate civil action (Case No. 18–CV–989–JPS) to that effect. See Order for further details. (cc: all counsel, via mail to Kevin P. O'Neill) (jm) |
|---|---|---|---|
| 07/20/2018 | 2198 | | MOTION for Judicial Disqualification and MOTION for Evidentiary Hearing by Kevin P O'Neill. (Attachments: # 1 Exhibits – Sep. App. 1, # 2 Proof of Service)(mlm) |
| 07/27/2018 | 2199 | | ORDER as to Kevin P. O'Neill signed by Judge J.P. Stadtmueller on 7/27/2018 DENYING 2198 Defendant's Motion for Recusal. (cc: all counsel, via mail to Kevin P. O'Neill) (jm) |
| 11/13/2018 | 2203 | | USCA ORDER as to Kevin P O'Neill entered on 11/13/18 denying authorization to file a successive collateral attack regarding recusal of trial judge and dismissing O'Neill's application. (cc: all counsel) (kmm) |
| 05/09/2022 | 2285 | | SEALED/RESTRICTED DOCUMENT  This document is not available electronically and must be served in paper format upon opposing counsel. (Main Document 2285 replaced on 5/12/2022) (mlm). Modified on 1/9/2024 (mlm). (Entered: 05/11/2022) |
| 05/11/2022 | 2284 | | MOTION to Seal/Restrict Document by Kevin P O'Neill. (Attachments: # 1 Notice of Filing)(mlm) |
| 05/13/2022 | 2286 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 5/13/2022. Matter REFERRED to Federal Defender Services for review regarding motion for compassionate release. By 5/27/2022, Federal Defender Services to INFORM the Court whether it intends to file anything on Defendant's behalf. 2284 Defendant's Motion to Restrict Access is GRANTED. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 05/16/2022 | 2287 | | LETTER from David Kluth in support of defendant Kevin O'Neill. (Attachments: # 1 Envelope)(lz) |
| 06/21/2022 | 2289 | | LETTER from Timmy Voltz in support of Kevin O'Neill's motion for compassionate release. (mlm) |
| 06/21/2022 | 2291 | | LETTER in support of Kevin O'Neill's compassionate release request. (Attachments: # 1 Envelope)(lz) (Entered: 06/23/2022) |
| 06/22/2022 | 2290 | | MOTION for Extension of Time to File *answer to whether Federal Defender will supplement Mr. O'Neill's CR motion* by Kevin P O'Neill.(Campion, John) |
| 06/23/2022 | 2292 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 6/23/2022 GRANTING 2290 Federal Defender Services' Motion for Extension of Time. By 6/29/2022, Federal Defender Services shall INFORM the Court whether it intends to file anything on Defendant's behalf. (cc: all counsel, via mail to Kevin P O'Neill ) (jm) |
| 07/20/2022 | 2294 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 7/20/2022. By 8/10/2022, the Government to RESPOND to Defendant's motion for compassionate release. Defendant to REPLY within 21 days of the Government's response. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |

| | | | |
|---|---|---|---|
| 07/20/2022 | 2295 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. (Entered: 07/21/2022) |
| 07/21/2022 | 2296 | | NOTICE OF ATTORNEY APPEARANCE: Jonathan H Koenig appearing for USA (Koenig, Jonathan) |
| 08/01/2022 | 2297 | | MOTION for Extension of Time to File *Response to Defendant's Compassionate Release Motion (#2285)* by USA as toKevin P O'Neill. (Attachments: # 1 Certificate of Service)(Koenig, Jonathan) |
| 08/02/2022 | 2298 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 8/2/2022 GRANTING 2297 United States' Motion for Extension of Time. By 9/16/2022, the Government to RESPOND to Defendant's motion for compassionate release. Defendant to REPLY within 21 days of the Government's response. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 08/15/2022 | 2300 | | LETTER from Robin Tellier in support of Kevin O'Neill's motion for compassionate release. (mlm) |
| 08/18/2022 | 2301 | | LETTER from Evgeny Zaplatkin in support of Kevin O'Neill's motion for compassionate release. (Attachments: # 1 Envelope)(lz) (Entered: 08/19/2022) |
| 08/25/2022 | 2302 | | MOTION to Seal Document by USA as toKevin P O'Neill. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Koenig, Jonathan) |
| 08/25/2022 | 2303 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
| 08/30/2022 | 2304 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 8/30/2022 GRANTING: 2302 United States' Motion to Seal Document and 2303 United States' Motion to Stay Briefing. Government to RESPOND to Defendant's Motion for Compassionate Release within 30 days of issuance of specified Seventh Circuit decision. Defendant to REPLY within 21 days of Government's response. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 10/04/2022 | 2316 | | MOTION to Restrict Access by Kevin P O'Neill. (Attachments: # 1 Envelope)(lz) |
| 10/04/2022 | 2317 | | RESTRICTED DOCUMENT (Sealed) as to Kevin P O'Neill (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (Attachments: # 1 Exhibits A–F (bookmarked))(lz) |
| 11/10/2022 | 2323 | | MOTION for Judicial Notice of Transcripts in Related Proceeding (Restricted Document–Sealed) as to Kevin P O'Neill (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (Attachments: # 1 Exhibit 2288, # 2 Exhibit 2293)(mlm) Modified on 11/14/2022 (mlm). (Entered: 11/14/2022) |
| 11/14/2022 | 2324 | | MOTION to Restrict Access to 2323 Motion for Judicial Notice of Transcripts by Kevin P O'Neill.(mlm) (Main Document 2324 replaced on 11/14/2022) (mlm). |
| 04/21/2023 | 2331 | | MOTION to Restrict Document by Kevin P O'Neill.(mlm) |
| 04/21/2023 | 2332 | | |

| | | | |
|---|---|---|---|
| | | | DECLARATION as to Kevin P O'Neill – RESTRICTED DOCUMENT (Sealed) (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (Attachments: # 1 Exhibits)(mlm) |
| 05/09/2023 | 2333 | | MOTION for Extension of Time to File *Response to Defendant's Compassionate Release Motion* by USA as toKevin P O'Neill. (Attachments: # 1 Certificate of Service)(Koenig, Jonathan) |
| 05/09/2023 | 2336 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 5/9/2023 GRANTING 2333 United States' Motion for Extension of Time. By 6/14/2023, Government to RESPOND to Defendant's Motion for Compassionate Release. Defendant to REPLY within 21 days of the Government's response. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 05/19/2023 | 2337 | | MOTION to Restrict Access by Kevin P O'Neill. (Attachments: # 1 Certificate of Service)(lz) (Entered: 05/22/2023) |
| 05/19/2023 | 2338 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. (Entered: 05/22/2023) |
| 05/23/2023 | 2339 | | MOTION to Seal Document by USA as toKevin P O'Neill. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Koenig, Jonathan) |
| 05/23/2023 | 2340 | | SEALED/RESTRICTED DOCUMENT (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) |
| 05/30/2023 | 2341 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 5/30/2023 GRANTING 2338 Defendant's Motion to Submit Supplemental Briefing. By 12/18/2023, Defendant to SUBMIT a supplemental brief. Government to FILE an omnibus response to Defendant's Motion for Compassionate Release and associated filings within 30 days after Defendant files his supplemental brief or within 30 days of 12/18/2023 if Defendant does not file a supplemental brief. Defendant may FILE a reply within 21 days of the Government's response. (cc: all counsel) (jm) |
| 09/14/2023 | 2347 | | NOTICE of Change of Address from Kevin O'Neill; moved to Pekin FCI; address updated. (mlm) |
| 12/04/2023 | 2354 | | NOTICE of Filing by Kevin P O'Neill (mlm) (Entered: 12/05/2023) |
| 12/04/2023 | 2355 | | MOTION to Restrict Access by Kevin P O'Neill.(mlm) (Entered: 12/05/2023) |
| 12/04/2023 | 2356 | | SUPPLEMENTAL MOTION to Reduce Sentence by Kevin P O'Neill. (Attachments: # 1 Exhibits A–L – Bookmarked, # 2 Envelope)(mlm) Modified on 12/5/2023 (mlm). (Entered: 12/05/2023) |
| 12/08/2023 | 2357 | | LETTER/RESTRICTED DOCUMENT (Sealed) from Patricia M. O'Neill as to Kevin P O'Neill. (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (mlm) (Entered: 12/11/2023) |
| 12/13/2023 | 2358 | | LETTER/RESTRICTED DOCUMENT (Sealed) from Colleen O'Neill McFeeter as to Kevin P O'Neill. (NOTICE: Parties allowed to view this document may do so by using their e–filing log–in and password.) (mlm) |
| 01/02/2024 | 2359 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Extension of Time to File *to file an Omnibus Response To Defendant's Motion for Compassionate Release* by USA as toKevin P O'Neill. (Attachments: # 1 Certificate of Service)(Koenig, Jonathan) |
| 01/02/2024 | 2360 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 1/2/2024 GRANTING 2359 United States' Motion for Extension of Time. By 2/2/2024, Government to FILE an omnibus response to Defendant's motions for compassionate release and associated filings. Defendant to FILE a reply within 21 days of the Government's omnibus response. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 01/18/2024 | 2361 | | MOTION to Seal Document by USA as toKevin P O'Neill. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Koenig, Jonathan) |
| 01/18/2024 | 2362 | | SEALED/RESTRICTED DOCUMENT NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password. Modified on 5/23/2024 (mlm). |
| 02/05/2024 | 2363 | | MOTION to Restrict Access (ECF No. 2364 ) by Kevin P O'Neill. (Additional attachment(s) added on 2/6/2024: # 1 Restricted Attachments) (mlm). (Entered: 02/06/2024) |
| 02/05/2024 | 2364 | | RESTRICTED MOTION for EXTENSION of Time (Sealed) as to Kevin P O'Neill (NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password.) (mlm) Modified on 2/7/2024 (mlm). (Entered: 02/07/2024) |
| 02/07/2024 | 2365 | | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 2/7/2024 GRANTING 2364 Defendant's Motion for Extension of Time. By 3/15/2024, Defendant to FILE his reply brief in support of his motions for compassionate release and associated filings. (cc: all counsel, via mail to Kevin P O'Neill) (jm) |
| 03/15/2024 | 2367 | | MOTION to Restrict Access to documents by Kevin P O'Neill. (Attachments: # 1 Cover Letter, # 2 Certificate of Service)(mlm) (Entered: 03/18/2024) |
| 03/15/2024 | 2368 | | REPLY (RESTRICTED DOCUMENT (Sealed)) filed by Kevin P. O'Neill to the Government's Response to 2285 O'Neill's motion for compassionate release. (NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password.) (Attachments: # 1 Exhibits)(mlm) (Entered: 03/18/2024) |
| 03/28/2024 | 2369 | | SUPPLEMENT by USA as to Kevin P O'Neill *Authority* (Attachments: # 1 Certificate of Service)(Koenig, Jonathan) |
| 03/28/2024 | 2371 | | RESTRICTED DOCUMENT (Sealed) as to Kevin P O'Neill. Letter of Support from Bob O'Neill. (NOTICE: Parties allowed to view this document may do so by using their e−filing log−in and password.) (mlm) (Entered: 03/30/2024) |
| 04/12/2024 | 2372 | | NOTICE of Supplemental Authority by Kevin P O'Neill (Attachments: # 1 Exhibit, # 2 Envelope)(mlm) (Entered: 04/15/2024) |
| 04/24/2024 | 2374 | | NOTICE of Supplemental Authority by Kevin P O'Neill (Attachments: # 1 Exh A & B−bookmarked, # 2 Envelope)(mlm) (Entered: 04/25/2024) |

| 05/23/2024 | 2376 | 87 | ORDER as to Kevin P O'Neill signed by Judge J P Stadtmueller on 5/23/2024. 2316 , 2324 , 2331 , 2337 , 2355 , 2363 and 2367 Defendant's Motions to Restrict Access are GRANTED. 2339 and 2361 United States' Motions to Seal are GRANTED as modified to restricted access. 2323 Defendant's Motion for Judicial Notice is GRANTED. 2317 Defendant's Motion to Compel is DENIED. 2285 Defendant's Motion for Compassionate Release and 2356 Defendant's Supplemental Motion for Compassionate Release are DENIED. See Order. (cc: all counsel, via mail to to Kevin P O'Neill) (jm) |
|---|---|---|---|
| 05/30/2024 | 2377 | 82 | NOTICE OF APPEAL by Kevin P O'Neill as to 2376 Order (Attachments: # 1 Notice of Filing, # 2 Envelope, # 3 Cover Letter)(cmb) |
| 05/30/2024 | 2378 | 86 | DOCKETING STATEMENT by Kevin P O'Neill re 2377 Notice of Appeal (cmb) |
| 05/30/2024 | 2379 | | Pro Se Cover Letter re: 2377 Notice of Appeal (Attachments: # 1 docket)(cmb) |

---------------------------------------------------------------------------------------------------------

FROM: 00322748
TO:
SUBJECT: NOTICE OF APPEAL
DATE: 05/25/2024 06:47:06 AM

{File}

CLERK USDC EDWI
FILED

2024 MAY 30  P 12: 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                                      Case No. 97-CR-98-JPS

KEVIN P. O'NEILL,

    Defendant.

---

NOTICE OF APPEAL

---

    Kevin O'Neill, pro se, hereby files this Notice of Appeal to the Seventh Circuit Court of Appeals as to

the Judgment of the District Court dated May 23, 2024. (See ECF No. 2376). [Fn.1]

    Pursuant to 28 U.S.C. Section 1746, and Fed. R. App. P. 4(c)(1)(A)(i), this Notice of Appeal was sent

to the Clerk's Office for the U.S. District Court for the Eastern District of Wisconsin, via the Institution's

legal mail system, with first-class prepaid postage affixed on May 28, 2024, at Pekin, Illinois.

                Respectfully submitted,

                Kevin O'Neill, Pro se
                Federal Register No. 00322-748
                FCI - Pekin
                Post Office Box 5000
                Pekin, Illinois 61555-5000

---

Fn.1 The record in this matter encompasses ECF Nos. 2284-2298; 2300-2304; 2316-2317; 2323-2324; 2331-
2333; 2336-2341; 2347; 2354-2358; 2361-2365; 2367-2369; 2371-2372; 2374; and 2376.

---------------------------------------------------------------------------------------------------

FROM: 00322748
TO:
SUBJECT: Notice of Filing - Appeal
DATE: 05/25/2024 06:49:18 AM

CLERK USDC EDWI
FILED

2024 MAY 30 P 12: 19

File:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

     Plaintiff,

V.                               Case No. 97-CR-98-JPS

KEVIN P. O'NEILL,

     Defendant.

---

NOTICE OF FILING

---

Pursuant to 28 U.S.C. Section 1746, I hereby certify that on May 28, 2024, I mailed Defendant's

"NOTICE OF APPEAL" and "DOCKETING STATEMENT" utilizing the Institution's Legal Mail system, via the U.S.

Postal Service with prepaid first-class postage to the Clerk's Office at the below address:

Office of the Clerk
United States Courthouse 362
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

                              Kevin O'Neill, Pro se
                              Federal Register No. 00322-748
                              FCI - Pekin
                              Post Office Box 5000
                              Pekin, Illinois 61555-5000



Kevin O Neill
00322-748
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555-5000
United States

⇔00322-748⇔

RECEIVED
MAY 28 2024
FCI PEKIN MAIL ROOM

Legal Mail

⇔00322-748⇔
Clerk Of Court
USDC - EDWI
517 E Wisconsin AVE
Room 362
Milwaukee, WI 53202
United States

CERTIFIED MAIL®

7022 2410 0000 7377 9658

U.S. Marshals Service
Eastern District of Wisconsin
MAY 30 24

FREEDOM
FOREVER USA

RDC 99

53202

USPS
POSTAL SERVICE®

Retail

U.S. POSTAGE PAID
FCM LETTER
PEKIN, IL 61554
MAY 28, 2024

$0.00
S2324E500955-84

---------------------------------------------------------------------------------------------

FROM: 00322748
TO:
SUBJECT: NOTICE OF APPEAL - cover letter
DATE: 05/25/2024 06:50:21 AM

CLERK USDC EDWI

2024 MAY 30 P 12: 19

{File}

KEVIN P. O'NEILL
Federal Register No. 00322-748
Federal Correctional Institution
Post Office 5000
Pekin, Illinois 61555-5000

May 28, 2024

Clerk of Court
362 United States Courthouse
517 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202

    Re: United States v. Kevin O'Neill, No. 97-CR-98-JPS

Dear Clerk of the Court:

    Please find enclosed for filing in the above-referenced case a "NOTICE OF APPEAL" and "DOCKETING STATEMENT."

    Thanking your office in advance for your legal diligence in this matter.

Sincerely,

Kevin O'Neill

KPO:kpo

enclosures/

---

FROM: 00322748
TO:
SUBJECT: DOCKETING STATEMENT
DATE: 05/25/2024 06:47:56 AM

CLERK USDC EDWI
FILED

{file}

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

2024 MAY 30  P 12: 19

---

UNITED STATES OF AMERICA,

    Plaintiff,

V.

                       Case No.97-CR-98-JPS

KEVIN P. O'NEILL,

    Defendant.

---

## DOCKETING STATEMENT

---

    This is an appeal from denial of a reduction of sentence in a criminal case. Mr. O'Neill sought relief

under 18 U.S.C. Section 3582(c)(1)(A); U.S.S.G. Sections 1B1.13(b)(2)(Nov. 1, 2023); 1B1.13(b)(5)(Nov. 1,

2023); 1B1.13(b)(6)(Nov. 1, 2023); 1B1.13(c)(Nov. 1, 2023); and 1B1.13(d)(Nov. 1, 2023). The district

court had jurisdiction over the case under 18 U.S.C. Sections 3231 and 3582(c)1)(A). This Court has

jurisdiction over this appeal under 28 U.S.C. Sections 1291 and 3742.

    The final decision denying relief on this motion in this case was docketed on May 23, 2024. (ECF No.

2376). Notice of Appeal was timely filed by Mr. O'Neill on May 28, 2024. This appeal is from a final order or

judgment that disposes of all parties' claims.

    Dated: May 28, 2024, at Pekin, Illinois.

Respectfully submitted,

Kevin O'Neill, Pro se
Federal Register No. 00322-748
FCI - Pekin
Post Office Box 5000
Pekin, Illinois 61555-5000

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                         Plaintiff,

v.                                                      Case No. 97-CR-98-1-JPS

KEVIN P. O'NEILL,

                                                        **ORDER**

                         Defendant.

---

## 1.      COMPASSIONATE RELEASE PROCEDURAL HISTORY

On May 9, 2022, Defendant Kevin P. O'Neill ("Defendant") filed a pro se motion for compassionate release or, alternatively, for a reduction in sentence. ECF No. 2285. On August 25, 2022, the Government moved to stay briefing on Defendant's motion pending the Seventh Circuit's decision in *United States v. Williams*, No. 22-1212 (7th Cir. Feb. 10, 2022). ECF No. 2303. In *Williams*, the Seventh Circuit considered an "unresolved legal question" that Defendant raised in his motion: "whether a life sentence mandated by the sentencing guidelines prior to [*United States v.*] *Booker*[, 543 U.S. 220 (2005)] is an 'extraordinary and compelling reason' for compassionate release." *Id.* at 2. The Court granted the motion. ECF No. 2304. On April 13, 2023, the Seventh Circuit decided *Williams* and reiterated its holding in *United States v. Thacker*, 4 F. 4th 569 (7th Cir. 2021) that "a nonretroactive statutory sentencing change cannot be transformed into one that is retroactive by the device of compassionate release"; in other words, the *Williams* defendant's life sentence mandated by pre-*Booker* sentencing guidelines was not an extraordinary and compelling reason for

compassionate release. *United States v. Williams*, <u>65 F.4th 343, 346</u> (citing *Thacker*, <u>4 F.4th at 574</u>); *id.* at 347–48.

Subsequent to the Court's order staying briefing pending the Seventh Circuit's decision in *Williams*, Defendant filed (1) a motion to compel the Bureau of Prisons (the "BOP") to release surveillance video of three assaults described in Defendant's motion for compassionate release, <u>ECF No. 2317</u>; (2) a motion for the Court to take judicial notice of certified transcripts from proceedings in a co-defendant's case, <u>ECF No. 2323</u>; and (3) a declaration containing supplemental medical information, <u>ECF No. 2332</u>.

In light of these new filings, as well as additional "supplemental materials" that Defendant had served directly on the Government, on May 9, 2023, the Government moved for an extension of time to submit its response to the motion. <u>ECF No. 2333</u>. The Court granted the motion. <u>ECF No. 2336</u>. However, shortly thereafter, on May 19, 2023, Defendant moved for leave to submit supplemental briefing in support of his underlying compassionate release motion "after the [November 1, 2023 presumptive] effective date of the [United States] Sentencing Commission's . . . promulgated amendments to U.S.S.G. Section 1B1.13." <u>ECF No. 2338 at 1</u>. The Government concurred with Defendant's request and "propose[d] that it be allowed to file an omnibus response to [Defendant's] various filings, including the underlying compassionate release motion and [Defendant's] supplemental brief" at that time. <u>ECF No. 2340 at 2</u>.

The Court granted Defendant's motion. <u>ECF No. 2341</u>. Defendant filed his supplemental brief (styled as a supplemental "motion" for compassionate release or, alternatively, a reduction in sentence) on December 4, 2023. <u>ECF No. 2356</u>. The Government filed its omnibus

response on January 18, 2024, ECF No. 2362, and Defendant filed his reply brief on March 15, 2024, ECF No. 2368. The Court has also received several letters from Defendant's friends and family in support of his compassionate release motion and associated filings. ECF Nos. 2287, 2289, 2291, 2295, 2300, 2301, 2357, 2358, 2285-1 at 151–210.

The matter is now ripe for the Court's review. For the reasons set forth herein, the Court will deny Defendant's underlying motion for compassionate release or a reduction in sentence, ECF No. 2285, as well as his supplemental motion for compassionate release or a reduction in sentence, ECF No. 2356. The Court will deny Defendant's motion to compel the BOP to release surveillance videos, ECF No. 2317, but it will grant his motion for the Court to take judicial notice of certified transcripts from proceedings in a co-defendant's case, ECF No. 2323.[1]

## 2. CRIMINAL CASE PROCEDURAL HISTORY

In June 2000, following a three-month jury trial, the jury convicted Defendant of six federal offenses: Count One, conducting the affairs of an enterprise, the Outlaws Motorcycle Club (the "Outlaws"), through a pattern of racketeering, in violation of 18 U.S.C. § 1962(c) (the Racketeer Influenced and Corrupt Organizations Act or "RICO"); Count Two, conspiracy to conduct the affairs of the Outlaws through a pattern of

---

[1] Nearly every single filing over the litigious two-year history of these compassionate release proceedings is accompanied with a motion to restrict access to the filings to only the parties and the Court, ECF Nos. 2316, 2324, 2331, 2337, 2355, 2363, 2367, or a motion to seal, ECF Nos. 2339, 2361. The Court will grant all the motions to restrict, and it will grant the motions to seal, as modified, such that they only restrict the subject docket entries to case participants and the Court rather than seal the subject docket entries. *See* Gen. L.R. 79(d)(1). All documents and attachments docketed at ECF Nos. 2317, 2323, 2332, 2338, 2340, 2356, 2362, 2364, and 2368 will be docketed in restricted form and shall remain as such until further order of the Court.

Case 2:97-cr-00098-JPS Filed 06/05/24 Page 3 of 71 Document 2380
Case 2:97-cr-00098-JPS Document 2476 Filed 09/25/24 Page 3 of 380

racketeering, in violation of 18 U.S.C. § 1962(d); Count Three, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2; Count Five, assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(3); and Counts Six and Seven, interstate transportation of explosives with intent to kill, in violation of 18 U.S.C. § 844(d). ECF No. 1527; ECF No. 2362 at 2–3; *O'Neill v. United States*, No. 04-CV-461, 2007 WL 2042250, at *1 (E.D. Wis. July 11, 2007); *see also* Presentence Report ("PSR") at 1–4.

The criminal activity occurred during and as part of a violent war with rival motorcycle gangs over territory. PSR at 6–21. Defendant's RICO convictions were based on eighteen proven racketeering acts, including murder; various attempted murders and conspiracies to commit murder of and/or arson towards rival bikers, including through the use of explosive devices; robbery and assault of rival biker club members and associates; and cocaine delivery. *Id.* at 1–4 (as to Defendant, proven racketeering acts were Acts 1, 2, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, 19, 20, 21, 22, 23, 34). On December 19, 2000, this Court sentenced Defendant to two concurrent life sentences on Counts One and Two; a concurrent 240-month sentence on Counts Three, Five, and Six; and a concurrent 120-month sentence on Count Seven, for a total sentence of life in prison. ECF Nos. 1736, 1741.

Defendant appealed to the Seventh Circuit Court of Appeals, which affirmed his conviction and sentence. *United States v. Warneke*, 310 F.3d 542 (7th Cir. 2002). The Supreme Court subsequently denied Defendant's petition for a writ of certiorari. *O'Neill v. United States*, 538 U.S. 1035 (2003). In May 2004, Defendant filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied. *O'Neill*, 2007 WL 2042250. The Seventh Circuit denied Defendant a certificate of

appealability. *O'Neill v. United States*, No. 04-CV-461-JPS, ECF No. 56 (Oct. 14, 2008). The Supreme Court again subsequently denied Defendant's petition for a writ of certiorari. *O'Neill v. United States*, 556 U.S. 1160 (2009). In September 2013, the Court denied a final motion for reconsideration pertaining to the § 2255 proceedings. *O'Neill v. United States*, No. 04-CV-461-JPS, ECF No. 61 (Sept. 12, 2013).

Almost five years later, Defendant filed a motion for relief from judgment in this case. ECF No. 2196; *see also United States v. O'Neill*, No. 18-CV-989-JPS, 2018 WL 10094281, at *1 (E.D. Wis. June 28, 2018). The Court was obliged to recharacterize the motion as one under § 2255 and denied the motion as an uncertified second or successive motion under § 2255(h). *O'Neill*, 2018 WL 10094281 at *2 (citing *Melton v. United States*, 359 F.3d 855, 857–58 (7th Cir. 2004) and § 2255(h)). In 2017 and 2018, Defendant pursued two unsuccessful successive collateral attacks under § 2255(h) and a petition for a writ of mandamus. ECF No. 2203. In the interim, and since, Defendant has also filed a number of Freedom of Information Act proceedings in this District and in the Western District of Wisconsin seeking documents and information related to his criminal case. *See O'Neill v. U.S. Dep't of Just., F.B.I.*, No. 06C671, 2007 WL 1521530 (E.D. Wis. May 23, 2007); *O'Neill v. U.S. Dep't of Just.*, No. 05-C-0306, 2008 WL 819013 (E.D. Wis. Mar. 25, 2008); *O'Neill v. U.S. Dep't of Just.*, No. 16-C-425, 2017 WL 384334 (E.D. Wis. Jan. 25, 2017); *O'Neill v. U.S. Dep't of Just. Exec. Office for U.S. Att'ys*, No. 18-CV-396-JDP, 2020 WL 905869 (W.D. Wis. Feb. 25, 2020). These compassionate release proceedings followed in May 2022.

3.    **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (the "Commission"). *See also United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *4 (N.D. Ill. Feb. 6, 2024) ("Congress directed the . . . Commission, in policy statements, to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'") (quoting 28 U.S.C. § 994(t)).

In 2020, the Seventh Circuit held that the relevant policy statement, U.S.S.G. § 1B1.13, was inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the . . . Commission has not yet issued a policy statement 'applicable' to [a prisoner's] request."). Therefore, because there was no applicable policy statement, the Seventh Circuit explained that courts have discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement.").

However, November 1, 2023 amendments to § 1B1.13 clarify that, in addition to "expand[ing] the list of specified extraordinary and compelling

reasons that can warrant sentence reductions," "the applicability of the policy statement [is extended] to defendant-filed motions . . . ." U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 7, *available at* https://perma.cc/P7TS-LMXQ (last visited May 23, 2024). Thus, it appears that the Seventh Circuit's prior determination of inapplicability of the policy statement will change. *See United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) ("*[U]ntil* the . . . Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons' warranting a sentence reduction.") (emphasis added).

Nonetheless, the distinction is ultimately academic. Courts retain discretion under the "catchall" provision of § 1B1.13 to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13 to be extraordinary and compelling bases for release. U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 3, 7 (referring to § 1B1.13(b)(5) as a "catchall" provision); *cf. Gunn*, 980 F.3d at 1180 (holding, prior to November 1, 2023 amendments, that "[t]he substantive aspects of the . . . Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused") (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007)).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

## 4. DEFENDANT'S PROFFERED "EXTRAORDINARY AND COMPELLING" BASES FOR RELEASE

Defendant has been in custody since 1997, and, accordingly, he has now served approximately 27 years of his total life sentence. ECF No. 2285 at 2; ECF No. 2356 at 8; *see also* ECF Nos. 25, 113, 751. He contends that "[w]ith good time credits of 48.6 months factored in, he will have served the equivalent of a 31-year federal sentence, or nearly 80% of a *de facto* life sentence." ECF No. 2356 at 8 & n.5 (citing U.S. SENT'G COMM'N, *2022 Sourcebook of Federal Sentencing Statistics*, app. A at 202) (URL omitted)).

The instant motion and supplemental motion for compassionate release or, alternatively, for a reduction in sentence are based upon the following proffered "extraordinary and compelling" bases for release: (1) Defendant's age and "age-related and institutional-related deterioration in health," including multiple unprovoked attacks by other inmates (*see, e.g.*, ECF No. 2285 at 22, 25; ECF No. 2356 at 7, 9, 16; *see also* ECF No. 2332 (Defendant's declaration providing supplemental medical information)); (2) the Government's "pretextual lies" and "deceitful propagation of disinformation," which, combined with "the prejudicial summary of the Gauger murders in [Defendant's] PSR," has "caused some BOP staff over the years to believe he is 'culpable in this heinous act'" and created a "punitive, excess of punishment" (*see, e.g.*, ECF No. 2356 at 21–22 & n.11 (quoting ECF No. 2285 at 29–30 n.18 and citing ECF No. 2356-1 at 21–26)); (3) Defendant's life sentence and length of time served is "unjustly disproportionate to [a] similarly situated" co-defendant (*see, e.g.*, ECF No.

2356 at 27); and (4) Defendant's "substantial length of imprisonment" (*see, e.g.*, ECF No. 2285 at 22; ECF No. 2356 at 5).[2] The Court relays in turn the facts and arguments that Defendant presents in support of each ground.

## 4.1 Age and Age-Related and Institutional-Related Deterioration in Health

Defendant was 65 years old when he initiated his compassionate release proceedings. ECF No. 2285 at 2. As of the filing of his supplemental compassionate release motion, he was 67 years old. ECF No. 2356 at 9. Defendant avers that he is "old enough and has been in prison long enough," and, moreover, that a prisoner study on "physiological age" puts

---

[2]In his supplemental motion, Defendant contends that additional extraordinary and compelling bases for release include "inadequate healthcare combined with extended periods of time [in which] he experienced delays in evaluations and treatment," "separate[] orders of confinement in [special housing] and in transit for a combined 19 months as a result of three unprovoked assaults," "approximately three years of pre-trial detention with multiple transfers from one county jail to another . . . , in combination with 16 years of onerous incarceration at United States Penitentiaries," "over three years of COVID-19 restrictions and lockdown conditions," and "the years of his sentence that have been spent in medical purgatory." ECF No. 2356 at 21–23. These additional bases are incorporated in the Court's summary and analysis of Defendant's arguments related to age and age-related and institutional-related deterioration in health.

To the extent that Defendant attempts to relitigate the issue of the alleged "warrantless installation and activation of 'the bug-infested lamp,'" ECF No. 2285 at 6 n.5 (citing Defendant's direct appeal, *Warneke*, 310 F.3d 542), such an argument is inappropriately raised on compassionate release. *See infra* Section 5.1.1.1 (describing the current state of the law in the Seventh Circuit as to the necessity of preventing compassionate release motions from infringing on the direct appeal or collateral review processes). The same is true as to alleged "evidence of the government's unbecoming [prosecution] tactics and insidious fabrications" that surfaced in a book authored by a former Milwaukee Police Department detective regarding the history of the Outlaws or otherwise. ECF No. 2356 at n.11 (describing alleged constitutional violations that surfaced in a memoir published in 2015 by Milwaukee Police Department Detective Roger Hinterthuer); ECF No. 2285-1 at 2 (citing Michael Grogan, *You Gotta Be Dirty: The Outlaws Motorcycle Club in & Around Wisconsin* (2016)).

him "10 to 15 years older than [his] chronological age." ECF No. 2285 at 32– 33 (citing *United States v. Hightower*, No. 93-CR-84-2-JPS, 2021 WL 461532, at *3 (E.D. Wis. Feb. 9, 2021) and Affidavit of Brie A. Williams, M.D., Professor of Medicine, University of California, San Francisco, Director of UCSF's Criminal Justice & Health Program, pg. 5, ¶ 12 (URL omitted)).

In combination with his age, Defendant raises a plethora of concerns regarding his medical conditions and the conditions at the institutions in which he has been housed over the years. During his pre-trial detention, Defendant submits that he was relocated multiple times and "[t]he transitory nature of his confinement precluded 'dental or physical exams.'" ECF No. 2285 at 25 (citation omitted). The institutions at which he was housed during this time were also contaminated with black mold and bacteria and had poor ventilation. *Id.*

After the jury returned its verdict in June 2000, Defendant was transported to the Columbia County Jail, where "he severely tore or ruptured his left Achilles tendon." *Id.* at 25–26. He suffered "substantial swelling, deformity, pain, difficulty bearing weight, and no range of motion." *Id.* at 26. Surgical repair of the injury should have occurred within seven to ten days, but jail medical staff dubbed the injury "a sprain." *Id.* After multiple complaints, Defendant was examined by a surgeon outside the institution, provided with a wheelchair and crutches, and administered an MRI, "which confirmed a severely torn Achilles tendon." *Id.* Defendant eventually received surgery in October 2000. *Id.* Defendant continues to suffer from "worsening pain in both knees exacerbated by the Achilles tendon injury," requiring him to wear compression sleeves. *Id.* at 26–27.

In May 2007, "following two months of hard and painful coughing spells, [Defendant] suffered a left inguinal hernia." *Id.* at 43 n.26. At that

time, he was housed at USP Hazelton, where health services denied his formal request for surgical repair of the injury, stating that "USP inmates no longer are provided such treatment." *Id.* Defendant "followed the administrative remedies all the way to the BOP's Office of General Counsel in Washington, DC, and was denied." *Id.* However, one week after the denial, USP Hazelton staff scheduled Defendant for an outside consultation, where the hernia was repaired. *Id.*[3]

Over the last nine years, Defendant has further sustained three concussions: two in 2012 and one in 2015. *Id.* at 27. In March 2012, Defendant asserts that he was lured outside to the recreation yard at USP Hazelton. *Id.* Three individuals—one of whom was a "dirty BOP staff" member—used "flat-out lies" and "manipulat[ion]" to direct five young inmates to attack Defendant. *Id.* at 28. Defendant was struck with a rock, causing him to lose consciousness. *Id.* Once he was on the ground, all five assailants "struck and stomped him on the head, face, and . . . body," including "twisting and pulling on [Defendant's] arms attempting to inflict permanent injury." *Id.* Prison staff deployed "Ultra Flash stun munition" to stop the assault. *Id.* Defendant had no memory of the assault once he regained consciousness, and he sustained severe head and body trauma and could not move his arms or legs. *Id.* A CT scan revealed extradural hemorrhage. *Id.* Defendant could not turn his head and "continues to date to experience varying degrees of pain and diminishing motor skills indicative of spinal damage." *Id.* at 28–29. A few months later, Defendant

---

[3]Defendant raises this injury in connection with his arguments in support of the § 3553(a) factors, *see infra* Section 5.2, as Defendant has "successfully assisted" other inmates to pursue treatment after an initial denial, <u>ECF No. 2285 at 43</u> n.26, but the Court notes the injury here as relevant to Defendant's institutional concerns.

received another CT scan and a doctor advised him that "another concussion possibly could result in permanent damage or death." *Id.* at 29. His family indicates that he continues to suffer from issues with balance, dizziness, poor eyesight, and headaches. ECF No. 2285-1 at 153, 183.

In August 2012, Defendant was transferred from FCI Cumberland to USP Lee. ECF No. 2285 at 29. His first morning at USP Lee, he was walking through a corridor when "he was struck from behind knocking him unconscious to a concrete floor where he tumbled." *Id.* Defendant regained consciousness while rolling on the floor and was able to get to his feet, but realized he was "near complete blindness, seeing stars, and utterly defenseless." *Id.* He was discovered by BOP staff dazed and bloodied, and he was taken to an outside medical center for treatment. *Id.* He sustained a concussion, massive swelling, a broken tooth, a neck injury, and other cuts and bruises. *Id.* According to Defendant, it was the "same pretextual lies, disseminated by the two inmates and BOP staff member from USP Hazelton," which followed him to USP Lee and facilitated the assault. *Id.* at 29–30. The USP Lee assailant later confirmed by letter to Defendant that he had been "duped" by these lies. *Id.* at 30; ECF No. 2285-1 at 66.

In the summer of 2015, Defendant was housed at USP Atwater. ECF No. 2285 at 30. He was "the lone white prisoner in his particular housing unit" when a series of surprise attacks by "groups of Mexican and Latino prisoners numbering in the hundreds armed with weapons simultaneously attacked all the white prisoners." *Id.* at 30–31. Defendant was struck with blows to the head, as well as directly struck by flash stun munition deployed by BOP staff. *Id.* at 31. Defendant suffered cuts, bruising, and symptoms of a concussion, and as a result of the attacks, spent a combined

19 months in special housing and in transit. *Id.* This "[e]xtended seclusion" has inflicted psychological injuries on Defendant. *Id.*

Defendant has also persistently experienced acute back spasms, chronic neck and lower back pain, right shoulder joint pain, episodes of vertigo and dizziness, constant headaches, fatigue, anxiety, repeated respiratory issues including COVID-19 and long-haul COVID-19 symptoms, PTSD, high cholesterol, ear disorders, and myopia. *Id.* at 27 (citing ECF No. 2285-1 at 52–56). The impact of these symptoms has caused him significant psychological turmoil. *Id.* Indeed, Defendant had contracted COVID-19 at least twice at the time that he filed his original motion (and potentially an additional time in November 2019 after a visit from a friend who had just returned from Wuhan, *id.* at 13 n.10) despite receiving vaccinations and vaccine boosters. *Id.* at 27 (citing ECF No. 2285-1 at 35–48). And despite testing positive for COVID-19, BOP medical staff did not assist Defendant and instead "relocated [him] to three completely different housing units (in a 30-day period) alongside new inmates." *Id.*

Defendant further generally raises the impact of COVID-19 on the institutional setting, including the "low vaccination rate among BOP personnel" and the higher risk of acquiring COVID-19 in prison. *Id.* at 32 (citation omitted). He contends that restrictions at FCI Oxford during the pandemic made his "incarceration much more punitive than originally contemplated at the time of sentencing," which restrictions included "lockdowns, quarantining, and relocation to five different housing units (some moves in the extreme cold while seriously sick with COVID-19)." ECF No. 2356 at 23–24 n.13.

In January 2022, Defendant and other inmates in his unit became "very ill with severe flu-like symptoms" including a "chronic cough,

headaches, fatigue, dizziness, confusion, and brain fog." ECF No. 2332 at 1. BOP staff randomly tested inmates, including Defendant, who tested positive for COVID-19 a third time. *Id.* Defendant was moved to a quarantine unit. *Id.* While in the quarantine unit, Defendant experienced vertigo and vomiting and was denied a shower for days. *Id.* at 2. He was not seen by BOP medical staff. *Id.* He was then moved to another unit where, over the ensuing weeks, he noticed "a shiny, discoloring mark had surfaced on the left side of [his] face." *Id.* In May 2022, Defendant saw a doctor and expressed concern that he may have melanoma. *Id.* The doctor "dismissed [Defendant's] concern as an innocuous spot due to [his] age." *Id.* (citing ECF No. 2332-1 at 2).

In November 2022, the same spot developed a "slightly elevated growth" with discoloring, crust, itching, and bleeding. *Id.* (citing ECF No. 2332-1 at 2). In February 2023, Defendant reported to sick call and medical staff stated they would schedule an appointment for a specialist to examine him. *Id.* (citing ECF No. 2332-1 at 2). Defendant thereafter submitted a request to staff, reiterating his concerns that the spot may be cancer, and requested treatment as soon as possible. *Id.* (citing ECF No. 2332-1 at 2). Medical staff informed him to report to sick call to be evaluated. *Id.* (citing ECF No. 2332-1 at 2). Defendant again reported to sick call and staff "appeared to be puzzled" as to why he was directed to report there. *Id.* In March 2023, Defendant was listed on the callout to see a physician assistant, who "determine[d] [that] [Defendant] ha[d] Basal Cell Carcinoma ('BCC') skin cancer." *Id.* at 3. The physician assistant stated that he would immediately schedule an appointment for outside medical care with a dermatologist. *Id.* Defendant asserts that, according to the BOP, "[o]nce approved it can take anywhere from 2 weeks to 6 months to be scheduled

for outside medical care," *id.* (quoting ECF No. 2332-1 at 4), but that BCCs require immediate treatment to avoid invasion or reoccurrence, *id.* (citing Center for Disease Control guidance (URL omitted)).

Defendant thereafter discussed with the same physician assistant his worsening equilibrium and balance, headaches, chronic neck, back, knee, and shoulder pain. *Id.* Defendant requested that the physician assistant locate his medical records from March 2012, when he was assaulted at USP Hazelton. *Id.* The physician assistant told Defendant "for the first time" that he had sustained "crushed vertebrae in [his] neck." *Id.* at 3–4. Defendant contends that the BOP's delay to diagnose and treat his cancer, as well its 11-year failure to inform him of crushed vertebrae in his neck, demonstrates "negligence and grossly inadequate medical care." *Id.* at 4.

In general, Defendant challenges BOP staffing shortages and their "cascading effects on . . . institution[] operations." ECF No. 2356 at 17. He argues that the BOP's inability or unwillingness "to provide necessary specialized care in a timely or adequate manner" is "a reasonable expansion of the medical circumstances constituting extraordinary and compelling reasons" under § 1B1.13(b)(1)(C) and is "absolutely critical to allow [him] to bring . . . urgent and inadequately treated medical need[s] to the Court's attention." *Id.* at 18. Defendant also asserts that institution safety and security is threatened by correctional officer shortages. *Id.* at 26. Defendant argues that BOP institutional deficiencies have caused him to have to be transferred numerous times, generating "immeasurable cost" with respect to stress and anguish, as well as lost and non-transferable property. *Id.*

Indeed, in August 2023, prior to submitting his supplemental compassionate release motion, Defendant was transferred from FCI Oxford to FCI Pekin (after FCI Oxford's security level lowered) and placed in

Case 2:97-cr-00098-JPS Filed 06/05/24 Page 15 of 71 Document 2380

special housing, "typically a measure that is used to punish disciplinary infractions." *Id.* at 38–39. After his release from special housing, Defendant contracted respiratory syncytial virus and coughed for weeks on end with "virtually no assistance from 'Health Services.'" *Id.* at 39. Defendant has also suffered more severe restrictions at FCI Pekin, including more time locked in his cell, and more unit-wide privilege losses. *Id.* at 39–40.

### 4.2 The Government's Alleged "Pretextual Lies" and "Disinformation" and Alleged Errors in the PSR

In his supplemental motion, Defendant makes clear that he proffers the Government's "knowing[] and intentional[] dispatch[] to the general public that [Defendant] had been convicted and sentenced to life in prison for authorizing the senseless and brutal murders of Ruth and Morrie Gauger," together with the summary of the Gauger murders in Defendant's PSR, as an "individualized circumstance[]" that has made his imprisonment "substantially more harsh and laborious than most inmates."[4] ECF No. 2356 at 21–22 & n.11; *see also* ECF No. 2285 at 29–30 n.18. Defendant alleges that the Government colluded with the media to publish

---

[4] To the extent Defendant attempts to make a prosecutorial misconduct claim, such a claim is inappropriately raised in the compassionate release context. *See infra* Section 5.1.1.1 (describing the current state of the law in the Seventh Circuit as to the necessity of preventing compassionate release motions from infringing on the direct appeal or collateral review processes); *see also Crosby v. United States*, No. 2:11-CR-00023-GZS, 2015 WL 1457430, at *11 (D. Me. Mar. 30, 2015) (adjudicating on § 2255 motion "Petitioner['s] claim[] [of] prosecutorial misconduct, [in which he] alleg[ed] that the FBI and prosecutor exaggerated [his] threats to the media organization and failed to recognize that [he] was himself being harassed by the organization and by several federal agencies"). The Court nonetheless recounts the associated factual details to the extent that they are relevant to Defendant's argument that his prison sentence has been more difficult due to these circumstances.

a headline story, with a picture of Defendant, which included "fabricated circumstances of the official court record from his sentencing hearing." ECF No. 2285 at 30 n.18; ECF No. 2285-1 at 68. Defendant contends that this action was "motivated to provoke public outcry against him and the [Outlaws]." ECF No. 2285 at 30 n.18. After a family member contacted the editor of the story and provided "indisputable evidence showing the utter falsity of the story," the editor printed a one-sentence retraction. *Id.* However, "putting the genie back in the bottle has taken decades," and the story has "significantly add[ed] to the punitive nature of [Defendant's] imprisonment." *Id.*

Defendant also challenges the inclusion of the Gauger murders— racketeering Act 4—in his PSR, when he was not charged with or proven guilty of being involved in that act. ECF No. 2356 at 22 n.11; *see also* ECF No. 2356-1 at 23; ECF No. 793 at 19–20 (Superseding Indictment). He asserts that "[o]ver the years a number of . . . BOP . . . staff has made derogatory comments or remarks about erroneous and prejudicial information in [his] PSR that *DOES NOT* pertain to [him]." ECF No. 2356-1 at 23. He contends that other "drug transactions, scams to acquire hydrocodone, stolen vehicles and motorcycles, and altering VIN numbers" are described in the PSR despite "[n]othing in the investigation or trial record show[ing] that he had *ANY* involvement in these particular crimes." *Id.* This information has had a number of "collateral consequences" on his time in prison. ECF No. 2356 at 22 n.11 (citing *Sibron v. New York*, 392 U.S. 40, 56 (1968)).

Finally, Defendant attaches a letter that he sent to this District's United States Probation Office ("Probation") containing an additional challenge to the description in his PSR of racketeering Act 2—the murder of Donald Wagner—an act that the jury found to be proven at trial, and

which is charged to involve Defendant. ECF No. 2356-1 at 22–24; ECF No. 793 at 18. Therein, Defendant argues that he is "actually innocent" of this crime and that the "prosecution and jury determination for this act" were the result of multiple alleged constitutional and discovery violations. ECF No. 2356-1 at 22. Probation responded, explaining that, pursuant to BOP Program Statement 5800.17(11)(c), under which Defendant purported to author his letter, *id.* at 23, Probation "ha[d] no authority to challenge" information specific to one of Defendant's offenses of conviction, *id.* at 25.

### 4.3    Sentence Disparity with Co-Defendant

Defendant next raises the "favorable plea terms" offered to a similarly situated co-defendant, even after that co-defendant's "17-year flight from justice." ECF No. 2356 at 27. That co-defendant allegedly was informed prior to the return of the Indictment in 1997 that he "should go on vacation" by a Bureau of Alcohol, Tobacco and Firearms ("ATF") Special Agent. *Id.* at 28–29 (quoting ECF No. 2288 at 21–22). The co-defendant fled to Mexico, where he lived as a fugitive until October 2014 when he was apprehended by authorities after being placed on the United States Marshals Service's Top 15 Most Wanted List. *Id.* at 28.

After the co-defendant was apprehended and as his counsel was preparing for trial, the co-defendant's counsel allegedly unearthed "a staggering discovery violation by the government." *Id.* at 30.[5] While

---

[5]To the extent that Defendant attempts to make a backdoor challenge under *Brady v. Maryland*, 373 U.S. 83 (1963), the Court again will not bite. *See infra* Section 5.1.1.1 (describing the current state of the law in the Seventh Circuit as to the necessity of preventing compassionate release motions from infringing on the direct appeal or collateral review processes); *see also* ECF No. 2356-1 at 28–30 (September 2022 letter to the Government regarding *Brady* claim). The Court nonetheless recounts the associated factual details to the extent that they are relevant to Defendant's gross sentencing disparity argument.

inspecting the physical evidence, counsel discovered a box containing documents. *Id.* (citing ECF No. 2356-1 at 36–38). Counsel took photographs of the first few pages of most of the documents and marked them to be copied. *Id.* (citing ECF No. 2356-1 at 36–38). Thereafter, an Assistant United States Attorney ("AUSA") called counsel and told counsel that he "w[asn't] supposed to see those documents." *Id.* (quoting ECF No. 2356-1 at 36–38). Among the documents was a memorandum of a meeting held in New York after the events subject to racketeering Act 13[6] took place. *Id.* (citing ECF No. 2356-1 at 36–38). Law enforcement personnel, including an AUSA from the Milwaukee office, attended the meeting. *Id.* (citing ECF No. 2356-1 at 36–38). At the meeting, the names of the killers were discussed, and none of the members of Defendant's club were mentioned or thought to be involved. *Id.* (citing ECF No. 2356-1 at 36–38). Counsel for the co-defendant authored an email, which is in Defendant's possession, stating that he "ha[s] no doubt that [his] having seen [the document] is one of the reasons that [the co-defendant was] able to reach a plea agreement." *Id.* at 31 (quoting ECF No. 2356-1 at 36–38). The co-defendant ultimately signed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a total sentence of 15 years, and the Court accepted the plea agreement. *Id.* (citing ECF No. 2170).

Defendant argues, and asserts that the Government has conceded, that he is similarly situated to this co-defendant; moreover, Defendant's criminal history score is II, while his co-defendant's is VI. *Id.* at 31–32 & n.16

---

[6]Racketeering Act 13 charges that, in September 1994, members of the Outlaws traveled to the Buffalo, New York area "heavily armed in anticipation of a violent confrontation with a significantly smaller group of Hell's Angels." PSR at 13. "An Outlaw was shot and killed, and a Hell's Angel was stabbed and killed in the ensuing melee." *Id.*

(citing ECF Nos. 2170 and 2229); *id.* at 49; ECF No. 2182; PSR at 63. Defendant also asserts that this co-defendant's absence from trial had prejudicial effects on his ability to present his case. ECF No. 2356 at 33 n.17. He contends that there is now a "massive and unjustifiable disparity" between himself and this similarly situated co-defendant "result[ing] from the timing of their two hearings, essentially brought about by virtue of [the co-defendant's] flight from justice to live as a fugitive in Mexico." *Id.* at 34–35. Defendant also asserts that his time in prison has been significantly more difficult than this co-defendant, given that the latter was "placed at a Low security prison dubbed . . . 'Camp Cupcake.'" *Id.* at 38.

### 4.4  Substantial Length of Imprisonment

Finally, Defendant raises his substantial life imprisonment sentence. He avers that "shortly after the initial indictment and his arrest," an AUSA approached one of Defendant's attorneys at a cigar shop in Milwaukee. ECF No. 2285 at 19. During this meeting, the AUSA presented Defendant's attorney with "a verbal plea offer which required [Defendant's] 'cooperation' along with 'giving up his law enforcement connections' in exchange for an '8-year prison sentence.'" *Id.* at 19–20 (quoting ECF No. 2198 at 18 n.12). Defendant rejected the offer and opted instead to go to trial. *Id.* at 20. Defendant argues that the plea offer suggests that "the government regarded as sufficient a sentence far shorter than the one that was imposed." *Id.* at 20 (quoting *United States v. Stockton*, No. ELH-99-352, 2021 WL 1060347, at *12 (D. Md. Mar. 17, 2021)). Instead, Defendant "has been imprisoned for a quarter of a century," with a total life term of imprisonment, "for a case the government deemed worthy of no more than 8 years." *Id.* at 22.

Defendant argues that "[d]evelopments in the years since [he] was sentenced in 2000 show that if he were sentenced today"—and if he provided "(at the least) the same mitigating factors" given by his co-defendant, *see supra* Section 4.3, whose "Guideline sentence was life, but [who] was sentenced to just 15 years"—a life sentence would produce a gross disparity. ECF No. 2356 at 48. Defendant points to the Court's comments at his co-defendant's sentencing,[7] where the Court noted that "the times they have changed, sentencing guidelines are no longer mandatory, priorities of law enforcement are a lot different today than they were in the '90s[, and] [y]ou are a different person today than you were in the '90s." *Id.* at 49 (quoting ECF No. 2288 at 26); *see also id.* at 49–50 (citing *Booker*, 543 U.S. 220). Defendant also presents statistics showing that the "national average for defendants sentenced in cases involving murder was 244 months" during 2021, and in the Seventh Circuit, it was 226 months. *Id.* at 51–52 (citing U.S. Sᴇɴᴛ'ɢ Cᴏᴍᴍ'ɴ, Table 7, Sentencing Length by Type of Crime Fiscal Year 2021 (URL omitted)).

5. **ANALYSIS**[8]

   5.1 **Extraordinary and Compelling Circumstances**

   As amended, *see supra* Section 3, the policy statement in § 1B1.13 details a number of circumstances in which a defendant can be considered for a reduction in his sentence. As pertinent to Defendant's medical arguments, "[e]xtraordinary and compelling reasons exist" when

   (B) [t]he defendant is—

---

[7]The Court will grant Defendant's motion for judicial notice of these transcripts. ECF No. 2323.

[8]The Government concedes that Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). ECF No. 2362 at 5 n.3.

> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(B). Extraordinary and compelling reasons also exist when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

With respect to age, extraordinary and compelling circumstances exist when "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

For defendants who are victims of physical abuse, extraordinary and compelling circumstances exist when the defendant "while in custody serving the term of imprisonment sought to be reduced, was a victim of[] . . . physical abuse resulting in 'serious bodily injury,' as defined in the Commentary to § 1B1.1 . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4)(B). "[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding

in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

> Extraordinary and compelling reasons also exist when

> a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment[.] [In those circumstances,] a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Finally, extraordinary and compelling circumstances may also be "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [in the policy statement] are similar in gravity to those described in [the policy statement]." U.S.S.G. § 1B1.13(b)(5).

Any of these individual circumstances, "or a combination thereof," constitute extraordinary and compelling circumstances. U.S.S.G. § 1B1.13(b); *see also United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023) ("[N]o matter how the threshold [for 'extraordinary and compelling reasons'] is defined, a combination of factors may move any given prisoner past it, even if one factor alone does not.").

### 5.1.1 Substantial Length of Imprisonment

The Government argues that the new subsection 1B1.13(b)(6), which was added with the November 1, 2023 amendments and allows the Court to consider reducing sentences that may be considered "unusually long"

under non-retroactive "change[s] in the law," "exceeds the . . . Commission's authority and is inconsistent with [18 U.S.C. §] 3582." ECF No. 2362 at 15. Accordingly, the Court takes up Defendant's arguments regarding his substantial length of imprisonment first, before turning to the remaining proffered bases for release. The Court must answer this initial question in order to understand *which* of Defendant's arguments are viable, as it must analyze those that *are* viable in combination with one another to determine Defendant's eligibility to be considered for a sentence reduction. U.S.S.G. § 1B1.13(b). Before analyzing whether the Commission exceeded its authority with § 1B1.13(b)(6), the Court provides a bit of background on the state of the law in the Seventh Circuit prior to the addition of the subsection, as well as on the statutory landscape behind the amendment.

### 5.1.1.1 Nonretroactive or Intervening Changes in the Law Pre-November 1, 2023 Amendments

Prior to the November 1, 2023 amendments to § 1B1.13, the Seventh Circuit has repeatedly held that "extraordinary and compelling" circumstances that might justify a sentence reduction under § 3582(c)(1)(A) exclude nonretroactive or intervening changes in law. *See, e.g.*, *supra* Section 1, discussion of *Williams*, 65 F.4th 343. In 2021, the Seventh Circuit—in its formative opinion on the matter—held that the First Step Act's changes to 18 U.S.C. § 924(c) did not constitute an extraordinary and compelling basis for release. *Thacker*, 4 F.4th at 575. While district courts have broad discretion under § 3582(c)(1)(A), that "discretionary authority . . . only goes so far" and "cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at 573–74.

Case 2:97-cr-00098-JPS Document 2376 Filed 10/23/24 Page 24 of 71

The Seventh Circuit went on to express "broader concerns" regarding "mandatory minimum sentence[s] under some other federal statute," explaining that "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence *on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance* warranting a sentencing reduction." *Id.* at 574 (emphasis added). The "scope of discretion conferred by § 3582(c)(1)(A)" should not "allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences," namely, "the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions." *Id.* (citing *Hrobowski v. United States*, 904 F.3d 566, 567–68 (7th Cir. 2018)); *see also United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("[The defendant] cannot use a motion for compassionate release to challenge a potential error . . . in his sentence. To allow otherwise would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion.") (citing *Thacker*, 4 F.4th at 574). Instead, nonretroactive or intervening changes to a length in sentence may be considered "in determining the length of [an otherwise warranted] reduction." *Thacker*, 4 F.4th at 575.

The Seventh Circuit confronted a similar question in *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022), where it analyzed the effect of a judicial decision "even if viewed as announcing new law or a new interpretation of an existing statutory provision" on its holding in *Thacker*. There, the court rejected the proposition that "'the government's admission that the [defendant's] offenses no longer support a life sentence' because of

subsequent developments in the law could constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A) sentencing relief." *Id.* at 465–66 (quoting *United States v. Liscano*, No. 02 CR 719-16, 2021 WL 4413320, at *8 (N.D. Ill. Sept. 27, 2021)). Instead, "[j]udicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction." *Id.* at 466. "To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *Id.*; *see also United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023) (same).

As earlier noted, and most pertinent to this case, the Seventh Circuit again analyzed a similar question in *Williams*. There, the defendant "argued that his pre-*Booker* mandatory life sentences, combined with his exemplary prison record, constituted 'extraordinary and compelling reasons' for early release." 65 F.4th at 345 (citing *Booker*, 543 U.S. 220). The Seventh Circuit, in line with its decisions in *Thacker*, *Brock*, and *King*, rejected the argument. *Id.* at 345–46 ("[W]e see no reason to change our analysis at this time."). The court recognized, however, that at that time, "[t]he . . . Commission [wa]s in the process of studying the issue, and recently it ha[d] proposed defining 'extraordinary and compelling reasons' to include circumstances in which '[t]he defendant is serving a sentence that is inequitable in light of changes in the law.'" *Id.* at 345 (citing Sentencing Guidelines for United States Courts, 88 Fed. Reg. 7180, 7184 (proposed Feb. 2, 2023)). But "[u]ntil the Commission definitively says otherwise," the Seventh Circuit "[did] not deviate from [its] current understanding." *Id.*

The court reached this conclusion even after acknowledging that its view was shared by some circuits—the Sixth, Eighth, and D.C. circuits—

but not all. *Id.* at 347 (citing *United States v. Jarvis*, 999 F.3d 442, 445–46 (6th Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); and *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022)).[9] Specifically, "the First, Second, Fourth, and Ninth Circuits have all kept the door open to motions like [the defendant's]." *Id.* at 348 & n.1 (citing *United States v. Trenkler*, 47 F.4th 42, 48 (1st Cir. 2022); *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020), *superseded by regulation as stated in United States v. Davis*, No. 21-7325, 2024 WL 1662931 (4th Cir. Apr. 18, 2024); and *United States v. Chen*, 48 F.4th 1092, 1099 (9th Cir. 2022)). The First, Fourth, and Ninth Circuits have held that "in the absence of binding guidance from the . . . Commission, 'district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A).'" *Id.* at 348 & n.2 (quoting *Chen*, 48 F.4th at 1098 and citing *Ruvalcaba*, 29 F.4th at 16; *McCoy*, 981 F.3d at 288; and *United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021)). And "[t]he Second Circuit has held even more broadly that district courts are not barred from considering, in combination with other factors, lawfully imposed but arguably 'unjust' or 'unusually long' sentences." *Id.* at 348 (quoting *Brooker*, 976 F.3d at 238).

In the face of the circuit split, the Seventh Circuit observed that "[t]he Supreme Court has not weighed in on this disagreement." *Id.* The court explained that, while the Supreme Court has "repeatedly rejected

---

[9] The Third and Fifth Circuits have also shared the view of the Seventh, Sixth, Eighth, and D.C. Circuits. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. McMaryion*, 64 F.4th 257, 259–60 (5th Cir. 2023), *withdrawn and superseded*, *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015 (5th Cir. June 22, 2023).

categorical rules in the sentencing context and emphasized the importance of preserving the sentencing judge's discretion 'to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue,'" these holdings "d[id] not necessarily foreclose . . . *Thacker* and its progeny." *Id.* at 348–49 (quoting *Gall*, <u>552 U.S. 38</u> and collecting cases)). *Thacker* still allows for broad discretion and consideration of nonretroactive and intervening changes of the law "at step two"—a court's determination of the *amount* of an otherwise warranted reduction. *Id.* at 349. The Seventh Circuit concluded by expressing that "the issue is teed up, and either the Commission or the [Supreme] Court (we hope) will address it soon." *Id.*

### 5.1.1.2 November 1, 2023 Amendments

In 2018, as part of the First Step Act, Congress "created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the [BOP] to review the request and make a recommendation (or it let 30 days pass in silence)." *Gunn*, <u>980 F.3d at 1179</u> (citing § 3582(c)(1)(A)). Before these changes, as promulgated under the Sentencing Reform Act of 1984 (the "SRA"), judicial authority to grant compassionate release depended upon a motion being filed by the BOP. *Id.*; S. Rep. No. 98-225, at 173 (1983) ("propos[ing] Section 3582(C) permitting the director of the [BOP] to petition the court for reduction of a term of imprisonment in a compelling case").

As described *supra* Section 3, in § 3582(c)(1)(A), both under the First Step Act and the SRA, Congress instructs that such a sentence reduction, when granted, must be "consistent with applicable policy statements issued by the . . . Commission." In <u>28 U.S.C. § 994(t)</u>, which was promulgated

under the SRA and reinforced as part of the First Step Act, Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction [under § 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples." § 994(t); 88 Fed. Reg. 28254, 28258–59 (May 3, 2023) (quoting § 994(t)). The only restraint that Congress placed on the Commission in § 994(t) is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

However, "almost immediately after the [First Step Act] took effect, the . . . Commission lost its quorum, leaving it 'unable to update its preexisting policy statement concerning compassionate release to reflect the First Step Act's changes.'" *United States v. Carter*, No. CR 07-374-1, 2024 WL 136777, at *3 (E.D. Pa. Jan. 12, 2024) (quoting *United States v. Long*, 997 F.3d 342, 348 (D.C. Cir. 2021)). The Commission's policy statement describing extraordinary and compelling circumstances in effect at that time still "address[ed] [only] motions and determinations of the Director, not motions by prisoners," which was added by the First Step Act. *Gunn*, 980 F.3d at 1180 (citing § 1B1.13). "This 'vexing, [ ] temporary anomaly' left judges to exercise their discretion in considering whether extraordinary circumstances were present," which led to the circuit split described above. *Carter*, 2024 WL 136777, at *3 (quoting *Andrews*, 12 F.4th at 259 n.4).

Yet shortly after the circuit split formed, "the Sentencing Commission re-attained a quorum" and released "new sentencing guidelines that included an updated policy statement for compassionate release motions." *Id.* The revisions took effect on November 1, 2023, *id.*, and included the new § 1B1.13(b)(6), which expressly identifies an "unusually

Case 2:97-cr-00098-JPS Document 2376 Filed 06/05/24 Page 115 of 157 Document 280

long sentence" as an extraordinary and compelling basis for release. *Id.* (quoting U.S.S.C. § 1B1.13(b)(6)).

The Commission's commentary makes clear that the Commission drafted § 1B1.13(b)(6) to "respond to [the] circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A)." 88 Fed. Reg. at 28258–59 (collecting cases, including *King*, 40 F.4th at 595, as representative of the Seventh Circuit's position). The Commission was influenced to address the question based on *Braxton v. United States*, 500 U.S. 344 (1991), which holds that the Commission "typically resolves such [judicial] disagreements when they relate to its guidelines or policy statements," together with the fact that the Department of Justice had, on several occasions, "successfully opposed Supreme Court review of the issue on the ground that it should be addressed first by the Commission." *Id.* at 28258 (collecting authorities).[10]

The Commission was persuaded to agree with those circuits that authorize consideration of nonretroactive or intervening changes in the law as extraordinary and compelling circumstances on several bases. First, the legislative history of the SRA had "expressly identified ['unusually long

---

[10]The Government's position now is "inconsistent with its prior litigation posture." *Carter*, 2024 WL 136777, at *7. However, "as a legal matter, prior inconsistent arguments by a party are only relevant insofar as they implicate judicial estoppel—a doctrine designed to 'prevent a litigant from playing fast and loose with the courts.'" *Id.* (quoting *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010)). "That doctrine plays no role here," as an argument for the Commission to address the issue, and a later argument that the Commission overstepped its authority, are easily squared with one another. *Id.* What's more, even if it did, there is no showing of "affirmative misconduct" here such that an estoppel claim would be successful. *Id.* (quoting *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987)).

sentences'] as a context in which sentence reduction authority is needed." 88 Fed. Reg. at 28258–59 (citing S. Rep. No. 98-225, at 55). Second and third, the Commission limited § 1B1.13(b)(6) to apply only where the change in law would "produce a gross disparity" and to individuals "who have served at least 10 years of the sentence the motion seeks to reduce." 88 Fed. Reg. at 28259.

Several district courts have confronted the question now before the Court: whether the Sentencing Commission exceeded its authority by adding § 1B1.13(b)(6) to the policy statement. *See, e.g., Black*, 2024 WL 449940; *Carter*, 2024 WL 136777; *United States v. Brown*, No. 2:95-cr-66(2), 2024 WL 409062 (S.D. Ohio Feb. 2, 2024); *United States v. Brooks*, No. 08-CR-0061-TCK-1, 2024 WL 689766 (N.D. Okla. Feb. 20, 2024); *United States v. Allen*, No. 1:09-cr-320-TCB, 2024 WL 631609 (N.D. Ga. Feb. 12, 2024). These courts have come down on opposite sides of the question.

While many of these cases are now on appeal, no circuit court has expressly decided the issue.[11] In February 2024, the Seventh Circuit "put to the side the question whether, under the amended Sentencing Guidelines . . . a compassionate-release motion is the proper place for th[e] sentencing

---

[11]The Third Circuit has stated in dicta that it "reaffirm[s] that nonretroactive changes in sentencing laws are not, by themselves, extraordinary and compelling reasons warranting sentence reduction." *United States v. Kramer*, No. 23-1246, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024) (citing *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023)). The Fifth Circuit has stated that it "express[es] no view on whether [a defendant] may file a [compassionate release] motion" based on § 1B1.13(b)(6). *United States v. Martinez*, No. 23-50418, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024). The Fourth Circuit has maintained its prior position that changes in the law can constitute extraordinary and compelling reasons for release, but it did not confront the question of whether the Commission exceeded its authority with § 1B1.13(b)(6). *Davis*, 2024 WL 1662931, at *5, *7 (citing *McCoy*, 981 F.3d at 287).

argument" that "the court should have amended [the defendant's] 'draconian' sentence because . . . it is disproportionately long compared to the sentences imposed on his co-conspirators." *United States v. Grommet*, No. 23-2082, 2024 WL 676761, *2 (Feb. 20, 2024). In March 2024, the Seventh Circuit recognized in dicta the "exception" to the rule that "compassionate release cannot be used as a substitute for a direct appeal or collateral attack" set forth in § 1B1.13(b)(6), but did not consider the propriety of the subsection, or apply the subsection, because the defendant had not served at least ten years of his sentence so was ineligible to be considered for a reduction under its terms. *United States v. Moore*, No. 23-2919, 2024 WL 890003, at *1 (7th Cir. Mar. 1, 2024).

Here, "[t]here is no doubt that [Defendant] falls within the scope of the amended version of § 1B1.13(b)(6)." *Black*, 2024 WL 449940, at *5. The question for the Court, therefore, "is whether the . . . Commission's or the Seventh Circuit's interpretation of 'extraordinary and [compelling]' prevails." *Id.*

### 5.1.1.3 The Seventh Circuit's Interpretation Prevails

The Government urges the Court to rest its analysis, in large part, on the Supreme Court's holding in *Neal v. United States*, 516 U.S. 285 (1996). ECF No. 2362 at 17. There, the Court held that "the Commission does not have the authority to amend [a] statute" or "to override [a] statute" as courts have previously interpreted it. 516 U.S. at 766, 768; *see also United States v. Koons*, 850 F.3d 973, 979 (8th Cir. 2017), *aff'd*, 584 U.S. 700 (2018) ("Nor can 'the . . . Commission . . . overrule circuit precedent interpreting a *statutory* provision.'") (quoting *United States v. Williams*, 808 F.3d 253, 266 (4th Cir. 2015) (Traxler, C.J., dissenting)). In other words, the Government appears to urge the Court to disregard the agency deference analysis set

forth in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, <u>467 U.S. 837</u> (1984) in light of prior judicial interpretations of the scope of § 3582(c)(1)(A).

However, as the court noted in *Brown*, "the [Supreme] Court in *Neal* was weighing differing interpretations of a mandatory minimum statute for which Congress *had not explicitly delegated interpretative authority to the Commission*." <u>2024 WL 409062</u>, at *5 (citing *Neal*, <u>516 U.S. 284</u>) (emphasis added). The same is true with respect to the amendment analyzed in *Koons*. Indeed, there, the district court reviewed multiple statutes to locate "the necessary statutory authority for the . . . Commission's" implementation of its amendment, but it found none and concluded that the Commission's action was taken "*ultra vires.*" *United States v. Feauto*, <u>146 F. Supp. 3d 1022,</u> <u>1032</u>–37 (N.D. Iowa 2015), *aff'd on other grounds sub nom. Koons*, <u>850 F.3d 973</u>.

Instead, here, "Congress *did* delegate authority to the Commission to interpret the meaning of the phrase 'extraordinary and compelling.'" *Brown*, <u>2024 WL 409062</u>, at *5. "And when 'Congress entrusts to the [Commission], rather than to the courts, the primary responsibility for interpreting the statutory terms[,] . . . [a] reviewing court is not free to set aside [that interpretation] simply because it would have interpreted the statute in a different manner.'" *Id.* (quoting *Batterton v. Francis*, <u>432 U.S. 416,</u> <u>425</u> (1977)).

Moreover, the Supreme Court later clarified that "*Neal* established only that a precedent holding a statute to be unambiguous forecloses a contrary agency construction." *Nat'l Cable & Telecoms. Ass'n v. Brand X Internet Servs.*, <u>545 U.S. 967, 984</u> (2005); *id.* at 982 ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus

leaves no room for agency discretion.") (citing *Chevron*, <u>467 U.S. 837</u>). This makes sense because, at step one of the *Chevron* analysis, courts are tasked with analyzing whether a statute is unambiguous. *Chevron*, <u>467 U.S. at 842</u>–43. It is only when a statute *is* ambiguous, or silent, that the court turns to "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843 (footnote omitted).

In *Thacker*, the Seventh Circuit interpreted § 3582(c)(1)(A),[12] not the then-existing policy statement itself (as contemplated by *Braxton*, <u>500 U.S. 344</u>). *See Black*, <u>2024 WL 449940</u>, at *7 ("Seventh Circuit cases have interpreted the statutory language without regard to the content of that policy statement."). This much is clear from the fact that the *Thacker* court incorporated the Seventh Circuit's prior holding in *Gunn*, where the court held that the "district court made the mistake of resting a part of its reasoning on the Sentencing Commission's policy statement" when there was no applicable policy statement and only "the trailing paragraph of § 3582(c)(1)(A)" controlled. <u>4 F.4th at 572</u>–73 (citing *Gunn*, <u>980 F.3d at 1179</u>); *Gunn*, <u>980 F.3d at 1179</u>. Under that trailing paragraph, the Seventh Circuit reasoned that district courts "ha[d] broad discretion," but "discretion[] . . .

---

[12]As explained *supra* Section 5.1.1.2, <u>28 U.S.C. § 994(t)</u> authorizes the Commission to define those "extraordinary and compelling" circumstances that can serve as a basis for the Court to reduce a defendant's sentence under § 3582(c)(1)(A). In other words, § 944(t), not § 3582(c)(1)(A), is the true enabling statute for the Commission.

The parties' briefing focuses on § 3582(c)(1)(A). Since § 994(t) incorporates § 3582(c)(1)(A) and instructs the Commission to flesh out the meaning of "extraordinary and compelling" in § 3582(c)(1)(A), the Court will presume that the parties meant to refer to both provisions as a unified statutory scheme. *See Black*, <u>2024 WL 449940</u>, at *8 (first analyzing whether § 994(t) is ambiguous then analyzing "whether the Commission's policy statement [in § 1B1.13(b)(6)] is a reasonable interpretation of the enacted text of § 3582(c)(1)(A)") (citation and internal quotation marks omitted).

Case 2:97-cr-00098-JPS   Document 2376   Filed 06/05/24   Page 120 of 157

[that] only goes so far." *Thacker*, 4 F.4th at 573–74. As earlier explained, discretion could not "effect a sentencing reduction at odds with Congress's express determination," nor could it allow a defendant to "circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *Id.* at 574; *Williams*, 65 F.4th at 347 (quoting *Brock*, 39 F.4th at 465).

However, the Seventh Circuit did not explicitly hold in *Thacker* or its progeny that § 994(t) and § 3582(c)(1)(A) are unambiguous. Instead, it cabined its holdings such that they apply "until the . . . Commission updates its policy statement" or until "either the Commission or the [Supreme] Court . . . address[es] it." *Thacker*, 4 F.4th at 573; *Williams*, 65 F.4th at 349; *id.* at 346 ("Congress has provided little statutory guidance . . . .") (citing *Peoples*, 41 F.4th at 841 and § 994(t)). These cases thus did not "unambiguously foreclose[] the [Commission's] interpretation" or suggest that § 994(t) and § 3582(c)(1)(A) leave "no gap for the [Commission] to fill." *Brand X*, 545 U.S. at 982–83. Therefore, because Congress expressly delegated authority to the Commission to define "extraordinary and compelling" reasons for release, § 994(t), and because no prior judicial finding of § 994(t)'s or § 3582(c)(1)(A)'s unambiguity exists under this Circuit's precedent, the Government's *Neal* argument is unavailing.

The Court therefore turns to whether the Commission's addition, pursuant to § 994(t), of § 1B1.13(b)(6) to those "extraordinary and compelling" circumstances which can serve as a basis for a sentence reduction under § 3582(c)(1)(A) is valid under *Chevron*, 467 U.S. 837. First, the Court must determine whether the statutory scheme is unambiguous; in other words, "whether the plain meaning of [§ 994(t) and § 3582(c)(1)(A)] either supports or opposes" the Commission's interpretation. *Square D Co.*

*& Subsidiaries v. Comm'r*, <u>438 F.3d 739, 744</u> (7th Cir. 2006) (citing *Chevron*, <u>467 U.S. at 842</u>–43; *Bankers Life & Cas. Co. v. United States*, <u>142 F.3d 973, 983</u> (7th Cir. 1998); and *Kikalos v. Comm'r*, <u>190 F.3d 791, 796</u> (7th Cir. 1999)). Second, if "the plain meaning is either silent or unclear . . . , [the Court] proceed[s] to the second step and evaluate[s] the reasonableness of the Commission[]'s interpretation." *Id.* (citing *Chevron*, <u>467 U.S. at 842</u>–43; *Bankers Life & Cas. Co.*, <u>142 F.3d at 983</u> and *Kikalos*, <u>190 F.3d at 796</u>); *see also United States v. Santoyo*, <u>146 F.3d 519, 524</u>–25 (7th Cir. 1998) (analyzing express delegation of authority to Commission and Commission's response under *Chevron*).

Contrary to both Defendant's, <u>ECF No. 2368 at 31</u>, and the Government's, <u>ECF No. 2362 at 17</u>, positions, the Court finds that the statutory scheme of § 994(t) and § 3582(c)(1)(A) is ambiguous because it squarely "left a gap for the [Commission] to fill." *Black*, <u>2024 WL 449940</u>, at *8 (citing *Brand X*, <u>545 U.S. at 982</u>–83). Indeed, "[a] statute's grant of definitional authority to an agency decides Step One in the agency's favor because the definitional provision 'confirms that the Congress has not directly spoken' to the interpretive question." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, <u>306 F. Supp. 3d 44, 54</u> (D.D.C. 2018), *rev'd and remanded on other grounds*, <u>934 F.3d 649</u> (D.C. Cir. 2019) (quoting *Lindeen v. SEC*, <u>825 F.3d 646, 653</u> (D.C. Cir. 2016)).

Moreover, and in any event, as the Seventh Circuit recognized, "Congress has provided little statutory guidance on how district courts should interpret the term ['extraordinary and compelling']." *Williams*, <u>65 F.4th at 346</u>. All Congress has directed is that rehabilitation alone is not extraordinary and compelling. *Id.* (citing *Peoples*, <u>41 F.4th at 841</u> and § 994(t)). Congress requested that the Commission describe "the criteria to

be applied and a list of specific examples," thus providing "little discernible content" or contextual indication of how the term should be construed. *Black*, 2024 WL 449940, at *8 (first quoting § 994(t); other citations omitted). The term is further not defined in the United States Code. *Id.* (citing *City of Arlington v. F.C.C.*, 569 U.S. 290, 296 (2013) ("Congress knows to speak in plain terms when it wishes to circumscribe, and in capacious terms when it wishes to enlarge, agency discretion."). On balance, "[t]he statutory structure, therefore, suggests that [the statutory scheme of § 994(t) and § 3582(c)(1)(A)] does not have [a] clear meaning" and is ambiguous. *Square D Co.*, 438 F.3d at 745.

Under step two of *Chevron*, where, as here, there is an "express delegation of authority to the agency to elucidate a specific provision of the statute by regulation," "[s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." 467 U.S. at 843–44 & n.12 (collecting cases); *see also Square D Co.*, 438 F.3d at 745 (same); *Santoyo*, 146 F.3d at 524–25 (same). Under this standard, "[w]hen reviewing the agency's explanation, a court must consider 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Am. Bankers Ass'n*, 306 F. Supp. 3d at 55 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 462 U.S. 29, 43 (1983)).

For many reasons, the Court finds that § 1B1.13(b)(6) is manifestly contrary to the statutory scheme of § 994(t) and § 3582(c)(1)(A). "In determining whether [a Commission amendment] accurately reflects Congress'[s] intent, [courts] turn, as [they] must, to the statutory language." *United States v. LaBonte*, 520 U.S. 751, 757 (1997). "If the Commission's revised commentary is at odds with [the statute's] plain language, it must

Page 37 of 71

give way." *Id.* (citing *Stinson v. United States*, <u>508 U.S. 36, 38</u> (1993)). "[Courts] assume that in drafting . . . legislation, Congress said what it meant." *Id.* Thus, courts begin by "[g]iving the words used their 'ordinary meaning.'" *Id.* (quoting *Moskal v. United States*, <u>498 U.S. 103, 108</u> (1990)). In this analysis, "it is the meaning of a statutory term at the time it became law that controls." *Am. Bankers Ass'n*, <u>306 F. Supp. 3d at 56</u> (citing *Sandifer v. U.S. Steel Corp.*, <u>571 U.S. 220</u> (2014) and *Carcieri v. Salazar*, <u>555 U.S. 379, 388</u> (2009)). At the time the SRA was enacted, "extraordinary" was understood to mean "most unusual," "far from common," and "having little or no precedent." *United States v. McCall*, <u>56 F.4th 1048, 1055</u> (6th Ci<u>r. 2022</u>), *cert. denied*, <u>143 S. Ct. 2506</u> (2023) (quoting *Extraordinary, Webster's Third New International Dictionary* 807 (1971)). "Compelling" was understood to mean "forcing, impelling, driving." *Id.* (quoting *Compelling, Webster's Third New International Dictionary* 463 (1971)).

It is canonical that "federal court[s] generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, <u>560 U.S. 817, 819</u> (2010) (quoting § 3582(c)). Congress gave the principle of finality "statutory weight" in § 3582(b), *McCall*, <u>56 F.4th at 1055</u>, which provides that—save few exceptions—"a judgment of conviction  . . . constitutes a final judgment." Equally paramount, "[f]ederal sentencing law presumes that changes in sentencing law are not retroactive." *Id.* (citing *United States v. McKinnie*, <u>24 F.4th 583, 587</u> (6th Ci<u>r. 2022</u>)). "[O]rdinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, <u>567 U.S. 260, 280</u> (2012). "This ordinary practice reflects a 'presumption against retroactive legislation' that is 'deeply rooted in our jurisprudence' and that 'embodies a legal doctrine centuries older than our Republic.'" *McMaryion*,

Case 2:97-cr-00098-JPS   Document 2476   Filed 06/05/23   Page 124 of 157   Document 2380

2023 WL 4118015, at *2 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)). It follows, as the Sixth Circuit has held, that what is "ordinary" cannot also be extraordinary. *McCall*, 56 F.4th at 1055 (citing *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021)). Unless Congress "expressly says so," the "ordinary" practice applies and changes in sentencing law apply only prospectively. *Id.* (citing *Dorsey*, 567 U.S. at 280).

In the case of § 1B1.13(b)(6), simply put, Congress did not "say so" in § 994(t) or § 3582(c)(1)(A). The "ordinary" principles of nonretroactivity implicitly already allow for Congress's—or the judiciary's as to judicial decisions of constitutional law—consideration of whether a change in the law should be allowed to disturb final convictions. *See United States v. Wiltberger*, 18 U.S. 76 (1820) ("It is the legislature . . . which is to define a crime, and ordain its punishment."); *Covey v. United States*, 109 F. Supp. 2d 1135, 1140–41 (D.S.D. 2000) ("So long as it is not contrary to the Constitution, Congress can make legislation retroactive. *There is no statutory retroactivity unless it is specifically indicated* . . . . The federal courts do not have the same latitude, except for the retroactivity exception doctrines now in existence on constitutional issues.") (citing *Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (emphasis added)). The Court must therefore conclude that "the Commission's [addition of § 1B1.13(b)(6)] is at odds with [the statutory scheme's] plain language" and with what Congress "said . . . it meant." *LaBonte*, 520 U.S. at 757 (citation omitted).

The structures of § 994 and § 3582(c) reinforce the conclusion that Congress did not intend for the Commission to make changes in sentencing law retroactive without Congressional approval. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the

remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.") (collecting cases).

In § 994, Congress shows that it knows how to permit the Commission to give an amendment to sentencing law retroactive effect, but it did not do so in § 994(t). *See* 28 U.S.C. § 994(u) ("If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."); *see also LaBonte*, 520 U.S. at 755 ("Pursuant to its authority under 28 U.S.C. § 994(u), the Commission opted to give Amendment 506 [to a guideline] retroactive effect."); *Braxton*, 500 U.S. at 348 (same). Nor does § 994(u) apply to potentially authorize retroactivity in the case of § 1B1.13, which is a policy statement—not a guideline. *See* 28 U.S.C. § 994(a)(1)–(2) (distinguishing between guidelines and policy statements). Indeed, only changes to the guidelines themselves, not policy statements like § 1B1.13, must be submitted for congressional review, which further evinces Congress's intent to give itself—not the Commission through policy statements—the power to review retroactivity. *See* 28 U.S.C. § 994(p).

Nonetheless, pursuant to its Congressionally-delegated authority under § 994(t), the Commission added subsection (b)(6) to its policy statement defining "extraordinary and compelling circumstances," which, even if not in text, in *practice* has the effect of allowing a nonretroactive or intervening change in the law to have retroactive effect. The Court is not saying that "a court could never reduce [a] sentence for any extraordinary and compelling circumstances" absent retroactivity, *United States v.*

*Skeeters*, No. 05-530-1, 2024 WL 992171, at \*6 (N.D. Pa. Mar. 7, 2024), but rather that retroactivity should not be imported into a body of law for which it is not authorized. Extraordinary and compelling circumstances, such as terminal illness, allow for such a reduction without the effect of backdoor retroactivity.

Any argument that Congress affirmatively endorsed the Commission making subsection (b)(6) retroactively applicable is illusory. While the Commission submitted the amendments to the policy statement in § 1B1.13 to Congress, this was not required under the statutory scheme of § 994. *See* 28 U.S.C. § 994(p). And, while "Congress allowed these amendments to go into effect without modification," courts must "resist reading congressional intent into congressional inaction." *Carter*, 2024 WL 136777, at \*7 (quoting *Kimbrough v. United States*, 552 U.S. 85, 106 (2007)). For the same reason, the Court finds unpersuasive the Eastern District of Pennsylvania's reasoning in *Skeeters*: that "Congress was well aware of but made no mention of 18 U.S.C. § 3582(c)(1)(A)(i) or 28 U.S.C. § 994(t) in relation to the nonretroactive provision of the First Step Act." 2024 WL 992171, at \*6 (citing *McCoy*, 981 F.3d at 286–87).

With respect to the structure of § 3582(c), in the paragraph immediately following § 3582(c)(1), Congress expressly addressed retroactive changes in the law. 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ."). Again, Congress knows how to permit the Commission to give an amendment to sentencing law retroactive effect, but it did not do so

in § 994(t). *See* 28 U.S.C. § 994(o), (u). Thus, "[v]iewed as a whole, the body of law makes one thing clear: When Congress wants a change in sentencing law to have retroactive effect, it explicitly says so." *McCall*, 56 F.4th at 1056. If § 3582(c)(1)(A) "already covered all legal developments, retroactive or not," there would be no reason to include § 3582(c)(2). *Id.* Additionally, with § 3582(c)(1)(A)(ii), Congress has explicitly provided a mechanism for some defendants (those convicted under 18 U.S.C. § 3559(c)) serving long sentences—"at least 30 years"—to seek compassionate release without needing to establish extraordinary and compelling reasons. Allowing an unusually long sentence to be extraordinary and compelling for all defendants would render this provision superfluous.

The exhaustion requirement to which motions under § 3582(c) are subject also reinforces this conclusion. Although the First Step Act changed § 3582(c) such that a defendant could directly move the court for compassionate release, § 3582(c)(1)(A) retains some level of BOP involvement in the process. Prior to moving the court, a defendant must "exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" after the defendant makes such a request to the warden of his facility. 18 U.S.C. § 3582(c)(1)(A).

In the Seventh Circuit, compassionate release follows an "issue exhaustion" requirement, which means that "an inmate cannot satisfactorily exhaust . . . by filing a grievance [with his warden] on one ground and then [filing] in court on an unrelated ground." *United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), 42 U.S.C. § 1997e(a), and *Schillinger v. Kiley*, 954 F.3d 900, 995–96 (7th Cir. 2020)). The BOP must be able to "determine whether it should

bring a compassionate-release motion" based on the specific grounds presented by the defendant. *Id.* at 703.

A scheme in which the BOP is required to assess (1) under which change in the law a defendant purports to move, (2) whether the defendant's sentence is unusually long, and (3) compare the defendant's sentence to similarly situated defendants for signals of a gross disparity is unworkable. Although the Fourth Circuit does not require issue exhaustion, it recognized that "[t]he compassionate release process at the BOP level is non-adversarial, and the BOP is not adjudicating the merits of the inmate's request for compassionate release but rather determining whether to use government resources to ask for compassionate release on the inmate's behalf." *United States v. Ferguson*, 55 F.4th 262, 269 (4th Cir. 2022), *cert. denied*, No. 22-1216, 2024 WL 759802 (U.S. Feb. 26, 2024). The addition of § 1B1.13(b)(6) is untenable and inconsistent with the nature of the exhaustion requirement.

Additionally, throughout the structure of the First Step Act as a whole, Congress took care to "delineate[] between retroactive and nonretroactive changes," and it would bely that congressional design to interpret § 3582(c)(1)(A) as "unscrambl[ing] that approach." *McCall*, 56 F.4th at 1057 (quoting *United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021)). Section 1B1.13(b)(6) would allow even those changes in the law that Congress explicitly chose not to make retroactive to apply, in practice, retroactively. At the same time, curiously, the Commission *excludes* from § 1B1.13(b)(6) "amendment[s] to the Guidelines Manual that ha[ve] not been made retroactive," thus affording its own choices more deference than Congress's or the courts' choices.

It is true, as Defendant notes, ECF No. 2368 at 26, that in *Brown*, the Southern District of Ohio found that § 1B1.13(b)(6) controlled over *McCall*, where the Sixth Circuit laid out many of the textual and structural anomalies with allowing a nonretroactive or intervening change in the law to be "extraordinary and compelling." 2024 WL 409062, at *6. But there, the district court found persuasive that § 1B1.13(b)(6) "respond[ed] to the concerns motivating *McCall* by creating a narrow exception to a general bar on consideration of nonretroactive changes elsewhere in the policy statement." *Id.* (citing § 1B1.13(c)). Under § 1B1.13(c), other than as set forth in § 1B1.13(b)(6), a change in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," though it may be considered in determining the extent of any such otherwise warranted reduction.

Respectfully, the Court disagrees that this limitation alters the careful congressional scheme of explicitly authorizing retroactivity elsewhere in the statute. And, more importantly, it does not resolve the Seventh Circuit's principal concern, which was to avoid tension with the "path and conditions Congress established for federal prisoners to challenge their sentences" under 28 U.S.C. § 2255 or the direct appeal process. *Thacker*, F.4th at 574; *Williams*, 65 F.4th at 347 (quoting *Brock*, 39 F.4th at 465). The Commission's addition of the qualifiers of gross disparity and that the defendant have served at least 10 years of his sentence also do not change the calculus in the absence of explicit authorization of retroactivity.

It would wholly frustrate this scheme, including the bar on second or successive motions under § 2255(h), if a defendant "could evade this

Case 2:97-cr-00088-JPS Document 2376 Filed 06/05/23 Page 44 of 71

requirement by the simple expedient of putting a different label on [his] pleadings." *Preiser v. Rodriguez*, <u>411 U.S. 475, 489</u>–90 (1973). Indeed,

> because collateral review significantly undermines the government's important interest in finality, Congress and the Supreme Court have established many procedural rules limiting the availability of such relief, including for errors made clear by intervening judicial decisions. They have also established many exceptions to these limitations, reflecting a careful balance between the government's interest in finality and the defendant's interest in obtaining relief from an unlawful sentence.

*Jenkins*, <u>50 F.4th at 1201</u> (collecting cases). "[I]f Congress intended the compassionate-release statute to act as an exception to this post-conviction framework, 'it would have made that intent specific.'" *McCall*, <u>56 F.4th at 1058</u> (quoting *McKinnie*, <u>24 F.4th at 588</u>) (internal quotation marks omitted).

In addition to the statutory text and structure, Congressional intent behind the SRA also shows that the addition of § 1B1.13(b)(6) is manifestly contrary to the statutory scheme of § 994(t) and § 3582(c)(1)(A). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, <u>545 U.S. 546, 568</u> (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."). The Senate Report on the SRA demonstrates that the purpose of the SRA was to remedy "the great variation among sentences imposed by different judges upon similarly situated offenders" and "the uncertainty as to the time the offender would spend in prison." *Mistretta v. United States*, <u>488 U.S. 361, 366</u> (1989) (citing S. Rep. No. 98-225, at 38, 47, 65); S. Rep. No. 98-225, at 38 (seeking to remedy "each judge [being] left to apply his own notions of the purposes of sentencing").

The SRA thus, in many ways, sought to limit judicial discretion to modify allegedly illegal sentences. For example, the SRA enacted

Case 2:97-cr-00098-JPS Document 2376 Filed 06/05/24 Page 45 of 71 Case 2:97-cr-00098-JPS Document 2376 Filed 06/05/24 Page 45 of 71

§ 3582(c)(1)(B), which allows district courts to modify sentences under Federal Rule of Criminal Procedure 35, but "[a]t the same time, . . . substantially narrowed" the scope of Rule 35. *Jenkins*, 50 F.4th at 1201. Before the SRA was enacted, courts could correct an illegal sentence at any time under Rule 35; now, courts may only do so within 14 days of sentencing to correct clerical errors, on remand from a court of appeals, or to reflect a defendant's substantial assistance. *Id.*; Fed. R. Crim P. 35.

Similarly, the Senate Report makes clear that § 3582(c) was meant to be narrow. The Committee described "unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances." S. Rep. No. 98-225, at 55. "These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment." *Id.* at 55–56. This was contemplated to be a "relatively small number of cases," *id.* at 56, or a "'safety valve' . . . regardless of the length of sentence, to the unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner," *id.* at 121.

It is the Court's view that, in this context, the Commission's belief that the Senate Report supports § 1B1.13(b)(6) is incorrect. 88 Fed. Reg. at 28258–59. First, judges applying § 1B1.13(b)(6) would "have widely divergent views" about when a sentence is "unusually long" as well as when a nonretroactive or intervening change in the law produces a "gross disparity." *Jenkins*, 50 F.4th at 1202. Certainly the "SRA—which effected a

profound shift from indeterminate to determinate sentencing—" should not be read to "contain[] the seeds of its own destruction." *Id.*

Second, the narrow language describing § 3582(c) does not support that an unusually long sentence alone is extraordinary and compelling; rather, it indicates that a separate extraordinary and compelling circumstance may justify reduction of an unusually long sentence. The language regarding "unusually long sentences" is further set off from the language regarding retroactivity, similar to the separation of § 3582(c)(1)(A) and § 3582(c)(2). These provisions do not indicate that principles of retroactivity may be applied to an "unusually long sentence" simply because a defendant has served some amount of time already, the law has changed, and a sentence imposed today would be shorter. *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781, 213 L. Ed. 2d 1018 (2022) ("The views of . . . a present-day sentencing judge, about the appropriate punishment for a present-day offense do not establish an 'extraordinary and compelling reason' for reducing a sentence imposed years ago.").

The First Step Act did not change the "substance" of the SRA, as it focused only on process. *King*, 40 F.4th at 596 ("The First Step Act did not create or modify the 'extraordinary and compelling reasons' threshold for eligibility; it just added prisoners to the list of persons who may file motions."). "And because Congress left the substance of the 'extraordinary and compelling reasons' requirement intact, [courts should] assume the phrase retained 'the meaning it had under the previous version of the statute.'" *McCall*, 56 F.4th at 1060 (quoting *Andrews*, 12 F.4th at 260 and citing Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 322 (2012) ("The clearest application of the

prior-construction canon occurs with reenactments: If a word or phrase . . . has been given a uniform interpretation by inferior courts or the responsible agency, a later version of that act perpetuating the wording is presumed to carry forward that interpretation.")). Further, and again, Congress specifically delineated between retroactive and nonretroactive applications throughout the First Step Act, but it did not "change th[e] substantive status quo" as to § 3582(c)(1)(A). *Id.*; *see also Crandall*, 25 F.4th at 586 ("The legislative action in 2018 is comparable to the decision of a sentencing judge in 2018 to impose a lesser sentence than a predecessor imposed in 1990 for the same offense. Neither circumstance is a sufficient ground to support a reduction of a previously imposed sentence under § 3582(c)(1)(A).").

Thus, for all these reasons, the Court finds that § 1B1.13(b)(6) is manifestly contrary to the statutory scheme set forth in § 994(t) and § 3582(c)(1)(A), and that the Commission exceeded its statutory authority by adding the subsection. Setting aside § 1B1.13(b)(6), the Court is left with *Thacker*, 4 F. 4th 569 and its progeny, by which the Court is bound. *Black*, 2024 WL 449940, at *11. Applying these precedents, the substantial length of Defendant's imprisonment, together with the Supreme Court's intervening decision in *Booker*, 543 U.S. 220, and the "gross disparity" between the sentence imposed and the sentence that Defendant may receive today, is not an extraordinary and compelling basis for release.

### 5.1.2 Remaining Bases for Release: Sentence Disparity with Co-Defendant; Age and Age-Related and Institutional-Related Deterioration in Health; and the Government's "Pretextual Lies" and "Disinformation" and Errors in PSR

Defendant presents his sentence disparity with his co-defendant under § 1B1.13(b)(5)'s "catchall" provision, contending that it has produced

Case 2:97-cr-00098-JPS Document 376 Filed 06/05/25 Page 48 of 71

"circumstance[s] of comparable gravity" to those otherwise delineated by the Commission. ECF No. 2356 at 27. The Seventh Circuit has previously held that a compassionate release motion seeking "a modification of [a] prison sentenced based on [the] argument that the disparity between [a] defendant's sentence and his co-defendant's [i]s unwarranted" is "a challenge to a length of the prison sentence" appropriately heard on direct appeal or in a § 2255 motion, not on compassionate release. *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020). Defendant refers to this language as "dicta." ECF No. 2368 at 20. The Court disagrees. While the Seventh Circuit did not reach the issue of whether this argument may be "extraordinary and compelling" as "contemplated by the First Step Act and the applicable policy statements of the . . . Commission," it plainly held that the district court "correctly construed [the] request as an unauthorized successive § 2255 motion." *Arojojoye*, 806 F. App'x at 478. This holding alone forecloses Defendant's argument that, in this Circuit, alleged sentencing disparities fit within § 1B1.13(b)(5).

However, even setting aside *Arojojoye* and considering the argument on its merits, Defendant's circumstances are not extraordinary and compelling. Defendant points, ECF No. 2368 at 20–23, to several cases where the defendants' prosecutions and convictions involved the former ATF practice of "engaging in sting operations where undercover agents provided individuals with the opportunity to rob drug stash houses that did not exist." *United States v. Conley*, No. 11 CR 0779-6, 2021 WL 825669, at *1 (N.D. Ill. Mar. 4, 2021); *United States v. Logan*, No. 07 CR 270-2, 2023 WL 2771165 (Apr. 4, 2023); *United States v. Spagnola*, No. 07 CR 441-2, 2023 WL 5004396 (N.D. Ill. June 22, 2023). The fake stash house stings later ceased after wide condemnation, prosecutors dismissed many cases related to fake

stash house sings, and the U.S. Attorney's Office in the Northern District of Illinois stopped prosecuting these cases. *Logan*, <u>2023 WL 2771165</u>, at *2.

The *Conley* and *Logan* courts' decisions that the defendants' sentences were disproportionate from those of defendants who pleaded guilty was driven by the "inherent unfairness and injustice" of fake stash house stings, which "tied . . . the Court's hands" as to sentencing guidelines based on the amount of drugs "the government arbitrarily decided was in the fake stash house." *Conley*, <u>2021 WL 825669</u>, at *4; *Logan*, <u>2023 WL 2771165</u>, at *4 (finding disparity related to the defendant's "continued incarceration for crimes that the government later deliberately ceased to prosecute"); *Spagnola*, <u>2023 WL 5004396</u>, at *3 ("The context of [the defendant's] conviction prior to the government's discontinuation of stash house operations is what warrants compassionate release.").

Although Defendant continues to protest the circumstances of the charges in his case, *see supra* note 2, the fake stash house stings described in these three cases in which compassionate release was granted—which again involved active recruitment of defendants by undercover agents—are a far cry from Defendant's voluntary and unaided participation in his crimes. Defendant was actively involved in his crimes; indeed, Defendant received a two-level increase under <u>U.S.S.G. § 3B1.1(c)</u> for his leadership role, PSR at 34, and was considered the organizer and leader of much of the Outlaws' unlawful activity, including the murder of Donald Wagner charged in racketeering Act 2, *id.* at 1, 34.

For this reason, the non-"fake stash house sting" cases that Defendant points to are also distinguishable. <u>ECF No. 2368 at 22</u> (citing *United States v. Ward*, No. 09 CR 687-3, <u>2023 WL 5004408</u>, at *2 (N.D. Ill. June 22, 2023) ("Several federal courts, including this one, have considered

sentencing disparities both within and outside of the stash house context when granting compassionate release.") (collecting cases). For example, in *Liscano*, cited in *Ward*, the court was persuaded to consider a disparity as extraordinary and compelling when the defendant "was among the least culpable members" of the charged conspiracy. 2021 WL 4413320, at *7. Defendant also cites, ECF No. 2356 at 35–36, two cases where, again, the defendant who had been "charged with and convicted of a substantially *smaller* amount of charges" received disparity consideration. *United States v. Ferguson*, 536 F. Supp. 3d 139, 143 (E.D. Mich. Apr. 29, 2021) (emphasis added); *United States v. Sparkman*, No. 09-cr-0332-07, 2020 WL 6781793, at *9 (N.D. Ill. Nov. 18, 2020) (disparity found because the defendant "received the same sentence as . . . the criminal mastermind"). That is simply not the case here. Further, *McCoy*, also cited in *Ward*, is *legally* distinguishable on the basis that, contrary to the Court's findings above and Seventh Circuit precedent, the court found that changes in the law that produce disparities are extraordinary and compelling. 981 F.3d at 281.

While the co-defendant's plea agreement also indicates that he had a leadership role in the Outlaws, *see, e.g.*, ECF No. 2170 at 2, there is no indication from the charges attributed to both Defendant and the co-defendant, or the evidence adduced against Defendant at trial, that he was less culpable than the co-defendant. Defendant asserts in the instant compassionate release proceedings that he was also extended a plea offer, but he chose not to take it and to go to trial. ECF No. 2285 at 20–22. There is nothing extraordinary or compelling about the subsequent difference in sentences imposed upon Defendant and his co-defendant under these circumstances. Defendant further takes issue with his co-defendant's absence at his trial, as well as his co-defendant's easier conditions of

confinement. As to the former, this is an argument appropriate for direct appeal, not compassionate release, and as to the latter, sealed filings on the docket indicate that the co-defendant suffered from a heart condition at the time of sentencing, which may have affected his BOP placement. *See Williams*, 65 F.4th at 347 (quoting *Brock*, 39 F.4th at 465); *see also* ECF No. 2167. Matters of BOP inmate classification are within the BOP's, not the Court's, province.

Next, Defendant raises his age and medical conditions under § 1B1.13(b)(2), ECF No. 2356 at 7, and his institutional conditions under § 1B1.13(b)(5), *id.* at 21. The Court also considers Defendant's medical conditions under § 1B1.13(b)(1)(B) and (C), and it also considers Defendant's allegations regarding his physical attacks under § 1B1.13(b)(4)(B).

With respect to the attacks, under § 1B1.13(b)(4)(B), physical abuse directed by a BOP employee—as Defendant alleges here—is an extraordinary and compelling basis for compassionate release. However, such misconduct must be established by "a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." § 1B1.13(b)(4)(B). Defendant has moved in connection with his compassionate release proceedings to compel the BOP to disclose surveillance video of the attacks, ECF No. 2317, and he has also submitted correspondence that he sent to the United States Attorney's Office seeking the video surveillance and 27 pages of documents in the administrative file that are being withheld from him, ECF No. 2368-1 at 4 and ECF No. 2285-1 at 60. He suggests that he cannot offer the proof required under § 1B1.13(b)(4)(B) absent this evidence. ECF No. 2368 at 9.

Defendant does not cite any authority permitting discovery in connection with compassionate release proceedings. The Court's research has not turned up any authority. For example, even litigants under § 2255 are "not entitled to discovery as a matter of course," and litigants in compassionate release proceedings are "even further removed" from that scenario. *United States v. Nesbit*, No. 3L15-cr-52, 2022 WL 15522990, at *3–4 (N.D. Ohio) (quoting *United States v. Atkin*, 80 F. Supp. 2d 779, 785 (N.D. Ohio 2000)); *cf. United States v. Edwards*, No. 3:14-CR-30173-NJR-3, 2019 WL 5555559, at *2 (S.D. Ill. Oct. 28, 2019) ("[The defendant] cites to no statute or other authority that would require the Court or the Government to turn over such evidence *after* he has pleaded guilty, been sentenced, and his appeal denied [in his criminal case]."). The cases that Defendant cites to support his discovery request were filed as civil cases under 28 U.S.C. § 2241 or the Freedom of Information Act and are thus inapposite. ECF No. 2368 at 11–12 (citing *Smith v. True*, No. 18-cv-1158-NJR, 2020 WL 5370054 (S.D. Ill. Sept. 8, 2020) and *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578 (D.C. Cir. 2020)).[13]

The lack of authority in this area makes sense because arguments regarding prison conditions generally must be litigated under 42 U.S.C. § 1983, where discovery is authorized under the Federal Rules of Civil Procedure. *See, e.g., United States v. Scott*, 850 F. App'x 449, 452 (7th Cir. 2021). However, conditions at an institution may be raised on compassionate release where the defendant "connect[s] [them] to his

_____

[13]To the extent Defendant suggests that the video surveillance is relevant to the Court's consideration of the § 3553(a) factors or for resentencing purposes, the Court concludes in this Section that Defendant has not established an extraordinary and compelling basis for release and proceeds to consider the § 3553(a) factors only in the alternative. ECF No. 2368 at 12 (citing *Koon v. United States*, 518 U.S. 81, 112 (1996)). Thus, the argument is unavailing.

specific circumstances." *United States v. Quinones-Quinones*, No. 20-CR-30-1-JPS, 2023 WL 6201464, at *3 (E.D. Wis. Sept. 22, 2023) (quoting *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021)); *but see United States v. Cockerell*, No. 4:15-cr-00028, 2024 WL 1741751, at *3 (S.D. Ind. Apr. 22, 2024) ("Allegations that the BOP has failed to provide protection from COVID-19 and subjected him to inadequate conditions thereby violating [the inmate's] constitutional rights might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A).") (citing *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022)).

Defendant has certainly connected most of his institutional concerns to his specific circumstances, and thus the Court will consider his arguments. However, the Court finds no authority for the proposition that it may compel the BOP to produce records in connection with compassionate release proceedings, and it will therefore deny Defendant's motion to compel. ECF No. 2317. Without proof of a finding of misconduct by one of the bodies set forth in § 1B1.13(b)(4), Defendant's attacks do not rise to the level of extraordinary and compelling under that subsection.

The Court, nonetheless, will consider the attacks under § 1B1.13(b)(5), and in combination with Defendant's arguments regarding his age, other institutional concerns, and medical conditions. Under § 1B1.13(b)(2), Defendant meets subsections (A) and (C). Specifically, he is at least 65 years old and he has served at least 10 years of his sentence. However, under subpart (B) of that subsection, and under § 1B1.13(b)(1)(B) and (C), he has not established that he is suffering from a serious physical or medical condition, deteriorating physical or mental health because of the

aging process, or a medical condition that requires long-term or specialized medical care that is not being provided.

Defendant cites dozens of cases across over 150 pages of briefing where courts have found medical and institutional conditions similar to his extraordinary and compelling. *See generally* ECF Nos. 2285, 2356, 2368; <u>ECF No. 2356-1 at 45</u>–60, 62–67. But for as many cases as there are supporting Defendant's position, there are just as many holding that similar—and worse—medical and institutional conditions are not extraordinary and compelling. *See, e.g.*, *United States v. Bright*, No. CR 2000-0004, <u>2020 WL 4495271</u>, at *3 (D.V.I. Aug. 4, 2020) (cerebral artery stroke and hemorrhagic stroke not extraordinary and compelling because not terminal or deteriorating); *United States v. Brinson*, No. CR 15-87, <u>2020 WL 4736258</u>, at *3 (W.D. Pa. Aug. 14, 2020) (paralysis and missing portion of lung not extraordinary and compelling because appropriate treatment has been administered and the defendant had no current resulting health issues); *United States v. Savage*, No. 1:01-CR-64, <u>2024 WL 1913166</u>, at *1 (N.D. W. Va. Ap<u>r. 30, 2024)</u> (brain injury requiring craniotomy from being "stabbed, beaten, and thrown from the second-floor tier of the federal housing unit," followed by subsequent attack nine years later, not extraordinary and compelling where the conditions "are not terminal" and the institution "is providing adequate care").

The Court thus largely makes its determination based on a review of the objective record before it: Defendant's most recent medical records, which provide telling context for his concerns about the attacks, medical conditions, and other institutional issues. ECF Nos. 2362-1, 2362-2. August 2023 records indicate that Defendant's BCC was removed from his face in approximately June 2023. <u>ECF No. 2362-1 at 5</u>. The lesion that was removed

was determined to be "actinic keratosis," not BCC, though it was deemed pre-cancerous. *Id.* at 5, 87, 89. In August 2023, health services ordered a dermatology consultation for another lesion that had grown on Defendant's left cheek that Defendant also believed was BCC. *Id.* at 7. "Presumably, if [Defendant's] doctors had found . . . cancer in the past year, or prescribed a course of radiation or chemotherapy, [he] would have alerted the Court." *United States v. Coletti*, No. 1:14-CR-00326-2, 2021 WL 5833999, at *5 (N.D. Ill. Dec. 9, 2021) (follow-up monitoring by dermatologist is "modest level of follow-up care that the BOP should be able to provide").

In September 2023, when Defendant raised complaints related to his left Achilles rupture in 2000, his request for soft shoes was granted. ECF No. 2362-1 at 4. Defendant has frequently raised knee pain to health services, but he had a normal x-ray in May 2023. *Id.* at 5, 9, 92. He requested an MRI on his knee in August 2023, which he was given in December 2023. *Id.* at 1, 7. Defendant has reported cholesterol issues, but they are treated with medication. *Id.* at 13; ECF No. 2362-2 at 8, 19. He has had several appointments where he did not report blurred vision, headaches, coughing, neck problems, or an abnormal gait. ECF No. 2361-1 at 13, 14, 30, 36. Other records list dizziness and headaches as conditions in "[r]emission." *Id.* at 41. At one point, Defendant reported daily headaches, but noted that medication was "helping his headaches," despite his "noncompliant pill line attendance." ECF No. 2362-2 at 8. Health services counseled Defendant that his medication could be discontinued if he had "subsequent reports . . . of . . . lack of pill line attendance." *Id.* Defendant later requested to stop his medication because he did not want to go to the pill line during "si[]ck months." *Id.* at 1. In June 2022, Defendant reported with intermittent but intense headaches and vertigo, but noted that the vertigo had resolved. ECF

. He also attributed a bout of vertigo from January 2022 partially to having had COVID-19 at the time. *Id.* at 20. Defendant received a nuclear stress test in September 2021, which showed normal findings. *Id.*

Older records within the subset produced to the Court indicate that, as Defendant pleads, he has suffered from knee pain, dizziness, and face, scalp, and neck contusions around the times that he was attacked, and that he suffered a left inguinal hernia in 2007 from coughing. ECF No. 2361-1 at 57–58; ECF No. 2362-2 at 55–59; ECF No. 2285-1 at 52–56, 77–86. The Court has further reviewed the record of Defendant's March 2023 visit with the physician assistant, where he contends that he was diagnosed with BCC and informed that he had crushed vertebrae in his neck. The record confirms that the physician assistant did indeed state at that time that Defendant had BCC, ECF No. 2362-1 at 23, however, there are no notes about crushed vertebrae, *id.* at 22–24. The physician assistant noted a history of subarachnoid hemorrhage from the attack in 2012 and "balance concerns," but wrote that it was "[r]esolved [in] 2012." *Id.* at 23.

The Court does not doubt the severity of the attacks or Defendant's pain from the attacks. However, Defendant's medical records demonstrate that Defendant does not often report ongoing symptoms from the attacks and, when he does, he is administered tests and/or treatments. Defendant received medication that he reported aided his headaches, but his own nonattendance at the pill line affected his receipt of that medication. While Defendant complains that the BOP delays his treatments, the BOP cannot delay administering treatment for a condition that has not been reported to it, nor can it be faulted for administering treatment that Defendant does not accept. From the record before the Court, the BOP is capable of—and does—manage any ongoing *reported* symptoms from the attacks. *See United*

*States v. Lee*, No. 21-CR-00070-DMS-1, 2023 WL 7137350, at *2 (S.D. Cal. Oct. 30, 2023) (holding, in response to contention that "short staffing" has caused failure to properly treat medical conditions, that "[u]pon reviewing the Defendant's lengthy medical records submitted by the government, the Court finds that Defendant is being treated for his condition"). And Defendant's non-attack related medical conditions, as he reports them to the BOP, are neither serious, deteriorating, nor being left untreated.

Nor has the COVID-19 pandemic contributed to Defendant's medical and institutional concerns such that he is unable to provide self-care or protect himself from illness. It is true that the outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g., United States v. Gonzales*, No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Still though, the Seventh Circuit has instructed district courts to take a deeper dive. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (explaining that vaccination is not per se a reason to deny compassionate release on the basis of COVID-19, particularly given recent Omicron variant that has increased "breakthrough infections among the fully vaccinated").

An individualized look at Defendant's case instructs that compassionate release is not appropriate on this basis. Defendant has contracted COVID-19 at least three times—and possibly one additional time—including after being vaccinated. Thus, he appears to be susceptible to breakthrough infections. However, Defendant's medical records and self-reported lack of symptoms indicate that even having suffered a breakthrough infection did not place him "at serious risk" of complication from COVID-19. *United States v. Moran*, No. 3:14-CR-30 JD, 2023 WL

3033447, at *2 (N.D. Ind. Apr. 21, 2023). Further, the World Health Organization has declared that the COVID-19 pandemic is now over,[14] and there are currently no active inmate cases of COVID-19 at FCI Pekin, where Defendant is housed.[15]

Defendant raises inadequate vaccination rates by BOP staff, poor quarantine protocols, and the higher risk of contracting COVID-19 in the prison setting. However, unlike many of his institutional concerns, he does not connect these issues to "his situation [in a manner to show that it is] extraordinary as compared to other inmates," particularly given that he has not suffered serious complications from breakthrough infections. *Cockrell*, 2024 WL 1741751, at *3 (citing *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic)).

Defendant contends that his sentence disparity with his co-defendant, substantial term of imprisonment, and medical and institutional conditions are made worse in combination with BOP staffing shortages, repeated institutional transfers, security concerns, and disinformation stemming from the media and his PSR. However, none of these additional factors push Defendant's arguments over the edge. In other words, even a review of the combination of all these factors does not render Defendant's circumstances extraordinary and compelling. First, many courts have

---

[14] Smitha Mundasad, et al., *Covid Global Health Emergency Is Over, WHO Says* (May 5, 2023), *available at* https://perma.cc/G93Z-XR4P (last visited May 23, 2024).

[15] Federal Bureau of Prisons, *Inmate COVID-19 Data*, *available at* https://perma.cc/5DST-AJMZ (last visited May 23, 2024).

found that safety or security fears—including of attack—are not extraordinary and compelling bases for release. *See Savage*, 2024 WL 1913166, at *4 (collecting cases).

Second, a lack of adequate staffing, even if that heightens an individual defendant's fear of being attacked or affects his ability to quarantine if he contracts a disease, is not "similar in gravity" to the other extraordinary and compelling reasons enunciated in § 1B1.13, particularly where, as here, Defendant has not offered the required proof of BOP involvement in his attacks. *See* § 1B1.13(b)(5); *United States v. Feliz*, No. 16 CR. 809 (VM), 2023 WL 8275897, at *6 (S.D.N.Y. Nov. 30, 2023) ("The extraordinary and compelling reasons listed in the Policy Statement speak of terminal illnesses, serious and chronic medical conditions, serious deterioration in physical or mental health due to aging, death or incapacitation of immediate family members, and sexual abuse or serious bodily injury committed by the BOP or its agents . . . [Defendant] has not established that alleged staffing shortages or other harsh conditions at FCI Ray Brook are 'similar in gravity' to such circumstances." (citing § 1B1.13)). The same is true for repeated institutional transfers, particularly where the transfers are due to a facility's security level changing. Again, the Court has no control over BOP placements, but routine prison operations are not extraordinary and compelling. *See McCall*, 56 F.4th at 1055 (citing *Wills*, 997 F.3d at 688 (what is "ordinary" cannot also be "extraordinary").

Third, and finally, the Court turns to Defendant's assertions regarding the Government's alleged spread of disinformation to the media and alleged errors in his PSR. Initially, the Court sets aside any arguments regarding the murder of Donald Wagner as charged and proven in racketeering Act 2, and as summarized in Defendant's letter to Probation.

The facts subject to racketeering Act 2 were proven at trial, Defendant objected to the PSR at the time of sentencing, Probation submitted an addendum addressing the objections, and the Court adjudicated the objections. ECF No. 2356-1 at 25; PSR at 1–14; *see also* ECF No. 1736 at 4 (noting Court's statement at sentencing that "really no facts in the PSR . . . cannot be confirmed by evidence"); *Warneke*, 310 F.3d at 545 (holding, on Defendant's direct appeal, that "[t]he evidence against [Defendant] is overwhelming, and we do not discuss individual challenges to its sufficiency"). Defendant's challenges to, and relitigation of, those facts are inappropriate in a compassionate release proceeding, both on the extraordinary and compelling prong and the § 3553(a) prong.

As the Second Circuit put it, in response to a defendant's argument on compassionate release that the court should consider the defendant's new evidence and question "the legitimacy of [his] convictions and the accuracy of the . . . PSR,"

> Section 3582(c)(1)(A) directs courts to "consider[ ] the factors set forth in section 3553(a)." Section 3553 in turn provides "[f]actors to be considered *in imposing a sentence*." 18 U.S.C. § 3553(a) (emphasis added). To impose a sentence, there must necessarily be a valid conviction. If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582. Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255. Other courts have reached the same conclusion. *See e.g.*, *United States v. Bard*, No. 21-3265, 2022 WL 843485, at *2 (3d Cir. March 22, 2022) (unpublished per

curiam); *United States v. Miller*, 855 F. App'x 949, 950 (5th Cir. 2021) (unpublished per curiam).

*United States v. Amato*, 48 F.4th 61, 64–65 (2d Cir. 2022) (footnote omitted). The Second Circuit also rejected the defendant's argument that the new evidence may be considered under the "district court's broad discretion 'to consider the full slate of extraordinary and compelling reasons' that may warrant an imprisoned person's release." *Id.* at 65–66 (quoting *Brooker*, 976 F.2d at 237). Thus, nothing in the amended policy statement alters this conclusion. And given the Seventh Circuit's precedent on the matter of using compassionate release to circumvent the direct appeal or collateral review processes, *see supra* sources cited in Section 5.1.1.1, the Court has little doubt that the Seventh Circuit would concur.

With respect to the Gauger murders, although Defendant was not charged to be involved with that act, ECF No. 793 at 19–20, the information was properly included in the PSR and considered as relevant conduct under U.S.S.G. § 1B1.3. *See United States v. Morales*, 655 F.3d 608, 638 (7th Cir. 2011) ("As discussed in our analysis of [the co-defendant's] sentence above, the district court must consider conduct relevant to the charged offense when calculating the guidelines-recommended sentence range . . . The reasonably foreseeable actions of the other [gang members] in the racketeering conspiracy can be attributed to [the defendant] for the purposes of sentencing.") (citing U.S.S.G. § 1B1.3 and *United States v. Quintero*, 618 F.3d 746, 755 (7th Cir. 2010)).

The case that Defendant cites to support his argument that the inclusion of this information has made his time in prison more difficult involved a sex offender misclassification based on the PSR. ECF Nos. 2285 at 53 n.29 and 2356 at 22 n.11 (citing *United States v. Fields*, 554 F. Supp. 3d

Case 2:97-cr-00098-JPS   Document 2376   Filed 06/05/24   Page 62 of 71   Document 2380

324, 332 (D.N.H. 2021)). The Court found the misclassification error akin to a sentencing error. *Fields*, 554 F. Supp. 2d at 336 ("[M]any courts have found that sentencing errors constitute an extraordinary and compelling reason for early release.") (collecting cases). Here, there was no such sentencing error. And to the extent Defendant suggests that the inclusion of this information in the PSR, and the Government's alleged spread of this information to the media, is what has driven his attacks, again, fear of attacks is not extraordinary and compelling.

Thus, on balance and for all these reasons, Defendant's proffered bases for release, either alone or in combination, are not extraordinary and compelling.

### 5.2    The § 3553(a) Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting his release, the Court is not required to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a)." (emphasis added)). However, even if Defendant had demonstrated an extraordinary and compelling reason, the Court's application of the sentencing factors to Defendant strongly counsel against his early release.

At the time of his sentence, the total life sentence that the Court imposed was clearly supported by all of the relevant § 3553(a) factors: (1) the nature and circumstances of the offense, and the history and characteristics of Defendant; (2) the need for the sentence imposed to provide just punishment, deterrence, protection of the public, and

correctional treatment; (3) the kinds of sentences available; (4) the sentencing guideline range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense.

Defendant raises several arguments that go towards the § 3553(a) factors, thus allowing the Court to consider not only the circumstances at the time of the original offense, but also post-conviction developments. First, he asserts that the BOP has calculated his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score "to the lowest level possible," with an "Overall Male PATTERN Risk Level of Minimum." ECF No. 2285 at 34–36 (citing ECF No. 2285-1 at 72–75); ECF No. 2356 at 55 (noting that Defendant has maintained a "Minimum PATTERN score after eight consecutive reassessments").

Defendant argues that "PATTERN is interrelated to an inmate's rehabilitation efforts and prison disciplinary issues," and his "Minimum" score indicates that he "no longer presents the significant risk of danger that his offense suggests." ECF No. 2285 at 36 (quoting *United States v. Greene*, 516 F. Supp. 3d 1, 25 (D.D.C. 2021)). Defendant also contends that remaining in prison "may even adversely affect [his] marked rehabilitation." *Id.* at 36–37 (quoting *United States v. Ezell*, 518 F. Supp. 3d 851, 862 (E.D. Pa. 2021) and citing *United States v. Briggs*, 524 F. Supp. 3d 419, 429 (E.D. Pa. 2021)). Further, Defendant's age may suggest a lower likelihood to recidivate. *Id.* at 37 (citing *United States v. Presley*, 790 F.3d 699, 702 (7th Cir. 2015) and Daniel O'Conner et al., *Violent Offending, Desistance, and Recidivism*, 103 MARQ. L. REV. 983, 1004 (2020)).

Next, Defendant explains several positive developments in his life in the time since the Court's sentence. Throughout his imprisonment, Defendant has "dedicated much of his time studying and learning specific areas of federal criminal and civil law." *Id.* at 40. This has required "original thinking, painstaking networking, resilience, a strong sense of responsibility, as well as great intellectual and emotional energy to effect significant change." *Id.* at 41. He has shared his skills with "numerous inmates," teaching them how to use LexisNexis, prepare non-frivolous court filings, correspond with attorneys, pursue medical treatment through the administrative process, and the like. *Id.* at 41–42. This process has "taught [Defendant] how to make better decisions in life far beyond any schooling he has previously taken," and enabled him to "abandon[] many self-destructive thinking patterns . . . and replac[e] them with more adaptive and healthy ones." *Id.* at 42.

Defendant has also completed many institutional programs, particularly after arriving at USP Atwater in 2013. *Id.* at 43. At that time, Defendant became involved with programming through Psychology Services and Education. *Id.* He completed the Breaking the Cycle, Release Preparation Program, and the Non-Residential Drug Abuser Program. *Id.* at 43–44. The program provider commented that Defendant brings a "mature and prosocial perspective," "has personal goals he is working on," "focus[es] on positive activities," "demonstrates a positive attitude," and "would be a productive member of society." *Id.* at 44 (quoting ECF No. 2285-1 at 104–05). He also completed a Cultural Studies program, an eight-week program on Carrying on With a Life Sentence, a five-session anger management program, and an Optimizing Brain Fitness and Lifelong Health program. *Id.* at 44–45 (citing ECF No. 2285-1 at 109, 111, 113). After

completing these programs at USP Atwater, Defendant's custody level was lowered to medium, and he was transferred to FCI Oxford in 2016. *Id.* at 45.

At FCI Oxford, Defendant enrolled in a four-month program titled 17 Key Principles to Success, and he also completed the Positive Attitude Development program. *Id.* at 46 (citing ECF No. 2285-1 at 118, 121). Defendant also became a facilitator for the Maintaining a Positive Sense of Self program to "address aftercare for like-minded individuals to stay focused on their positive outlook and not drift back to their old ways of thinking." *Id.* at 46 (citing ECF No. 2285-1 at 123). Between 2019 and 2023, Defendant completed dozens of additional mental health and responsibility programs. *Id.* at 47–48 (citing ECF No. 2285-1 at 126–44); ECF No. 2356 at 56 (citing ECF No. 2356-1 at 74–81).

Defendant next raises examples of having risked his well-being to help his fellow inmates and give back to his community. ECF No. 2285 at 50; *see also supra* note 3. For example, one of Defendant's passions has been to aid inmates with "[m]aterially false or misleading information added to plea agreements and presentence reports" with legal support in order to protect them from violence. *Id.* at 52–53 & n.29. Inmates that Defendant has assisted view him as a "mentor, protector, and almost surrogate father." *Id.* at 53–54 (citing and quoting ECF No. 2285-1 at 153, 160).

Defendant also points to his lack of disciplinary history while incarcerated. *Id.* at 54. At the time that he filed his original motion, he had been imprisoned for 25 years and had incurred only two incident reports. *Id.* As context for these reports, Defendant explains that due to his life sentence, he has spent most of his sentence at federal USPs, which have a higher frequency and level of violence. *Id.* at 54–55. During this time, he has not used alcohol, drugs, or tobacco, nor has he used or possessed a weapon.

Case 2:97-cr-00098-JPS Document 2376 Filed 05/23/24 Page 66 of 71 Document 2380

*Id.* at 56. The first incident report occurred in December 2010 while Defendant was housed at USP Hazelton. *Id.* Defendant tried to mediate a confrontation between two other inmates. *Id.* Both were intoxicated and Defendant believed they possibly had homemade weapons, so he defended himself. *Id.* The other incident report occurred in 2018 while Defendant was at FCI Oxford and involved allowing another inmate's wife to make transfers from Defendant's inmate account for newsletters and legal magazines. *Id.* at 57. When the BOP calculated his minimum PATTERN score, it referenced these incidents as "*de minimis.*" *Id.* at 58 (citing ECF No. 2285-1 at 72–75).

Defendant next states that he has fully paid off his special assessment and restitution, and that he is working towards paying off his fine. *Id.* at 59. Finally, Defendant explains the support he receives from his family and friends and his proposed release plan. *Id.* at 60. He has strong familial support and, if released, would reside with either his mother or sister in North Carolina. *Id.* at 60 (citing ECF No. 2285-1 at 151–58).

With respect to uniformity, Defendant points to the United States Sentencing Commission's statistics as to the average sentence imposed in 2021 involving murder, *see supra* Section 4.4, and he provides two lengthy compilations of cases where courts have granted compassionate release or reduced sentences in cases involving murder or other violent offenses. ECF No. 2356 at 42 (citing ECF No. 2356-1 at 45–60); ECF No. 2356-1 at 62–67. Defendant also asserts that the "significant stretch of time" that he has served reflects the seriousness of his offense and provides just punishment, particularly when juxtaposed with his co-defendant's 15-year sentence. ECF No. 2356 at 43; *id.* at 32 n.16 (citing *United States v. Russo,* 643 F. Supp. 3d 325, 335 (E.D.N.Y. 2022) ("[T]he same sentencing disparities between

defendants who chose to exercise their constitutional right to trial and those who took plea deals—even though they were also indicted on murder charges—is not only is a factor worthy of consideration as an extraordinary circumstance, but also is a powerful § 3553(a) factor.")). To hold otherwise, Defendant argues, "might signal to other criminals that if they run far enough and fast enough for long enough, they may have the opportunity to ultimately serve a *shorter* sentence." *Id.* at 43–44 (quoting *United States v. Hallahan*, No. 1:12-CR-10054, 2020 WL 4193112, at *4 (C.D. Ill. July 21, 2020)).

The Court has considered all of Defendant's legal arguments and positive developments and commends him for the same. His briefing is well researched, developed, and thought out, and it is clear that he has been using his time in prison productively. However, the severity of Defendant's crimes overwhelms the analysis in this case.

Defendant served as the president of his chapter of the Outlaws. PSR at 5.[16] He led the Outlaws in a years-long war with rival motorcycle gangs, which was fueled purely by jealous rivalry. *Id.* at 5–6. Much of his conduct involved organizing and directing fellow Outlaws to act. For example, he worked with a co-defendant to transport a homemade bomb in a fire extinguisher to target the rival Hell's Henchmen gang. *Id.* at 6. When the bomb detonated, three police officers were sent to the hospital, and one suffered permanent hearing loss. *Id.* Defendant received insignia for this act to represent his commission of violence on behalf of the Outlaws. *Id.* at 5, 6. Defendant directed and orchestrated the murder of Donald Wagner over a load of marijuana. *Id.* at 6–7. Defendant supervised and directed the placement of a bomb on a truck belonging to a member of the rival Hell's

---

[16] *See supra* Section 5.1.2 regarding the propriety of considering the facts set forth in the PSR with the § 3553(a) factors on compassionate release.

Angels gang. *Id.* at 9. Defendant delivered orders to other Outlaws, who had been provided with an AK-47 assault rifle, to shoot a lead motorcycle rider of the Hell's Henchmen while they were on a motorcycle "run," with the hope of setting off "a chain reaction," ostensibly of harm to other bikers in the pack. *Id.* at 10.

Defendant provided other Outlaws members with a map identifying the motorcycle shop of a member of the Hell's Henchmen and instructed them to kill him. *Id.* at 11–12. The murder took place as scheduled. *Id.* at 12. Defendant organized a crew of Outlaws to travel to Buffalo, New York while heavily armed to engage in a confrontation with members of the Hell's Angels. *Id.* at 13. Defendant supervised the truck bombing of a Hell's Henchmen member, which caused permanent injuries to that individual's legs. *Id.* at 14. Defendant supervised a bombing of the Hell's Henchmen/Hell's Angels Chicago clubhouse. *Id.* Defendant provided a vehicle for a drive-by shooting of a Chicago Hell's Henchmen member and then undertook disposal of the vehicle. *Id.* at 15. Defendant planned a murder of a Chicago Hell's Henchmen member who was believed to have initiated a fire at an Outlaws clubhouse. *Id.* at 16. The list only goes on.

Throughout his time with the Outlaws, Defendant made it known to fellow Outlaws, rival gang members, and unassuming members of the public alike that they best not question his directives or his loyalty to the Outlaws. In the nearly 37 years that this judge has been on the bench, Defendant's conduct remains among the most serious, violent, and pervasive that the Court has seen. While, as noted, Defendant has used his time in prison productively and worked towards rehabilitation, he continues to challenge the jury's determination of his level of involvement in these offenses, as evidenced throughout these compassionate release

proceedings. Mounting a robust defense is one thing, and Defendant was and is entitled to do so—and has—but repeatedly challenging factual issues that have long been decided by the jury, on direct appeal, on collateral review, and in ancillary Freedom of Information Act litigation, is another altogether. Defendant's eagerness to blame anyone but himself suggests that his rehabilitation may still be ongoing.

As to uniformity, the Court has denied the compassionate release motions of all of Defendant's co-defendants with life sentences, and the same result is compelled here. ECF Nos. 2276, 2299, 2330. The community's healing requires time and adequately served punishment. Perhaps this case will one day be ripe for compassionate release, but 27 years served is not yet sufficient time for the community's hurt from Defendant's actions to be healed by his punishment. Thus, the § 3553(a) factors strongly counsel against Defendant's early release.

## 6.    CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion and supplemental motion for compassionate release. ECF Nos. 2285, 2356. It also denies Defendant's motion to compel the BOP to release surveillance video, ECF No. 2317, but grants Defendant's motion for judicial notice, ECF No. 2323. The Court grants Defendant's motions to restrict, and it grants the Government's motions to seal, as modified such that the subject documents are restricted from the public's view rather than sealed.

Accordingly,

**IT IS ORDERED** that Defendant Kevin P. O'Neill's motions to restrict access, ECF Nos. 2316, 2324, 2331, 2337, 2355, 2363, 2367, be and the same are hereby **GRANTED**; the documents docketed at ECF Nos. 2317,

2323, 2332, 2338, 2356, 2364, and 2368 shall remain in restricted form until further order of the Court;

IT IS FURTHER ORDERED that the Government's motions to seal, ECF Nos. 2339, 2361, be and the same are hereby **GRANTED as modified**; the documents docketed at ECF Nos. 2340 and 2362 shall remain in restricted form until further order of the Court;

IT IS FURTHER ORDERED that Defendant Kevin P. O'Neill's motion for judicial notice, ECF No. 2323, be and the same is hereby **GRANTED**;

IT IS FURTHER ORDERED that Defendant Kevin P. O'Neill's motion to compel the Bureau of Prisons to release surveillance video, ECF No. 2317, be and the same is hereby **DENIED**; and

IT IS FURTHER ORDERED that Defendant Kevin P. O'Neill's motion for compassionate release, ECF No. 2285, and supplemental motion for compassionate release, ECF No. 2356, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge